UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TENNESSEE GAS PIPELINE COMPANY,

                              Plaintiff,

vs.

1. NEW ENGLAND POWER COMPANY and
APPROXIMATELY 3.45 ACRES of PERMANENT
EASEMENT, 2.79 ACRES of TEMPORARY WORK
SPACE, and 0.32 ACRES of ADDITIONAL
TEMPORARY WORK SPACE; and potentially
interested parties, COLONIAL BEACON OIL
COMPANY, and NEW ENGLAND POWER COMPANY
successor to New England Power Engineering & Service
Corporation;

2. MASSACHUSETTS ELECTRIC COMPANY and
APPROXIMATELY 0.20 ACRES of PERMANENT
EASEMENT and 0.10 ACRES of TEMPORARY
WORK SPACE; and potentially interested party, NEW
ENGLAND POWER COMPANY;

3. ELLEN A. SEXTON and APPROXIMATELY 0.20
ACRES of PERMANENT EASEMENT and 0.23
ACRES of TEMPORARY WORK SPACE; and potentially
interested parties, NEW ENGLAND POWER
COMPANY, NEW ENGLAND TELEPHONE and
TELEGRAPH COMPANY, MASSACHUSETTS
ELECTRIC COMPANY, and the TOWN OF
TEWKSBURY;

4. DONALD C. and DONNA J. POWER and
APPROXIMATELY 0.09 ACRES of PERMANENT
EASEMENT and 0.08 ACRES of TEMPORARY WORK
SPACE; and potentially interested parties,
USAA FEDERAL SAVINGS BANK, NEW ENGLAND
POWER COMPANY, NEW ENGLAND TELEPHONE
and TELEGRAPH COMPANY, MASSACHUSETTS
ELECTRIC COMPANY, and the TOWN OF
TEWKSBURY;

FILED
IN CLERKS OFFICE

2005 FEB 11 A 11: 09

U.S. DISTRICT COURT
DISTRICT OF MASS.

05 cv 10284 MEL

RECEIPT # 62060
AMOUNT $ 950.00
SUMMONS ISSUED 16
LOCAL RULE 4.1 —
WAIVER FORM —
MCF ISSUED —
BY DPTY. CLK. M.P.
DATE 2/11/05

MAGISTRATE JUDGE _____

#2405907

5.  THOMAS J. and ELIZABETH M. KACHORIS and
APPROXIMATELY 0.07 ACRES of PERMANENT
EASEMENT and 0.09 ACRES of TEMPORARY WORK
SPACE; and potentially interested parties, BANK of
AMERICA, successor to BayBank, N.A., NEW
ENGLAND POWER COMPANY, NEW ENGLAND
TELEPHONE and TELEGRAPH COMPANY,
MASSACHUSETTS ELECTRIC COMPANY, and the
TOWN OF TEWKSBURY;

6.  EUSTACHIO P. SIMEONE and APPROXIMATELY
0.05 ACRES of PERMANENT EASEMENT and 0.06
ACRES of TEMPORARY WORK SPACE; and
potentially interested parties, GMAC MORTGAGE
CORPORATION, NEW ENGLAND POWER
COMPANY, NEW ENGLAND TELEPHONE
and TELEGRAPH COMPANY, MASSACHUSETTS
ELECTRIC COMPANY, and the TOWN OF
TEWKSBURY;

7.  BRIAN and ALLYSON GANGEMI and
APPROXIMATELY 0.03 ACRES of PERMANENT
EASEMENT and 0.04 ACRES of TEMPORARY
WORK SPACE; and potentially interested parties,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. on behalf of Drew Mortgage
Associates, Inc. and/or Ohio Savings Bank, NEW
ENGLAND POWER COMPANY, NEW ENGLAND
TELEPHONE and TELEGRAPH COMPANY,
MASSACHUSETTS ELECTRIC COMPANY,
and the TOWN OF TEWKSBURY;

8.  ELIZABETH A. KELLY and APPROXIMATELY
0.08 ACRES of PERMANENT EASEMENT, 0.08
ACRES of TEMPORARY WORK SPACE; and 0.07
ACRES OF ADDITIONAL TEMPORARY
WORKSPACE; and potentially interested parties,
MORTGAGE MASTER, INC., BANKNORTH
N.A., NEW ENGLAND POWER COMPANY,
NEW ENGLAND TELEPHONE and TELEGRAPH
COMPANY, MASSACHUSETTS ELECTRIC
COMPANY, and the TOWN OF TEWKSBURY;

9. ARMINDO G. and SARA LOU DIAS and
APPROXIMATELY 0.16 ACRES of PERMANENT
EASEMENT and 0.06 ACRES of TEMPORARY
WORK SPACE; and potentially interested party, NEW
ENGLAND POWER COMPANY;

10. SAID ABUZAHRA, trustee of the TWO S REALTY
TRUST and APPROXIMATELY 0.73 ACRES of
PERMANENT EASEMENT, 0.47 ACRES of
TEMPORARY WORK SPACE; and 0.20 ACRES OF
ADDITIONAL TEMPORARY WORK SPACE; and
potentially interested parties, NEW ENGLAND POWER
COMPANY and LOWELL ELECTRIC LIGHT
CORPORATION;

11. JOHN J. McDEVITT, JR., KEVIN P. McDEVITT,
BRIAN G. McDEVITT, DENNIS C. McDEVITT,
and MICHAEL W. McDEVITT and APPROXIMATELY
0.17 ACRES of PERMANENT EASEMENT;
and potentially interested parties, FLEET NATIONAL
BANK, NEW ENGLAND POWER COMPANY, NEW
ENGLAND TELEPHONE and TELEGRAPH
COMPANY, and MASSACHUSETTS ELECTRIC
COMPANY;

12. BOSTON & MAINE CORPORATION and
APPROXIMATELY 0.05 ACRES of PERMANENT
EASEMENT; and potentially interested party NEW
ENGLAND POWER COMPANY;

13. JAMES ANDELLA, trustee of J.D.B. REALTY
TRUST and APPROXIMATELY
0.28 ACRES of PERMANENT EASEMENT and
0.25 ACRES of TEMPORARY WORK SPACE;
and potentially interested parties, NEW ENGLAND
POWER COMPANY and NEW ENGLAND
TELEPHONE and TELEGRAPH COMPANY;

