UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Tennessee Gas Pipeline Company ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| New England Power Company and ) | |
| Approximately 3.45 Acres of Permanent ) | |
| Easement, 2.79 Acres of Temporary Work ) | No.: 05-CV-10284-MEL |
| Space, and 0.32 Acres of Additional ) | |
| Temporary Work Space; and potentially ) | |
| interested parties, Colonial Beacon Oil ) | |
| Company, and New England Power ) | |
| Company successor to New England Power ) | |
| Engineering & Service Corporation; et. al. ) | |
| ) | |
| Defendants ) | |

## ANSWER OF DEFENDANTS ARMINDO G. DIAS AND SARA LOU DIAS

1. Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendants are without sufficient knowledge and belief to form an opinion as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendants are without sufficient knowledge and belief to form an opinion as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendants are without sufficient knowledge and belief to form an opinion as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendants are without sufficient knowledge and belief to form an opinion as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendants are without sufficient knowledge and belief to form an opinion as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendants are without sufficient knowledge and belief to form an opinion as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendants are without sufficient knowledge and belief to form an opinion as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendants are without sufficient knowledge and belief to form an opinion as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendants are without sufficient knowledge and belief to form an opinion as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendants are without sufficient knowledge and belief to form an opinion as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint.

## COUNT I THROUGH VIII

13-76. Defendants assert that Paragraphs 13 through 76 relate to facts and parties of which the Defendants have no knowledge and belief to form an opinion as to the truth of said allegations.

## COUNT IX

77. Defendants repeat and reaver their Answers to Paragraph 1 through 76, as if restated herein.

78. Defendants admit the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79. Defendants are without sufficient knowledge and belief to form an opinion as to the truth of the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80. Defendants admit that a portion of the project falls within their property.

81. Defendants admit that the Plaintiff seeks an easement on the Defendants' property.

82. Defendants are without sufficient knowledge and belief to form an opinion as to the truth of the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83. Defendants deny that Plaintiff has made a good faith effort to acquire the easements, as alleged in Paragraph 83 of Plaintiff's Complaint.

84. Defendants admit that Plaintiff is seeking to take a temporary and permanent easement on the Defendants' property by virtue of eminent domain as alleged in

Paragraph 84 of Plaintiff's Complaint.

WHEREFORE, Defendants, Armindo G. Dias and Sara Lou Dias, pray and request this Honorable Court:

1. Allow the Defendants to present evidence as to the actual appraised value of their property by their own appraiser;
2. Ascertain and determine a just compensation of any easements to be taken on the property of Defendants; and
3. Such other and further relief as this Court may deem just and appropriate.

Armindo G. Dias and Sara Lou Dias,
By their attorneys,

Dated: February 28, 2005

  s/Lora M. McSherry
Michael A. Gerstein, Esq.
B.B.O. #190040
Lora M. McSherry
B.B.O. #551695
**Phillips, Gerstein, Holber & Channen LLP**
25 Kenoza Avenue
Haverhill, MA  01830
(978) 374-1131

G:\LORA\Dias\Answer to Complaint.wpd