UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. No. 05-10284 MEL

TENNESSEE GAS PIPELINE COMPANY,
                  Plaintiff

Vs.

NEW ENGLAND POWER COMPANY,
ET AL,
                  Defendants

## ANSWER OF THOMAS J. AND ELIZABETH KACHORIS

### NATURE OF THE CASE

1. The Defendant admits admit the allegations of paragraph 1.

### JURISDICTION AND VENUE

2. a) The Defendants admit the allegations in paragraph 2a

   b) The Defendants deny the allegations in paragraph 2b. Tennessee has not negotiated in good faith.

   c) The Defendants admit the allegations in paragraph 2c.

   d) The Defendants admit the allegations in paragraph 2d.

3. The Defendants are without sufficient knowledge to admit or deny the facts contained in paragraph 3 of the Complaint.

### FACTS COMMON TO ALL

4. The Defendants are without sufficient knowledge to admit or deny the facts alleged in paragraph 4 of the Plaintiff's Complaint.

5. The Defendants admit the allegations in paragraph 5.

6. The Defendants are without sufficient knowledge to admit or deny the facts alleged in paragraph 6 of Plaintiff's Complaint.

7. The Defendants admit the allegations in of paragraph 7.

8. The Defendants admit the allegations in paragraph 8.

9. The Defendants admit the allegations in paragraph 9.

10. The Defendants admit the allegations in paragraph 10.

11. The Defendants deny the allegations in paragraph 11. Tennessee can use land owned by individuals other than the Defendants to construct the pipeline.

12. The Defendant is without sufficient knowledge to admit or deny the allegations contained in paragrapn 12 of Plaintiff's Complaint.

## COUNT V
(Eminent Domain as to Thomas J. Kachoris and Elizabeth M. Kachoris)

45. The Defendants reallege and incorporates herein its answers to paragraphs 1-12 of the Complaint.

46. The Defendants admit the allegations in paragraph 46.

47. a) The Defendants admit the allegations in paragraph 47a.

b) The Defendants admit the allegations in paragraph 47b.

c) The Defendants admit the allegations in paragraph 47c.

d) The Defendants deny the allegations in paragraph 47d.

48. The Defendants admit the allegations in paragraph 48.

49. The Defendants admit the allegations in paragraph 49.

50. The Defendants deny the allegations in paragraph 50.

Tennessee can use land owned by others to construct the pipeline.

51. The Defendants deny the allegations in paragraph 51. Tennessee has not negotiated in good faith.

52. The Defendants object to the authorizing of the taking by eminent domain.

WHEREFORE, the Defendant prays that this Court:

1. Deny an Order of Judgment of Taking by Eminent Domain as to its property.

2. Deny the Plaintiff, Tennessee's, immediate entry on and possession of the property of the Defendants prior to the determination of compensation and damages upon deposit.

3. Deny preliminary and permanent injunctions enjoining the Defendants from interfering with Tennessee's proposed Tewksbury-Andover Lateral Project.

4. Award just compensation and damages with respect to the eminent domain action acquisition of its property.

5. Grant such other relief as may be just and proper.

LAW OFFICE OF
BERG AND LAIPSON
34 MECHANIC STREET
WORCESTER, MASS. 01608

4

## JURY DEMAND

The Defendants demand a trial by jury on all claims.

Respectfully submitted,

THOMAS J. KACHORIS and
ELIZABETH M. KACHORIS

By Its Attorney,

BERG AND LAIPSON

John R. Maciolek BBO #556668
340 Main Street
Worcester, MA. 01608
Tel. No. 508-754-6888

## CERTIFICATE OF SERVICE

I, John R. Maciolek, hereby certify that a copy of the within Answer was mailed on March 7th 2005 to attorneys Harold W. Potter and Dianne R. Phillips of Holland and Knight LLP, 10 St. James Avenue, Boston, MA. 02116.

John R. Maciolek