FILED
CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2005 MAR -9 P 3: 46

C. A. No. 05-10284 MEL

TENNESSEE GAS PIPELINE COMPANY, )
                                 Plaintiff )

Vs.

NEW ENGLAND POWER COMPANY, )
ET AL, )
                                Defendants )

## ANSWER OF DONALD C. AND DONNA J. POWER

### NATURE OF THE CASE

1. The Defendants admit the allegations of paragraph 1.

### JURISDICTION AND VENUE

2. a) The Defendants admit the allegations of paragraph 2a.

   b. The Defendants deny the allegations of paragraph 2b. Tennessee has not negotiated in good faith.

   c) The Defendants admit the allegations of paragraph 2c.

   d. The Defendants admit the allegations of paragraph 2d.

3. The Defendants are without sufficient knowledge to admit or deny the facts contained in paragraph 3 of the Complaint.

### FACTS COMMON TO ALL

4. The Defendants are without sufficient knowledge to admit or

deny the facts alleged in paragraph 4 of the Plaintiff's Complaint.

5.  The Defendants admit the allegations of paragraph 5.

6.  The Defendants are without sufficient knowledge to admit or deny the facts alleged in paragraph 6 of Plaintiff's Complaint.

7.  The Defendants admit the allegations of paragraph 7.

8.  The Defendants admit the allegations of paragraph 8.

9.  The Defendants admit the allegations of paragraph 9.

10. The Defendants admit the allegations of paragraph 10.

11. The Defendants deny the allegations of paragraph 11. Tennessee can use land owned by individuals other than the Defendant to construct its pipeline.

12. The Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

## COUNT IV
(Eminent Domain as to Donald C. Power and Donna J. Power)

37. The Defendants reallege and incorporate herein their answers to paragraphs 1-12 of the Complaint.

38. The Defendants admit the allegations in paragraph 38.

39. a) The Defendants admit the allegations in paragraph 39a.

    b) The Defendants admit the allegations in paragraph 39b.

    c) The Defendants admit the allegations in paragraph 39c.

    d) The Defendants deny the allegations in paragraph 39d.

40. The Defendants admit the allegations in paragraph 40.

41. The Defendants admit the allegations in paragraph 41.

42. The Defendants deny the allegations in paragraph 42. Tennessee can use land owned by others to construct its pipeline.

43. The Defendants deny the allegations in paragraph 43. Tennessee has not negotiated in good faith.

44. The Defendants object to the authorization of the taking by eminent domain.

WHEREFORE, the Defendants pray that this Court:

1. Deny an Order of Judgment of Taking by Eminent Domain as to its property.

2. Deny the Plaintiff, Tennessee's, immediate entry on and possession of the property of the Defendants prior to the determination of compensation and damages upon deposit.

3. Deny preliminary and permanent injunctions enjoining the Defendants from interfering with Tennessee's proposed Tewksbury-Andover Lateral Project.

4. Award just compensation and damages with respect to the eminent domain action acquisition of its property.

5. Grant such other relief as may be just and proper.

## JURY DEMAND

The Defendants demand a trial by jury on all claims.

Respectfully submitted,

DONALD C. POWER AND
DONNA J. POWER

By Its Attorney,

BERG AND LAIPSON

John R. Maciolek BBO #556668
340 Main Street
Worcester, MA. 01608
Tel. No. 508-754-6888

## CERTIFICATE OF SERVICE

I, John R. Maciolek, hereby certify that a copy of the within Answer was mailed on March 8 2005 to attorneys Harold W. Potter and Dianne R. Phillips of Holland and Knight LLP, 10 St. James Avenue, Boston, MA. 02116.

John R. Maciolek