UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. No. 05-10284 MEL

)
TENNESSEE GAS PIPELINE COMPANY, )
                    Plaintiff )
Vs. )
)
NEW ENGLAND POWER COMPANY, )
ET AL, )
                    Defendants )
)

### ANSWER OF JUDITH WIEN AND PAUL WOODS, TRUSTEES OF JW SOUTH STREET REALTY TRUST

#### NATURE OF THE CASE

1. The Defendants admit the allegations of paragraph 1.

#### JURISDICTION AND VENUE

2. a) The Defendants admit the allegations of paragraph 2a.

   b) The Defendants deny the allegations of paragraph 2b. Tennessee has not negotiated in good faith.

   c) The Defendants admit the allegations of paragraph 2c.

   d) The Defendants admit the allegations of paragraph 2d.

3. The Defendants are without sufficient knowledge to admit or deny the facts contained in paragraph 3 of the Complaint.

#### FACTS COMMON TO ALL

4. The Defendants are without sufficient knowledge to admit or

deny the facts alleged in paragraph 4 of the Plaintiff's Complaint.

5. The Defendants admit the allegations of paragraph 5.

6. The Defendants are without sufficient knowledge to admit or deny the facts alleged in paragraph 6 of Plaintiff's Complaint.

7. The Defendants admit the allegations of paragraph 7.

8. The Defendants admit the allegations of paragraph 8.

9. The Defendants admit the allegations of paragraph 9.

10. The Defendants admit the allegations of paragraph 10.

11. The Defendants deny the allegations of paragraph 11. Tennessee can use land owned by individuals other than the Defendant to construct its pipeline.

12. The Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

**COUNT XVI**
(Eminent Domain as to Judith Wien and Paul Woods, Trustees of JW South Street Realty Trust)

132. The Defendants reallege and incorporate herein their answers to paragraphs 1-12 of the Complaint.

133. The Defendants admit the allegations in paragraph 133.

134. a)  The Defendants admit the allegations in paragraph 134a.

   b)  The Defendants admit the allegations in paragraph 134b

135. The Defendants admit the allegations in paragraph 135.

136. The Defendants deny the allegations in paragraph 136. Tennessee can use land owned by others to construct its pipeline.

137. The Defendants deny the allegations in paragraph 137. The bounds of the permanent easement which Tennessee requires do not have to be those bounds shown on the Plan attached as Exhibit "R" to the Plaintiff's Complaint. In fact, the bounds of the easement that Tennessee can and should use are shown on an alternative route which was agreed to by Tennessee Gas and the Trustees of the JW South Street Realty Trust. The bounds of the alternative easement Are shown on a plan attached to this answer as Exhibit "A".

138. The Defendants deny the allegations in paragraph 138. Tennessee has not negotiated in good faith.

139. The Defendants object to the authorization of the taking by eminent domain.

WHEREFORE, the Defendants pray that this Court:

1. Deny an Order of Judgment of Taking by Eminent Domain as to its property.

2. Deny the Plaintiff, Tennessee's, immediate entry on and possession of the property of the Defendants prior to the determination of compensation and damages upon deposit.

3. Deny preliminary and permanent injunctions enjoining the Defendants from interfering with Tennessee's proposed Tewksbury-Andover Lateral Project.

4. Award just compensation and damages with respect to the eminent domain action acquisition of its property.

5. Grant such other relief as may be just and proper.

## JURY DEMAND

The Defendants demand a trial by jury on all claims.

Respectfully submitted,

JUDITH WIEN and PAUL WOODS
TRUSTEES OF JW SOUTH STREET
REALTY TRUST

By Their Attorney,

BERG AND LAIPSON

_____
John R. Maciolek BBO #556668
340 Main Street
Worcester, MA. 01608
Tel. No. 508-754-6888


## CERTIFICATE OF SERVICE

I, John R. Maciolek, hereby certify that a copy of the within Answer was mailed on March 10th 2005 to attorneys Harold W. Potter and Dianne R. Phillips of Holland and Knight LLP, 10 St. James Avenue, Boston, MA. 02116.

_____
John R. Maciolek

LAW OFFICE OF
BERG AND LAIPSON
34 MECHANIC STREET
WORCESTER, MASS. 01608