FILED
CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. No. 05-10284 MEL

TENNESSEE GAS PIPELINE COMPANY, )
                        Plaintiff )
Vs.                                         )
                                         )
NEW ENGLAND POWER COMPANY, )
ET AL, )
                       Defendants )

### ANSWER OF ELLEN A. SEXTON

### NATURE OF THE CASE

1. The Defendant admits the allegations of paragraph 1.

### JURISDICTION AND VENUE

2. a)   The Defendant admits the allegations of paragraph 2a.

    b)   The Defendant denies the allegations of paragraph 2b. Tennessee has not negotiated in good faith.

    c)   The Defendant admits the allegations of paragraph 2c.

    d)   The Defendant admits the allegations of paragraph 2d.

3. The Defendant is without sufficient knowledge to admit or deny the facts contained in paragraph 3 of the Complaint.

### FACTS COMMON TO ALL

4. The Defendant is without sufficient knowledge to admit or

LAW OFFICE OF
BERG AND LAIPSON
34 MECHANIC STREET
WORCESTER, MASS. 01608

deny the facts alleged in paragraph 4 of the Plaintiff's Complaint.

5. The Defendant admits the allegations of paragraph 5.

6. The Defendant is without sufficient knowledge to admit or deny the facts alleged in paragraph 6 of Plaintiff's Complaint.

7. The Defendant admits the allegations of paragraph 7.

8. The Defendant admits the allegations of paragraph 8.

9. The Defendant admits the allegations of paragraph 9.

10. The Defendant admits the allegations of paragraph 10.

11. The Defendant denies the allegations of paragraph 11. Tennessee can use land owned by individuals other than the Defendant to construct its pipeline.

12. The Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

## COUNT III
(Eminent Domain as to Ellen A. Sexton)

29. The Defendant realleges and incorporates herein her answers to paragraphs 1-12 of the Complaint.

30. The Defendant admits the allegations in paragraph 30.

31. a) The Defendant admits the allegations in paragraph 31a.

b) The Defendant admits the allegations in paragraph 31b.

c) The Defendant admits the allegations in paragraph 31c.

32. The Defendant admits the allegations in paragraph 32.

33. The Defendant denies the allegations in paragraph 33. Tennessee can use land owned by others to construct its pipeline.

34. The Defendant admits the allegations in paragraph 34.

35. The Defendant denies the allegations in paragraph 35. Tennessee has not negotiated in good faith.

36. The Defendant objects to the authorization of the taking by eminent domain.

WHEREFORE, the Defendant prays that this Court:

1. Deny an Order of Judgment of Taking by Eminent Domain as to its property.

2. Deny the Plaintiff, Tennessee's, immediate entry on and possession of the property of the Defendants prior to the determination of compensation and damages upon deposit.

3. Deny preliminary and permanent injunctions enjoining the Defendant from interfering with Tennessee's proposed Tewksbury-Andover Lateral Project.

4. Award just compensation and damages with respect to the eminent domain action acquisition of its property.

5. Grant such other relief as may be just and proper.

4

## JURY DEMAND

The Defendant demands a trial by jury on all claims.

Respectfully submitted,

ELLEN A. SEXTON

By Her Attorney,

BERG AND LAIPSON

_____
John R. Maciolek BBO #556668
340 Main Street
Worcester, MA. 01608
Tel. No. 508-754-6888

## CERTIFICATE OF SERVICE

I, John R. Maciolek, hereby certify that a copy of the within Answer was mailed on March 10th 2005 to attorneys Harold W. Potter and Dianne R. Phillips of Holland and Knight LLP, 10 St. James Avenue, Boston, MA. 02116.

_____
John R. Maciolek