UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. No. 05-10284 MEL

TENNESSEE GAS PIPELINE COMPANY, )
          Plaintiff )
)
Vs. )
)
NEW ENGLAND POWER COMPANY, )
ET AL, )
          Defendants )
)

### ANSWER OF SAID ABUZAHRA, TRUSTEE OF TWO S REALTY TRUST

### NATURE OF THE CASE

1. The Defendant admits the allegations of paragraph 1.

### JURISDICTION AND VENUE

2. a) The Defendant admits the allegations of paragraph 2a.

 b) The Defendant denies the allegations of paragraph 2b. Tennessee has not negotiated in good faith.

 c) The Defendant admits the allegations of paragraph 2c.

 d) The Defendant admits the allegations of paragraph 2d.

3. The Defendant is without sufficient knowledge to admit or deny the facts contained in paragraph 3 of the Complaint.

### FACTS COMMON TO ALL

4. The Defendant is without sufficient knowledge to admit or

LAW OFFICE OF
BERG AND LAIPSON
34 MECHANIC STREET
WORCESTER, MASS. 01608

deny the facts alleged in paragraph 4 of the Plaintiff's Complaint.

    5.   The Defendant admits the allegations of paragraph 5.

    6.   The Defendant is without sufficient knowledge to admit or deny the facts alleged in paragraph 6 of Plaintiff's Complaint.

    7.   The Defendant admits the allegations of paragraph 7.

    8.   The Defendant admits the allegations of paragraph 8.

    9.   The Defendant admits the allegations of paragraph 9.

    10.   The Defendant admits the allegations of paragraph 10.

    11.   The Defendant denies the allegations of paragraph 11. Tennessee can use land owned by individuals other than the Defendant to construct its pipeline.

    12.   The Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

## COUNT X
**(Eminent Domain as to Said Abuzahra, Trustee of Two S Realty Trust)**

    85.   The Defendant realleges and incorporate herein its answers to paragraphs 1-12 of the Complaint.

    86.   The Defendant admits the allegations in paragraph 86

    87.   a) The Defendant admits the allegations in paragraph 87a.

           b) The Defendants admits the allegations in paragraph 87b.

           c) The Defendant admits the allegations in paragraph 87c.

    88.   The Defendant admits the allegations in paragraph 88.

    89.   The Defendant denies the allegations in paragraph 89. Tennessee can use land owned by others to construct its pipeline.

90. The Defendant admits the allegations in paragraph 90.

91. The Defendant denies the allegations in paragraph 91.

92. The Defendant objects to the authorization of the taking by eminent domain.

WHEREFORE, the Defendant prays that this Court:

1. Deny an Order of Judgment of Taking by Eminent Domain as to its property.

2. Deny the Plaintiff, Tennessee's, immediate entry on and possession of the property of the Defendant prior to the determination of compensation and damages upon deposit.

3. Deny preliminary and permanent injunctions enjoining the Defendant from interfering with Tennessee's proposed Tewksbury-Andover Lateral Project.

4. Award just compensation and damages with respect to the eminent domain action acquisition of its property.

5. Grant such other relief as may be just and proper.

## JURY DEMAND

The Defendants demand a trial by jury on all claims.

LAW OFFICE OF
BERG AND LAIPSON
34 MECHANIC STREET
WORCESTER, MASS. 01608

4

Respectfully submitted,

SAID ABUZAHRA, TRUSTEE OF
TWO S REALTY TRUST

By Its Attorney,

BERG AND LAIPSON

_____
John R. Maciolek BBO #556668
340 Main Street
Worcester, MA. 01608
Tel. No. 508-754-6888

### CERTIFICATE OF SERVICE

I, John R. Maciolek, hereby certify that a copy of the within Answer was mailed on March     2005 to attorneys Harold W. Potter and Dianne R. Phillips of Holland and Knight LLP, 10 St. James Avenue, Boston, MA. 02116.

_____
John R. Maciolek