Case 1:05-cv-10284-MEL    Document 20    Filed 03/21/2005    Page 1 of 4

FILED
IN CLERKS OFFICE

2005 MAR 21 P 2:28

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
DISTRICT COURT
DISTRICT OF MASS.

C. A. No. 05-10284 MEL

TENNESSEE GAS PIPELINE COMPANY,  )
            Plaintiff       )
Vs.                                )
                                   )
NEW ENGLAND POWER COMPANY,  )
ET AL,  )
           Defendants  )

## ANSWER OF JAMES ANDELLA, Trustee of J.D.B. REALTY TRUST

### NATURE OF THE CASE

1. The Defendant admits the allegations of paragraph 1.

### JURISDICTION AND VENUE

2. a) The Defendant admits the allegations of paragraph 2a.

   1. The Defendant denies the allegations of paragraph 2b. Tennessee has not negotiated in good faith.

  c) The Defendant admits the allegations of paragraph 2c.

   1. The Defendant admits the allegations of paragraph 2d.

3. The Defendant is without sufficient knowledge to admit or deny the facts contained in paragraph 3 of the Complaint.

### FACTS COMMON TO ALL

4. The Defendant is without sufficient knowledge to admit or

LAW OFFICE OF
BERG AND LAIPSON
34 MECHANIC STREET
WORCESTER, MASS. 01608

deny the facts alleged in paragraph 4 of the Plaintiff's Complaint.

5. The Defendant admits the allegations of paragraph 5.

6. The Defendant is without sufficient knowledge to admit or deny the facts alleged in paragraph 6 of Plaintiff's Complaint.

7. The Defendant admits the allegations of paragraph 7.

8. The Defendant admits the allegations of paragraph 8.

9. The Defendant admits the allegations of paragraph 9.

10. The Defendant admits the allegations of paragraph 10.

11. The Defendant denies the allegations of paragraph 11. Tennessee can use land owned by individuals other than the Defendant to construct its pipeline.

12. The Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

## COUNT XIII
(Eminent Domain as to James Andella, Trustee of J.D.B. Realty Trust)

109. The Defendant realleges and incorporate herein her answers to paragraphs 1-12 of the Complaint.

110. The Defendant admits the allegations in paragraph 110.

111. a) The Defendant admits the allegations in paragraph 111.

   b) The Defendants admits the allegations in paragraph 111.

112. The Defendant admits the allegations in paragraph 112.

113. The Defendant denies the allegations in paragraph 113.

Tennessee can use land owned by others to construct its pipeline.

114. The Defendant admits the allegations in paragraph 114.

115. The Defendant denies the allegations in paragraph 115. Tennessee has not negotiated in good faith.

1. The Defendant objects to the authorization of the taking by eminent domain.

WHEREFORE, the Defendant prays that this Court:

1. Deny an Order of Judgment of Taking by Eminent Domain as to its property.

2. Deny the Plaintiff, Tennessee's, immediate entry on and possession of the property of the Defendant prior to the determination of compensation and damages upon deposit.

3. Deny preliminary and permanent injunctions enjoining the Defendant from interfering with Tennessee's proposed Tewksbury-Andover Lateral Project.

4. Award just compensation and damages with respect to the eminent domain action acquisition of its property.

5. Grant such other relief as may be just and proper.

## JURY DEMAND

The Defendant demands a trial by jury on all claims.

4

Respectfully submitted,

JAMES ANDELLA, Trustee of
J.D.B. REALTY TRUST

By Hr Attorney,

BERG AND LAIPSON

_____
John R. Maciolek BBO #556668
340 Main Street
Worcester, MA. 01608
Tel. No. 508-754-6888


### CERTIFICATE OF SERVICE

I, John R. Maciolek, hereby certify that a copy of the within Answer was mailed on March 18 2005 to attorneys Harold W. Potter and Dianne R. Phillips of Holland and Knight LLP, 10 St. James Avenue, Boston, MA. 02116.

_____
John R. Maciolek

LAW OFFICE OF
BERG AND LAIPSON
34 MECHANIC STREET
WORCESTER, MASS. 01608