UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-10284-MEL

TENNESSEE GAS PIPELINE COMPANY, )
    Plaintiff, )
)
vs. )
)
NEW ENGLAND POWER COMPANY, ET AL. )
    Defendants and Potentially )
    Interested Parties. )
)

Vincent F. O'Rourke, Jr.
(BBO #380335)

### ANSWER OF NEW ENGLAND POWER COMPANY TO THE VERIFIED AMENDED COMPLAINT OF TENNESSEE GAS PIPELINE COMPANY

Now comes the Defendant New England Power Company ("NEP") and answers the numbered paragraphs of the Plaintiff's Verified Amended Complaint as follows:

1. The first paragraph contains a general description of the nature of the case not requiring a response. To the extent a response is required to the changes described in paragraph 1(a) of the Verified Amended Complaint, NEP incorporates its responses herein to the paragraphs referenced by paragraph 1(a).

2. NEP admits that this Court has original jurisdiction in this matter and the allegations contained in paragraph 2 of the Verified Amended Complaint lettered (a), (c) and (d) and that the parties have not reached agreement but denies the remaining allegations of paragraph 2(b).

3. NEP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3 and therefore they are denied.

4. NEP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 and therefore they are denied.

5. NEP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5 and therefore they are denied.

6. NEP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6 and therefore they are denied.

7. NEP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 and therefore they are denied.

8. NEP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 and therefore they are denied.

9. The FERC Certificate speaks for itself and therefore the allegations of paragraph 9 are denied.

10. The FERC Certificate speaks for itself and therefore the allegations of paragraph 10 are denied.

11. NEP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11 and therefore they are denied.

12. NEP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12 and therefore they are denied.

## COUNT I

13. NEP repeats and realleges its responses to paragraphs 1 through 12 above.

14. NEP admits the allegations of paragraph 14(i),(ii), (iii), (iv) and (v);

(a) NEP admits the allegation of paragraph 14(a)(i) and (ii) but is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14(a)(iii) and therefore they are denied.

(b) NEP admits that it holds an easement by virtue of an assignment dated October 28, 1936 recorded in the Registry in Book 891, Page 16 of the recorded easements alleged in the first 6 lines of paragraph 14(b) (except with respect to instruments recorded in the Registry in Book 801, Page 249; Book 801, Page 248; and Book 800, Page 597) but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 14(b) and therefore, they are denied.

(c) NEP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14(c) and therefore they are denied.

(d) NEP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14(d) and therefore they are denied.

(e) NEP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14(e) and therefore they are denied.

15. (a) NEP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15(a) and therefore they are denied.

(b) NEP admits the allegations of paragraph 15(b).

16. NEP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16 and therefore they are denied.

17. NEP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17 and therefore they are denied.

18. NEP admits that the bounds of the permanent and temporary rights of way and easements which Plaintiff seeks to obtain across NEP's Property are shown on the plans as alleged in paragraph 18. The remaining allegations of paragraph 18 are denied.

19. NEP admits that Plaintiff has been unable to obtain the easement sought by contract or to agree with NEP on the compensation and damages to be paid but denies the remaining allegations of paragraph 19.

20. Paragraph 20 constitutes a statement of law not requiring an answer.

NEP responds to the following subparagraphs containing allegations about NEP as follows:

NEP admits the allegations of paragraph 31(a), 39(b), 47(b), 55(b), 63(b), 71(c), 79(a), 87(c), 95(b), 95(c), 111(a), 119(b).

NEP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of subparagraphs 87(a) and 103(a).

The remainder of the Verified Amended Complaint contains allegations which are not germane to Plaintiff's claims against NEP and to which no responses are required by NEP. To the extent a response is required by NEP, NEP is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

## FIRST AFFIRMATIVE DEFENSE

The Verified Amended Complaint fails to state a claim for the preliminary and permanent injunctive relief sought.

WHEREFORE, NEP respectfully requests this Court to deny the relief sought by Plaintiff and, in the alternative, should the Court grant Plaintiff the relief it seeks, NEP requests that this Court also enter judgment on behalf of NEP against Plaintiff awarding NEP just compensation for its property and rights which are taken pursuant to this action and for its damages, losses, costs, interest and expenses including reasonable attorneys fees incurred as a result of Plaintiff's taking of NEP's property and rights and for such other relief as this Court finds is just and proper.

NEW ENGLAND POWER COMPANY DEMANDS TRIAL BY JURY ON ALL CLAIMS TRIABLE BY JURY.

                              NEW ENGLAND POWER COMPANY,
                              By its attorneys,

                              /s/ Vincent F. O'Rourke, Jr.
                              Vincent F. O'Rourke, Jr. (BBO #380335)
                              Bowditch & Dewey, LLP
                              311 Main Street, P.O. Box 15156
                              Worcester, MA 01615-0156
                              Tel. No.: (508) 926-3424
                              Fax No.: (508) 929-3035

Dated: April 1, 2005