UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-10284-MEL

| | | |
|---|---|---|
| | ) | Vincent F. O'Rourke, Jr. |
| TENNESSEE GAS PIPELINE COMPANY, | ) | (BBO #380335) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NEW ENGLAND POWER COMPANY, ET AL. | ) | |
| Defendants and Potentially | ) | |
| Interested Parties. | ) | |
| | ) | |

ANSWER OF MASSACHUSETTS ELECTRIC COMPANY TO
THE VERIFIED AMENDED COMPLAINT OF TENNESSEE GAS PIPELINE COMPANY

Now comes the Defendant Massachusetts Electric Company ("MEC") and answers the numbered paragraphs of the Plaintiff's Verified Amended Complaint as follows:

1.    The first paragraph contains a general description of the nature of the case not requiring a response.  To the extent a response is required to the changes described in paragraph 1(a) of the Verified Amended Complaint, MEC incorporates its responses herein to the paragraphs referenced by paragraph 1(a) of the Verified Amended Complaint.

2.    MEC admits that this Court has original jurisdiction in this matter and the allegations contained in paragraph 2 of the Verified Amended Complaint lettered (a), (c) and (d) and that the parties have not reached agreement but denies the remaining allegations of paragraph 2(b).

3.    MEC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3 and therefore they are denied.

4.      MEC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 and therefore they are denied.

5.      MEC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5 and therefore they are denied.

6.      MEC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6 and therefore they are denied.

7.      MEC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 and therefore they are denied.

8.      MEC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 and therefore they are denied.

9.      The FERC Certificate speaks for itself and therefore the allegations of paragraph 9 are denied.

10.     The FERC Certificate speaks for itself and therefore the allegations of paragraph 10 are denied.

11.     MEC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11 and therefore they are denied.

12.     MEC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12 and therefore they are denied.

Paragraphs 13 through 20 contain allegations which are not claims against MEC.

## COUNT II

21.     MEC repeats and realleges its responses to paragraphs 1 through 12 above as if the same were more fully set forth herein.

22.     MEC admits the allegations of the first sentence of paragraph 22.

-2-

{J:\CLIENTS\lit\140702\0152\00521089.DOC;1}

(a)     MEC admits the allegations of the first three lines of paragraph 22(a) but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 22(a) and therefore they are denied.

(b)     MEC admits that it holds an easement by virtue of an instrument recorded in the Registry at Book 3241, Page 185 but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 22(b) and therefore they are denied.

(c)     MEC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 22(c) and therefore they are denied.

(d)     MEC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 22(d) and therefore they are denied.

(e)     MEC admits that it holds an easement by virtue of an instrument recorded in the Registry in Book 1004, Page 489 but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 22(e) and therefore they are denied.

(f)     MEC admits that it holds an easement by virtue of an instrument dated June 4, 1993 recorded in the Registry in Book 6523, Page 295 but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 22(f) and therefore they are denied.

(g)     MEC admits that it holds an easement by virtue of an instrument dated March 11, 1970 filed with the Registered Land Section of the Registry as document no. 54165 but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 22(g) and therefore they are denied.

MEL - 05-10284

{J:\CLIENTS\lit\140702\0152\00521089.DOC;1}

(h)     MEC admits that it holds an easement by virtue of an instrument dated May 20, 1970 filed with the Registered Land Section of the Registry as document no. 54654 but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 22(h) and therefore they are denied.

(i)     MEC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 22(i) and therefore they are denied.

(j)     MEC admits that it holds an easement by virtue of an instrument dated May 20, 1970 recorded in the Registry in Book 1924, Page 266 but is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 22(j) and therefore they are denied.

23.     MEC admits the allegations of paragraph 23(a).

24.     MEC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 24 and therefore they are denied.

25.     MEC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraphs 25 and 25(a) and therefore they are denied.

26.     MEC admits that the bounds of the permanent and temporary right of way and easements which Tennessee seeks to obtain across the MEC Property are shown on the plan as alleged in paragraph 26.  MEC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 26 and therefore they are denied.

27.     MEC admits that Plaintiff has been unable to obtain the easement sought by contract or to agree with MEC on the compensation sought or damages to be paid therefore but denies the remaining allegations of paragraph 27.

MEL - 05-10284

{J:\CLIENTS\lit\140702\0152\00521089.DOC;1}

28.    Paragraph 28 constitutes a statement of law not requiring an answer.

MEC responds to the following subparagraphs containing allegations about MEC as follows:

MEC admits paragraph 95(d) and paragraph 119(c) as to the instrument recorded in the Registry in Book 1924, Page 266.

MEC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraphs 31(b), 39(c), 47(c), 55(c), 55(d), 63(c), 63(d), 71(d), 71(e), 87(b) and paragraph 119(c) as to the instrument recorded in the Registry in Book 1919, Page 567.

The remainder of the Verified Amended Complaint contains allegations which are not germane to Plaintiff's claims against MEC and to which no response is required by MEC. To the extent any response is required, MEC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

## FIRST AFFIRMATIVE DEFENSE

The Verified Amended Complaint fails to state a claim for the preliminary and permanent injunctive relief sought.

WHEREFORE, MEC respectfully requests this Court to deny the relief sought by Plaintiff and, in the alternative, should the Court grant Plaintiff the relief it seeks, MEC requests that this Court also enter judgment on behalf of MEC against Plaintiff awarding MEC just compensation for its property and rights which are taken pursuant to this action and for its damages, losses, costs, interest and expenses including reasonable attorneys fees incurred as a result of Plaintiff's taking of MEC's property and rights and for such other relief as this Court finds is just and reasonable.

MEL - 05-10284

{J:\CLIENTS\lit\140702\0152\00521089.DOC;1}

MASSACHUSETTS ELECTRIC COMPANY DEMANDS TRIAL BY JURY ON ALL

CLAIMS TRIABLE BY JURY.


MASSACHUSETTS ELECTRIC COMPANY,

By its attorneys,


/s/ Vincent F. O'Rourke, Jr._____
Vincent F. O'Rourke, Jr. (BBO #380335)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA  01608
Tel. No.: (508) 926-3424
Fax No.: (508) 929-3035


Dated:  April 1, 2005

MEL - 05-10284

{J:\CLIENTS\lit\140702\0152\00521089.DOC;1}