14. RICHARD D. BRAMANTE and APPROXIMATELY
0.02 ACRES of PERMANENT EASEMENT, 0.03 ACRES
of TEMPORARY WORK SPACE and 0.07 ACRES of
ADDITIONAL TEMPORARY WORK SPACE;
and potentially interested parties, WASHINGTON
MUTUAL BANK, FA, NEW ENGLAND POWER
COMPANY, and MASSACHUSETTS ELECTRIC
COMPANY;

15. HOLLY C. SUGHRUE and RICHARD J.
SUGHRUE III and APPROXIMATELY 0.33
ACRES of PERMANENT EASEMENT and 0.04
ACRES of TEMPORARY WORK SPACE;

16. JUDITH WIEN and PAUL WOODS, trustees of
JW SOUTH STREET REALTY TRUST and
APPROXIMATELY 0.38 ACRES of PERMANENT
EASEMENT; and potentially interested parties,
HINGHAM INSTITUTION FOR SAVINGS, and
FRANKLIN S. RILEY JR. and DIANNE E.
RILEY-KLAVINS;

                    Defendants and Potentially
                    Interested Parties.

## VERIFIED COMPLAINT IN CONDEMNATION

### NATURE OF THE CASE

1.      This is a civil action brought by Tennessee Gas Pipeline Company ("Tennessee")

for the taking of certain interests in real property, including immediate entry and possession,

under the power of eminent domain authorized by § 7(h) of the Natural Gas Act, 15 U.S.C.

§ 717f(h), and for the ascertainment and award of just compensation and damages to the owner

and party-in-interest.

### JURISDICTION AND VENUE

2.      This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1331

and pursuant to § 7(h) of the Natural Gas Act, 15 U.S.C. § 717, et seq., because: (a) Tennessee

is the holder of a Certificate of Public Convenience and Necessity for, among other things,

#2405907                                        4

construction of a natural gas pipeline in Eastern Massachusetts; (b) Tennessee, despite

negotiating in good faith, has been unable to reach an agreement with the owner of land for

which certain easement interests are necessary for construction of the pipeline; (c) the interest in

land which Tennessee seeks to take by eminent domain is located within the Eastern District of

Massachusetts; and (d) the owner claims $3,000.00 or more as compensation for the taking.

## PLAINTIFF

3.      Tennessee is a Delaware corporation duly organized under law with a principal

place of business at 1001 Louisiana, Houston, Texas 77002 and is an interstate natural gas

company pursuant to § 2(a) of the Natural Gas Act, 15 U.S.C. § 717, et. seq. qualified to

construct, own, operate and maintain pipelines for the transmission of natural gas and its by-

products.

## FACTS COMMON TO ALL

4.      Tennessee is a natural gas transmission company primarily engaged in the

business of transporting natural gas in interstate commerce, under authorization granted by and

subject to the jurisdiction of the Federal Energy Regulatory Commission (the "FERC").

5.      Tennessee is the holder of various Certificates of Public Convenience and

Necessity issued by the FERC authorizing the construction, operation and maintenance of a

natural gas pipeline transportation system used for the interstate transportation of natural gas.

6.      Tennessee's main transmission system extends in a northeasterly direction from

its primary source of supply in Texas, Louisiana and the Gulf of Mexico through the states of

Texas, Louisiana, Arkansas, Mississippi, Alabama, Tennessee, Kentucky, West Virginia, Ohio,

Pennsylvania, New York, New Jersey, Connecticut, Rhode Island, Massachusetts and New

Hampshire.

7.    Tennessee is now preparing to construct facilities consisting of approximately 5.31 miles of new 8-inch diameter high-pressure natural gas pipeline and appurtenant facilities (the "Tewksbury-Andover Lateral Project") necessary to provide a new, non-interruptible source of natural gas for the Wyeth-Genetic facility in the town of Andover.  Approximately 1,200 linear feet of the Tewksbury-Andover Lateral Project is proposed for the town of Andover, Massachusetts with the remainder located within the town of Tewksbury, Massachusetts.

8.    The Tewksbury-Andover Lateral Project begins at a proposed interconnect with Tennessee's existing Concord Lateral in Tewksbury, and continues east parallel to the Boston & Maine Railroad until reaching the National Grid (New England Power & Massachusetts Electric) facility at which point the proposed route travels along the utility corridor for approximately four (4) miles before turning toward the Wyeth property and crossing the Shawsheen River and Route 93.

9.    Tennessee has applied for, received and is the holder of a Certificate of Public Convenience and Necessity issued by the FERC on January 24, 2005 in docket number CP04-60-000 (the "FERC Certificate"), which FERC Certificate was accepted by Tennessee on February 10, 2005.  A true and complete copy of the FERC Certificate is incorporated herein by reference and is attached hereto as Exhibit A.

10.    The FERC Certificate authorizes and obligates Tennessee to construct, install, operate, and maintain the Tewksbury-Andover Lateral Project, as described above.  A copy of the planned route of the Tewksbury-Andover Lateral Project, as approved by the FERC, is attached hereto as Exhibit B.

11.    The Tewksbury-Andover Lateral Project cannot be constructed, as approved by the FERC, unless Tennessee acquires certain permanent and temporary easements over the

properties described in the following counts. These easements are necessary for constructing, maintaining, operating, altering, testing, replacing, repairing, abandoning and removing the FERC-certified Tewksbury-Andover Lateral Project. A temporary easement is requested as of the date of the authorized entry on to the properties and continuing until twelve months after completion of construction or until all work, including restoration, is complete.

12.    January 24, 2006 is Tennessee's deadline for placing the Tewksbury-Andover Lateral Project in service. To meet this deadline, Tennessee must begin constructing this project during the summer of 2005.

## COUNT I
### (Eminent Domain as to New England Power Company)

13.    The plaintiff realleges and incorporates herein paragraphs 1 through 12 above.

14.    New England Power Company ("NEP") is the owner of certain parcels of land located in Tewksbury, County of Middlesex in the Commonwealth of Massachusetts by virtue of the following deeds: (i) Deed from Odina Martel and Agnes Martel to NEP dated September 27, 1956, and recorded with the Middlesex North District Registry of Deeds ("Registry") in Book 1352, Page 515; and (ii) deed from New England Power Engineering & Service Corporation to NEP dated October 28, 1936, and recorded with the Registry in Book 891, Page 18; and (iii) deed from New England Power Service Company to NEP dated October 28, 1936, and recorded with the Registry in Book 891, Page 15; and (iv) deed from New England Power Construction Company to NEP dated May 17, 1932, and recorded with the Registry in Book 814, Page 288; and (v) deed from Harry Schlesinger to NEP dated September 16, 1957, and recorded with the Registry in Book 1384, Page 538 (hereinafter (i) through (v) above are collectively referred to as the "NEP Property").

15.    In addition, potentially interested parties include the following having an interest which appears in the record:

a.    Colonial Beacon Oil Company, easement holder by two instruments dated March 17, 1947 recorded in the Registry in Book 1063, Page 163 and Book 1063, Page 177.

b.    New England Power Company, as assignee of an easement granted to New England Power Engineering & Service Corporation by instrument dated October 28, 1936 recorded in the registry in Book 891, Page 16.

16.    Approximately 7,570 linear feet of the 5.31 mile Tewksbury-Andover Lateral Project authorized by the FERC Certificate falls within the NEP Property.

17.    Tennessee must acquire approximately 3.45 acres of permanent easement, 2.79 acres of temporary work space, and 0.32 acres of additional temporary work space for the purpose of constructing and maintaining the Tewksbury-Andover Lateral Project over the NEP Property.

18.    The bounds of the permanent and temporary rights-of-way and easements which Tennessee requires across the NEP Property are shown on the plans entitled (i) Proposed 8" Tewksbury/Andover Lateral, New England Power Company Property, Middlesex County, Massachusetts, TB-K12-270B-600-2, (ii) Proposed 8" Tewksbury/Andover Lateral, New England Power Company Property, Middlesex County, Massachusetts, TB-K12-270B-600-3, (iii) Proposed 8" Tewksbury/Andover Lateral, New England Power Company Property, Middlesex County, Massachusetts, TB-K12-270B-600-26 & 28, (iv) Proposed 8" Tewksbury/Andover Lateral, New England Power Company Property, Middlesex County, Massachusetts, TB-K12-270B-600-34 & 35, and (v) Proposed 8" Tewksbury/Andover Lateral,

New England Power Company Property, Middlesex County, Massachusetts, TB-K12-270B-600-38 & 38.01. A true and complete copy of the plans is attached hereto as <u>Exhibit C through C-4</u>.

19.    Tennessee has negotiated with NEP in good faith to acquire the necessary easements by agreement but has been unable to obtain such rights by contract or to agree with NEP on the compensation and damages to be paid therefor.

20.    Pursuant to the authority of § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), Tennessee now seeks to take by eminent domain the permanent and temporary easements in the NEP Property described herein.

**COUNT II**
**(Eminent Domain as to Massachusetts Electric Company)**

21.    The plaintiff realleges and incorporates herein paragraphs 1 through 12 above.

22.    Massachusetts Electric Company owns a certain parcel of land in Tewksbury, County of Middlesex in the Commonwealth of Massachusetts, more particularly described in a deed from Edgar G. Paine to Lawrence Gas and Electric Company, predecessor in interest to MEC, dated August 31, 1942, and recorded with the Registry in Book 983, Page 87 and in a Confirmatory Instrument dated September 5, 1962, and recorded with the Registry in Book 1571, Page 1 (hereinafter the "MEC Property").

23.    In addition, potentially interested parties include the following having an interest which appears in the record:

a.    New England Power Company, easement holder by instrument dated August 31, 1942 recorded in the Registry at Book 983, Page 86.

24.    Approximately 444 linear feet of the 5.31 mile Tewksbury-Andover Lateral Project authorized by the FERC Certificate falls within the MEC Property.

25.     Tennessee must acquire approximately 0.20 acres of permanent easement and 0.10 acres of temporary work space for the purpose of constructing and maintaining the Tewksbury-Andover Lateral Project over the MEC Property.

26.     The bounds of the permanent and temporary rights-of-way and easements which Tennessee requires across the MEC Property are shown on the plan entitled Proposed 8" Tewksbury/Andover Lateral, Massachusetts Electric Company Property, Middlesex County, Massachusetts, TB-K12-270B-600-30.  A true and complete copy of the plan is attached hereto as Exhibit D.

27.     Tennessee has negotiated with MEC in good faith to acquire the necessary easements by agreement but has been unable to obtain such rights by contract or to agree with MEC on the compensation and damages to be paid therefor.

28.     Pursuant to the authority of § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), Tennessee now seeks to take by eminent domain the permanent and temporary easements in the MEC Property described herein.

## COUNT III
### (Eminent Domain as to Ellen A. Sexton)

29.     The plaintiff realleges and incorporates herein paragraphs 1 through 12 above.

30.     Ellen A. Sexton owns property located at 71 Sheffield Road, Tewksbury, Massachusetts 01876, more particularly described in a deed dated June 22, 2004 recorded with the Registry in Book 17500, Page 257 (hereinafter the "Sexton Property").

31.     In addition, potentially interested parties include the following having an interest which appears in the record:

a.     New England Power Company, as assignee by instrument dated October 28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry at Book 801, Page 284.

b.     New England Telephone and Telegraph Company and Massachusetts Electric Company, easement holders by instrument dated June 4, 1982 recorded in the Registry in Book 2539, Page 366.

c.     The Town of Tewksbury, by instrument dated July 23, 1976 recorded in the Registry in Book 2204, Page 399.

32.     Approximately 434 linear feet of the 5.31 mile Tewksbury-Andover Lateral Project authorized by the FERC Certificate falls within the Sexton Property.

33.     Tennessee must acquire approximately 0.20 acres of permanent easement and 0.23 acres of temporary work space for the purpose of constructing and maintaining the Tewksbury-Andover Lateral Project over the Sexton Property.

34.     The bounds of the permanent and temporary rights-of-way and easements which Tennessee requires across the Sexton Property are shown on the plan entitled Proposed 8" Tewksbury/Andover Lateral, Ellen A. Sexton Property, Middlesex County, Massachusetts, TB-K12-270B-600-14. A true and complete copy of the plan is attached hereto as Exhibit E.

35.     Tennessee has negotiated with Ms. Sexton in good faith to acquire the necessary easements by agreement but has been unable to obtain such rights by contract or to agree with them on the compensation and damages to be paid therefor.

36.     Pursuant to the authority of § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), Tennessee now seeks to take by eminent domain the permanent and temporary easements in the Sexton Property described herein.

## COUNT IV
### (Eminent Domain as to Donald C. Power and Donna J. Power)

37.    The plaintiff realleges and incorporates herein paragraphs 1 through 12 above.

38.    Donald C. Power and Donna J. Power own property located at 61 Sheffield Road, Tewksbury, Massachusetts 01876 as tenants by the entirety, more particularly described in a deed dated September 20, 1984 recorded with the Registry in Book 2851, Page 232 (hereinafter the "Power Property").

39.    In addition, potentially interested parties include the following having an interest which appears in the record:

a.    USAA Federal Savings Bank, of 10750 McDermott Freeway, San Antonio, TX 78286-0558, mortgagee by instrument dated July 23, 2003 recorded in the Registry at Book 15916, Page 230.

b.    New England Power Company, as assignee by instrument dated October 28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry at Book 801, Page 284.

c.    New England Telephone and Telegraph Company and Massachusetts Electric Company, easement holders by instrument dated June 4, 1982 recorded in the Registry in Book 2539, Page 366.

d.    The Town of Tewksbury, by instrument dated July 23, 1976 recorded in the Registry in Book 2204, Page 399.

40.    Approximately 190 linear feet of the 5.31 mile Tewksbury-Andover Lateral Project authorized by the FERC Certificate falls within the Power Property.

41.    Tennessee must acquire approximately 0.09 acres of permanent easement and 0.08 acres of temporary work space for the purpose of constructing and maintaining the Tewksbury-Andover Lateral Project over the Power Property.

42.    The bounds of the permanent and temporary rights-of-way and easements which Tennessee requires across the Power Property are shown on the plan entitled Proposed 8" Tewksbury/Andover Lateral, Donald C. & Donna J. Power Property, Middlesex County, Massachusetts, TB-K12-270B-600-15. A true and complete copy of the plan is attached hereto as Exhibit F.

43.    Tennessee has negotiated with Mr. and Mrs. Power in good faith to acquire the necessary easements by agreement but has been unable to obtain such rights by contract or to agree with them on the compensation and damages to be paid therefor.

44.    Pursuant to the authority of § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), Tennessee now seeks to take by eminent domain the permanent and temporary easements in the Power Property described herein.

## COUNT V
### (Eminent Domain as to Thomas J. Kachoris and Elizabeth M. Kachoris)

45.    The plaintiff realleges and incorporates herein paragraphs 1 through 12 above.

46.    Thomas J. Kachoris and Elizabeth M. Kachoris own property located at 51 Sheffield Road, Tewksbury, Massachusetts 01876 as tenants by the entirety, more particularly described in a deed dated January 30, 1997 recorded with the Registry in Book 8420, Page 61 (hereinafter the "Kachoris Property").

47.    In addition, potentially interested parties include the following having an interest which appears in the record:

      a.     Bank of America as successor to BayBank, N.A., the holder of an Open-End Mortgage dated January 30, 1997 recorded in the Registry in book 8420, Page 63.

      b.     New England Power Company, as assignee by instrument dated October 28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry at Book 801, Page 284.

      c.     New England Telephone and Telegraph Company and Massachusetts Electric Company, easement holders by instrument dated June 4, 1982 recorded in the Registry in Book 2539, Page 366.

      d.     The Town of Tewksbury, by instrument dated July 23, 1976 recorded in the Registry in Book 2204, Page 399.

48.     Approximately 152 linear feet of the 5.31 mile Tewksbury-Andover Lateral Project authorized by the FERC Certificate falls within the Kachoris Property.

49.     Tennessee must acquire approximately 0.07 acres of permanent easement and 0.09 acres of temporary work space for the purpose of constructing and maintaining the Tewksbury-Andover Lateral Project over the Kachoris Property.

50.     The bounds of the permanent and temporary rights-of-way and easements which Tennessee requires across the Kachoris Property are shown on the plan entitled Proposed 8" Tewksbury/Andover Lateral, Thomas J. & Elizabeth Kachoris Property, Middlesex County, Massachusetts, TB-K12-270B-600-16. A true and complete copy of the plan is attached hereto as Exhibit G.

51.     Tennessee has negotiated with Mr. and Mrs. Kachoris in good faith to acquire the necessary easements by agreement but has been unable to obtain such rights by contract or to agree with them on the compensation and damages to be paid therefor.

52.    Pursuant to the authority of § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h),

Tennessee now seeks to take by eminent domain the permanent and temporary easements in the

Kachoris Property described herein.

## COUNT VI
### (Eminent Domain as to Eustachio P. Simeone)

53.    The plaintiff realleges and incorporates herein paragraphs 1 through 12 above.

54.    Eustachio P. Simeone owns property located at 245 Lancaster Drive, Tewksbury,

Massachusetts 01876, more particularly described in a deed dated February 5, 1996 recorded

with the Registry in Book 7930, Page 128 (hereinafter the "Simeone Property").

55.    In addition, potentially interested parties include the following having an interest

which appears in the record:

        a.    GMAC Mortgage Corporation of 3451 Hammond Avenue, Waterloo, IA

50702, as assignee by instrument dated August 1, 2000 recorded in the Registry in Book 11452,

Page 318, of a mortgage recorded in the Registry at Book 5723, Page306.

        b.    New England Power Company, as assignee by instrument dated October

28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry

at Book 801, Page 284.

        c.    New England Telephone and Telegraph Company and Massachusetts

Electric Company, easement holders by instrument dated June 4, 1982 recorded in the Registry in

Book 2539, Page 366.

        d.    New England Telephone and Telegraph Company and Massachusetts

Electric Company, easement holders by instrument dated June 22, 1977 recorded in the Registry

in Book 2252, Page 249.

e.    The Town of Tewksbury, by instrument dated July 23, 1976 recorded in the Registry in Book 2204, Page 399.

56.    Approximately 110 linear feet of the 5.31 mile Tewksbury-Andover Lateral Project authorized by the FERC Certificate falls within the Simeone Property.

57.    Tennessee must acquire approximately 0.05 acres of permanent easement and 0.06 acres of temporary work space for the purpose of constructing and maintaining the Tewksbury-Andover Lateral Project over the Simeone Property.

58.    The bounds of the permanent and temporary rights-of-way and easements which Tennessee requires across the Simeone Property are shown on the plan entitled Proposed 8" Tewksbury/Andover Lateral,  Eustachio P. Simeone Property, Middlesex County, Massachusetts, TB-K12-270B-600-20.  A true and complete copy of the plan is attached hereto as Exhibit H.

59.    Tennessee has negotiated with Mr. Simeone in good faith to acquire the necessary easements by agreement but has been unable to obtain such rights by contract or to agree with him on the compensation and damages to be paid therefor.

60.    Pursuant to the authority of § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), Tennessee now seeks to take by eminent domain the permanent and temporary easements in the Simeone Property described herein.

## COUNT VII
### (Eminent Domain as to Brian Gangemi and Allyson Gangemi)

61.    The plaintiff realleges and incorporates herein paragraphs 1 through 12 above.

62.    Brian Gangemi and Allyson Gangemi own property located at 235 Lancaster Drive, Tewksbury, Massachusetts 01876, more particularly described in a deed dated August 27, 2003 recorded with the Registry in Book 16085, Page 121 (hereinafter the "Gangemi Property").

63.    In addition, potentially interested parties include the following having an interest which appears in the record:

a.    Mortgage Electronic Registration Systems, Inc. of P.O. Box 2026, Flint, MI 48501-2026, mortgagee on behalf of Drew Mortgage Associates, Inc. of 196 Boston Turnpike, Shrewsbury, MA 01545 and/or Ohio Savings Bank, of 1111 Chester Avenue, Cleveland, OH 44114 with respect to Loan Nos. 6448119 and 6448160 under two instruments dated August 27, 2003 recorded in the Registry in Book 16085, Page 122 and Book 16085, Page 137.

b.    New England Power Company, as assignee by instrument dated October 28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry at Book 801, Page 284.

c.    New England Telephone and Telegraph Company and Massachusetts Electric Company, easement holders by instrument dated June 4, 1982 recorded in the Registry in Book 2539, Page 366.

d.    New England Telephone and Telegraph Company and Massachusetts Electric Company, easement holders by instrument dated June 22, 1977 recorded in the Registry in Book 2252, Page 249.

e.    The Town of Tewksbury, by instrument dated July 23, 1976 recorded in the Registry in Book 2204, Page 399.

64.    Approximately 62 linear feet of the 5.31 mile Tewksbury-Andover Lateral Project authorized by the FERC Certificate falls within the Gangemi Property.

65.    Tennessee must acquire approximately 0.03 acres of permanent easement and 0.04 acres of temporary work space for the purpose of constructing and maintaining the Tewksbury-Andover Lateral Project over the Gangemi Property.

66.     The bounds of the permanent and temporary rights-of-way and easements which Tennessee requires across the Gangemi Property are shown on the plan entitled Proposed 8" Tewksbury/Andover Lateral, Brian & Allyson Gangemi Property, Middlesex County, Massachusetts, TB-K12-270B-600-21. A true and complete copy of the plan is attached hereto as Exhibit I.

67.     Tennessee has negotiated with Mr. and Mrs. Gangemi in good faith to acquire the necessary easements by agreement but has been unable to obtain such rights by contract or to agree with them on the compensation and damages to be paid therefor.

68.     Pursuant to the authority of § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), Tennessee now seeks to take by eminent domain the permanent and temporary easements in the Gangemi Property described herein.

### COUNT VIII
### (Eminent Domain as to Elizabeth A. Kelly)

69.     The plaintiff realleges and incorporates herein paragraphs 1 through 12 above.

70.     Elizabeth A. Kelly owns property located at 228 Lancaster Drive, Tewksbury, Massachusetts 01876, more particularly described in a deed dated July 5, 1988 recorded with the Registry in Book 4657, Page 80 (hereinafter the "Kelly Property").

71.     In addition, potentially interested parties include the following having an interest which appears in the record:

a.      Mortgage Master, Inc. of 100 Elm Street, Walpole, MA 02081, mortgagee under instrument dated August 24, 2003 recorded in the registry in Book 16074, Page 102.

b.      Banknorth, N.A., of 995 Main Street, Tewksbury, MA 01876, home equity mortgagee by instrument dated February 27, 2003 recorded in the Registry in Book 14804, Page 130.

c.    New England Power Company, as assignee by instrument dated October 28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry at Book 801, Page 284.

d.    New England Telephone and Telegraph Company and Massachusetts Electric Company, easement holders by instrument dated June 4, 1982 recorded in the Registry in Book 2539, Page 366.

e.    New England Telephone and Telegraph Company and Massachusetts Electric Company, easement holders by instrument dated June 22, 1977 recorded in the Registry in Book 2252, Page 249.

f.    The Town of Tewksbury, by instrument dated July 23, 1976 recorded in the Registry in Book 2204, Page 399.

72.    Approximately 169 linear feet of the 5.31 mile Tewksbury-Andover Lateral Project authorized by the FERC Certificate falls within the Kelly Property.

73.    Tennessee must acquire approximately 0.08 acres of permanent easement, 0.08 acres of temporary work space, and 0.07 acres of additional temporary work space for the purpose of constructing and maintaining the Tewksbury-Andover Lateral Project over the Kelly Property.

74.    The bounds of the permanent and temporary rights-of-way and easements which Tennessee requires across the Kelly Property are shown on the plan entitled Proposed 8" Tewksbury/Andover Lateral, Elizabeth A. Kelly Property, Middlesex County, Massachusetts, TB-K12-270B-600-25. A true and complete copy of the plan is attached hereto as Exhibit J.

75.    Tennessee has negotiated with Ms. Kelly in good faith to acquire the necessary easements by agreement but has been unable to obtain such rights by contract or to agree with her on the compensation and damages to be paid therefor.

76.    Pursuant to the authority of § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), Tennessee now seeks to take by eminent domain the permanent and temporary easements in the Kelly Property described herein.

### COUNT IX
### (Eminent Domain as to Armindo G. Dias and Sara Lou Dias)

77.    The plaintiff realleges and incorporates herein paragraphs 1 through 12 above.

78.    Armindo G. and Sara Lou Dias own property located at 380 Pinnacle Street , Tewksbury, Massachusetts 01876, as tenants by the entirety, more particularly described in a deed dated September 7, 1976 recorded with the Registry in Book 2211, Page 215 (hereinafter the "Dias Property").

79.    In addition, potentially interested parties include the following having an interest which appears in the record:

a.    New England Power Company, as assignee by instrument dated October 28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry at Book 800, Page 189.

80.    Approximately 301 linear feet of the 5.31 mile Tewksbury-Andover Lateral Project authorized by the FERC Certificate falls within the Dias Property.

81.    Tennessee must acquire approximately 0.16 acres of permanent easement and 0.06 acres of temporary work space for the purpose of constructing and maintaining the Tewksbury-Andover Lateral Project over the Dias Property.

82.    The bounds of the permanent and temporary rights-of-way and easements which Tennessee requires across the Dias Property are shown on the plan entitled Proposed 8" Tewksbury/Andover Lateral,  Armindo G. Dias, et ux Property, Middlesex County, Massachusetts, TB-K12-270B-600-32.  A true and complete copy of the plan is attached hereto as Exhibit K.

83.    Tennessee has negotiated with Mr. and Mrs. Dias in good faith to acquire the necessary easements by agreement but has been unable to obtain such rights by contract or to agree with them on the compensation and damages to be paid therefor.

84.    Pursuant to the authority of § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), Tennessee now seeks to take by eminent domain the permanent and temporary easements in the Dias Property described herein.

## COUNT X
### (Eminent Domain as to Two S Realty Trust)

85.    The plaintiff realleges and incorporates herein paragraphs 1 through 12 above.

86.    Said Abuzahra, Trustee of the Two S Realty Trust u/d/t dated December 12, 1991 recorded in the Registry at Book 5736, Page 203, is the owner of record of property located at 910 East Street, Tewksbury, Massachusetts 01876, more particularly described in a deed dated December 5, 1991 recorded with the Registry in Book 5736, Page 208 (hereinafter the "Two S Realty Trust Property").

87.    In addition, potentially interested parties include the following having an interest which appears in the record:

   a.    New England Power Company, as assignee by instrument dated October 28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry at Book 800, Page 193.

    b.  Lowell Electric Light Corporation, easement holder by instrument dated February 15, 1952 recorded in the Registry in Book 1190, Page 130.

    c.  New England Power Company, easement holder by instrument dated August 14, 1958 recorded in the Registry in Book 1413, Page 205.

  88.  Approximately 1,595 linear feet of the 5.31 mile Tewksbury-Andover Lateral Project authorized by the FERC Certificate falls within the Two S Realty Trust Property.

  89.  Tennessee must acquire approximately 0.73 acres of permanent easement, 0.47 acres of temporary work space, and 0.20 acres of additional temporary work space for the purpose of constructing and maintaining the Tewksbury-Andover Lateral Project over the Two S Realty Trust Property.

  90.  The bounds of the permanent and temporary rights-of-way and easements which Tennessee requires across the Two S Realty Trust Property are shown on the plan entitled Proposed 8" Tewksbury/Andover Lateral, Two S. Realty Trust Property, Middlesex County, Massachusetts, TB-K12-270B-600-36. A true and complete copy of the plan is attached hereto as Exhibit L.

  91.  Tennessee has negotiated with representatives of Two S Realty Trust in good faith to acquire the necessary easements by agreement but has been unable to obtain such rights by contract or to agree with them on the compensation and damages to be paid therefor.

  92.  Pursuant to the authority of § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), Tennessee now seeks to take by eminent domain the permanent and temporary easements in the Two S Realty Trust Property described herein.

**COUNT XI**
**(Eminent Domain as to John J. McDevitt, Jr., Kevin P. McDevitt, Brian G. McDevitt,**
**Dennis C. McDevitt, and Michael W. McDevitt)**

93.    The plaintiff realleges and incorporates herein paragraphs 1 through 12 above.

94.    John J. McDevitt, Jr., Kevin P. McDevitt, Brian G. McDevitt, Dennis C.

McDevitt, and Michael W. McDevitt (collectively the "McDevitts") own property located at 939

to 951 East Street, Tewksbury, Massachusetts 01876, more particularly described in two deeds

dated December 6, 1993 recorded with the Registry in Book 6874, Page 54 and dated June 26,

1997 recorded with the Registry in Book 8641, Page 80 (hereinafter the "McDevitt Property").

95.    In addition, potentially interested parties include the following having an interest

which appears in the record:

a.    Bank of America f/k/a Fleet National Bank of 1155 Elm Street,

Manchester, NH 03101, mortgagee under an instrument recorded in the Registry in Book 6874,

Page 57, as amended by instrument dated October 2, 2003 recorded in the Registry in Book

16428, Page 177

b.    New England Power Company, as assignee by instrument dated October

28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry

at Book 805, Page 427.

c.    New England Power Company, easement holder by instrument dated July

14, 1958 recorded in the Registry in Book 1407, Page 477.

d.    New England Telephone and Telegraph Company and Massachusetts

Electric Company, easement holders by instrument dated August 3, 1989 recorded in the Registry

in Book 4986, Page 299.

96.     Approximately 379 linear feet of the 5.31 mile Tewksbury-Andover Lateral Project authorized by the FERC Certificate falls within the McDevitt Property.

97.     Tennessee must acquire approximately 0.17 acres of permanent easement for the purpose of constructing and maintaining the Tewksbury-Andover Lateral Project over the McDevitt Property.

98.     The bounds of the permanent easement which Tennessee requires across the McDevitt Property are shown on the plan entitled Proposed 8" Tewksbury/Andover Lateral, John J. McDevitt Jr., et al  Property, Middlesex County, Massachusetts, TB-K12-270B-600-40.  A true and complete copy of the plan is attached hereto as Exhibit M.

99.     Tennessee has negotiated with representatives of the McDevitts in good faith to acquire the necessary easements by agreement but has been unable to obtain such rights by contract or to agree with them on the compensation and damages to be paid therefor.

100.     Pursuant to the authority of § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), Tennessee now seeks to take by eminent domain the permanent easement in the McDevitt Property described herein.

## COUNT XII
### (Eminent Domain as to Boston & Maine Corporation)

101.     The plaintiff realleges and incorporates herein paragraphs 1 through 12 above.

102.     On information and belief, the Boston and Maine Corporation has an interest in railroad property known as the Lowell and Andover freight main line in Tewksbury, Massachusetts being the same lands described in easements granted by the Boston and Maine Corporation to the New England Power Company dated May 5, 1937 recorded in the Registry in Book 899, Page 228 and dated April 5, 1944 recorded in the Registry in Book 1006, Page 78.

103.    In addition, potentially interested parties include the following having an interest which appears in the record:

a.    New England Power Company, easement holder under two instruments dated May 5, 1937 recorded in the Registry at Book 899, Page 228 and dated April 5, 1944 recorded in the Registry in Book 1006, Page 78.

104.    Approximately 116 linear feet of the 5.31 mile Tewksbury-Andover Lateral Project authorized by the FERC Certificate falls within the B&M Property.

105.    Tennessee must acquire approximately 0.05 acres of permanent easement for the purpose of constructing and maintaining the Tewksbury-Andover Lateral Project over the B&M Property.

106.    The bounds of the permanent easement which Tennessee requires across the B&M Property are shown on the plan entitled Proposed 8" Tewksbury/Andover Lateral, Boston and Maine Railroad Property, Middlesex County, Massachusetts, TB-K12-270B-600-41. A true and complete copy of the plan is attached hereto as Exhibit N.

107.    Tennessee has negotiated with representatives of Boston & Maine Railroad in good faith to acquire the necessary easements by agreement but has been unable to obtain such rights by contract or to agree with them on the compensation and damages to be paid therefor.

108.    Pursuant to the authority of § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), Tennessee now seeks to take by eminent domain the permanent easement in the B&M Property described herein.

## COUNT XIII
### (Eminent Domain as to J.D.B. Realty Trust)

109.    The plaintiff realleges and incorporates herein paragraphs 1 through 12 above.

110.    James Andella, Trustee of J.D.B. Realty Trust u/d/t dated March 18, 1994 recorded in the Registry in Book 6996, Page 127, is the owner of record of property located at Tax Map No. 112, Lot 1, Tewksbury, Massachusetts 01876, more particularly described in a deed dated December 22, 1995 recorded with the Registry in Book 7806, Page 134 (hereinafter the "J.D.B. Realty Trust Property").

111.    In addition, potentially interested parties include the following having an interest which appears in the record:

a.    New England Power Company, as assignee by instrument dated October 28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry at Book 800, Page 595.

b.    New England Telephone and Telegraph Company, easement holder by instrument dated September 25, 1996 recorded in the Registry in Book 8230, Page 205.

112.    Approximately 608 linear feet of the 5.31 mile Tewksbury-Andover Lateral Project authorized by the FERC Certificate falls within the J.D.B. Realty Trust Property.

113.    Tennessee must acquire approximately 0.28 acres of permanent easement and approximately 0.25 acres of temporary work space for the purpose of constructing and maintaining the Tewksbury-Andover Lateral Project over the J.D.B. Realty Trust Property.

114.    The bounds of the permanent easement which Tennessee requires across the J.D.B. Realty Trust Property are shown on the plan entitled Proposed 8" Tewksbury/Andover Lateral, J.D.B. Realty Trust Property, Middlesex County, Massachusetts, TB-K12-270B-600-47. A true and complete copy of the plan is attached hereto as Exhibit O.

115.    Tennessee has negotiated with representatives of the J.D.B. Realty Trust in good faith to acquire the necessary easements by agreement but has been unable to obtain such rights by contract or to agree with them on the compensation and damages to be paid therefor.

116.    Pursuant to the authority of § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), Tennessee now seeks to take by eminent domain the permanent and temporary easements in the J.D.B. Realty Trust Property described herein.

### COUNT XIV
### (Eminent Domain as to Richard D. Bramante)

117.    The plaintiff realleges and incorporates herein paragraphs 1 through 12 above.

118.    Richard D. Bramante owns property located at 30 Whitegate Road, Tewksbury, Massachusetts 01876, more particularly described in a deed dated March 31, 1971 recorded with the Registry in Book 1954, Page 54 (hereinafter the "Bramante Property").

119.    In addition, potentially interested parties include the following having an interest which appears in the record:

a.    Washington Mutual Bank, FA, of 2210 Enterprise Drive, MSKSCE 440, Florence, SC 29501-1109 as assignee by instrument dated June 22, 2004 recorded in the Registry in Book 17508, Page 166 of a mortgage dated June 22, 2004 recorded in the Registry in Book 17508, Page 149.

b.    New England Power Company, as assignee by instrument dated October 28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry at Book 800, Page 594.

c.    Massachusetts Electric Company, easement holder by two instruments dated March 16, 1970 recorded in the Registry in Book 1919, Page 567 and dated May 20, 1970 recorded in the Registry in Book 1924, Page 266.

120.    Approximately 52 linear feet of the 5.31 mile Tewksbury-Andover Lateral Project authorized by the FERC Certificate falls within the Bramante Property.

121.    Tennessee must acquire approximately 0.02 acres of permanent easement, approximately 0.03 acres of temporary work space, and approximately 0.07 acres of additional temporary work space for the purpose of constructing and maintaining the Tewksbury-Andover Lateral Project over the Bramante Property.

122.    The bounds of the permanent easement which Tennessee requires across the Bramante Property are shown on the plan entitled Proposed 8" Tewksbury/Andover Lateral, Richard D. Bramante  Property, Middlesex County, Massachusetts, TB-K12-270B-600-61.  A true and complete copy of the plan is attached hereto as Exhibit P.

123.    Tennessee has negotiated with Mr. Bramante in good faith to acquire the necessary easements by agreement but has been unable to obtain such rights by contract or to agree with him on the compensation and damages to be paid therefor.

124.    Pursuant to the authority of § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), Tennessee now seeks to take by eminent domain the permanent and temporary easements in the Bramante Property described herein.

### COUNT XV
### (Eminent Domain as to Holly C. Sughrue and Richard J. Sughrue III)

125.    The plaintiff realleges and incorporates herein paragraphs 1 through 12 above.

126.    Holly C. Sughrue and Richard J. Sughrue III own property located off Bradford Road, Tewksbury, Massachusetts 01876, more particularly described in a deed dated June 25, 1997 recorded with the Registry in Book 8633, Page 147 (hereinafter the "Sughrue Property").

127.    Approximately 712 linear feet of the 5.31 mile Tewksbury-Andover Lateral Project authorized by the FERC Certificate falls within the Sughrue Property.

#2405907                                          28

128.    Tennessee must acquire approximately 0.33 acres of permanent easement and 0.04 acres of temporary work space for the purpose of constructing and maintaining the Tewksbury-Andover Lateral Project over the Sughrue Property.

129.    The bounds of the permanent easement which Tennessee requires across the Sughrue Property are shown on the plan entitled Proposed 8" Tewksbury/Andover Lateral, Holly C. & Richard J. Sughrue  Property, Middlesex County, Massachusetts, TB-K12-270B-600-67 & 68. A true and complete copy of the plan is attached hereto as Exhibit Q.

130.    Tennessee has negotiated with Mr. and/or Ms. Sughrue in good faith to acquire the necessary easements by agreement but has been unable to obtain such rights by contract or to agree with them on the compensation and damages to be paid therefor.

131.    Pursuant to the authority of § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), Tennessee now seeks to take by eminent domain the permanent easement in the Sughrue Property described herein.

## COUNT XVI
### (Eminent Domain as to JW South Street Realty Trust)

132.    The plaintiff realleges and incorporates herein paragraphs 1 through 12 above.

133.    Judith Wien and Paul Woods, trustees of JW South Street Realty Trust u/d/t dated May 30, 2001 recorded in the Registry in Book 6179, Page 68, are the owners of record of property located off South Street, Andover, Massachusetts, more particularly described in a deed dated May 30, 2001 recorded with the Essex  North Registry of Deeds in Book 6179, Page 76 (hereinafter the "JW South Street Property").

134.    In addition, potentially interested parties include the following having an interest which appears in the record:

a. Hingham Institution for Savings of 55 Main Street, Hingham, MA , mortgagee under instrument dated May 30, 2001 recorded in the Essex North Registry of Deeds at Book 6179, Page 92.

b. Franklin S. Riley Jr. and Dianne E. Riley-Klavins (aka Diane E. Riley-Klavins) of 38 Green Street, Wakefield, MA 01880, mortgagees under an instrument dated May 30, 2001 recorded in the Essex North Registry of Deeds at Book 6179, Page 97, extended by instrument dated May 14, 2003 recorded in the Essex North Registry of Deeds at Book 8097, Page 354.

135. Approximately 825 linear feet of the 5.31 mile Tewksbury-Andover Lateral Project authorized by the FERC Certificate falls within the JW South Street Property.

136. Tennessee must acquire approximately 0.38 acres of permanent easement for the purpose of constructing and maintaining the Tewksbury-Andover Lateral Project over the JW South Street Property.

137. The bounds of the permanent easement which Tennessee requires across the JW South Street Property are shown on the plan entitled Proposed 8" Tewksbury/Andover Lateral, JW South Street RT Property, Essex County, Massachusetts, TB-K12-270B-600-70 & 71. A true and complete copy of the plan is attached hereto as Exhibit R.

138. Tennessee has negotiated with representatives of JW South Street Realty Trust in good faith to acquire the necessary easements by agreement but has been unable to obtain such rights by contract or to agree with them on the compensation and damages to be paid therefor.

139. Pursuant to the authority of § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), Tennessee now seeks to take by eminent domain the permanent easement in the JW South Street Property described herein.

WHEREFORE, Tennessee prays that this Court:

1.     Enter an Order of Judgment of Taking by Eminent Domain as to each said property;

2.     Allow plaintiff Tennessee immediate entry on and possession of each said property prior to the determination of compensation and damages upon deposit with the Court of a sum of money representing the appraised value of said property as determined by Tennessee's appraisers;

3.     Issue preliminary and permanent injunctions enjoining the parties herein, their agents, employees, representatives, subsidiaries, affiliates, heirs and assigns from interfering with the permitting, construction, maintenance, operation, alteration, testing, replacement, repair, abandonment and/or removal of Tennessee's proposed Tewksbury-Andover Lateral Project;

4.     Ascertain and award just compensation and damages with respect to each such takings; and

5.     Grant such other relief as may be just and proper.

## JURY DEMAND

Tennessee demands a trial by jury on all claims so triable.

Respectfully submitted,

TENNESSEE GAS PIPELINE COMPANY

By its Attorneys,

HOLLAND & KNIGHT, LLP

Harold W. Potter, Jr. (BBO # 404240)
Dianne R. Phillips (BBO # 552982)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Dated: February 11, 2005

VERIFICATION

      I, Michael T. Morgan, do depose and say that I am the Supervisor Property Rights Services for Tennessee Gas Pipeline Company, the plaintiff herein, that I have read the Verified Complaint in this action and know the contents thereof; and that to the best of my knowledge, the allegations set forth therein are true. I hereby verify under the pains and penalties of perjury that the foregoing is true and correct.

      Executed this _7_ day of February, 2005.

                          Michael T. Morgan
                          Supervisor Property Rights Services

# 2405907_v1

#2405907