UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY,<br>　　　　　　　　Plaintiff<br><br>v.<br><br>NEW ENGLAND POWER COMPANY, ET AL.<br>　　　　　　　　Defendants and Potentially<br>　　　　　　　　Interested Parties. | C.A. 05-10284-MEL |

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

In accordance with Rule 56.1 of the Local Rules of the District of Massachusetts, plaintiff Tennessee Gas Pipeline Company ("Tennessee") submits this statement of undisputed facts in support of its motion for partial summary judgment against the defendants and potentially interested parties identified in the Verified Amended Complaint in Condemnation (the "Verified Amended Complaint").

**UNDISPUTED FACTS**

**The Tewksbury-Andover Lateral Project**

　　1.　　Tennessee is a natural gas transmission company primarily engaged in the business of transporting natural gas in interstate commerce, under authorization granted by and subject to the jurisdiction of the FERC. (Verified Amended Complaint, ¶ 4).

　　2.　　Tennessee holds various Certificates of Public Convenience and Necessity issued by the FERC authorizing the construction, operation and maintenance of a natural gas pipeline transportation system used for the interstate transportation of natural gas. (Verified Amended Complaint, ¶ 5).

3.    Tennessee's main transmission system extends in a northeasterly direction from its primary source of supply in Texas, Louisiana and the Gulf of Mexico through the states of Texas, Louisiana, Arkansas, Mississippi, Alabama, Tennessee, Kentucky, West Virginia, Ohio, Pennsylvania, New York, New Jersey, Connecticut, Rhode Island, Massachusetts and New Hampshire.  (Verified Amended Complaint, ¶ 6).

4.    Tennessee is now preparing to construct facilities consisting of approximately 5.31 miles of new 8-inch diameter high-pressure natural gas pipeline and appurtenant facilities (the "Tewksbury-Andover Lateral Project") necessary to provide a new, non-interruptible source of natural gas for the Wyeth-Genetic ("Wyeth") facility in the town of Andover.  (Verified Amended Complaint, ¶ 7).

5.    Approximately 1,200 linear feet of the Tewksbury-Andover Lateral Project is proposed for the town of Andover, Massachusetts with the remainder located within the town of Tewksbury, Massachusetts.  (Verified Amended Complaint, ¶ 7).

6.    The Tewksbury-Andover Lateral Project begins at a proposed interconnect with Tennessee's existing Concord Lateral in Tewksbury, and continues east parallel to the Boston & Maine Railroad until reaching the National Grid (New England Power & Massachusetts Electric) facility at which point the proposed route travels along the utility corridor for approximately four (4) miles before turning toward the Wyeth property and crossing the Shawsheen River and Route 93.  (Verified Amended Complaint, ¶ 8).

**Certification by the FERC**

7.    Tennessee is an interstate "natural gas company" within the meaning of Section 2(a) of the Natural Gas Act ("NGA"), 15 U.S.C. § 717, et. seq. qualified to construct, own, operate and maintain pipelines for the transmission of natural gas and its by-products.  (Verified Amended Complaint, ¶ 3).

8. As a natural gas company, Tennessee is subject to the regulatory jurisdiction of the FERC. (Verified Amended Complaint, ¶ 4).

9. Under Section 7(c) of the NGA, 15 U.S.C. § 717f(c), Tennessee may construct facilities and transport natural gas in certain circumstances only with the FERC's approval. (Affidavit of Michael T. Morgan, hereinafter "Morgan Aff.," ¶ 3).

10. The FERC may approve a particular § 7(c) project only after making a finding that the project is required by public convenience and necessity. (Morgan Aff., ¶ 4).

11. FERC findings are based upon an extensive review of the project and upon public proceedings in which affected parties may participate fully. (Morgan Aff., ¶ 4).

12. Tennessee has applied for, received and is the holder of a Certificate of Public Convenience and Necessity issued by the FERC on January 24, 2005 in docket number CP04-60-000 (the "FERC Certificate"), which FERC Certificate was accepted by Tennessee on February 10, 2005. (Verified Amended Complaint, ¶ 9, Exhibit A).

13. The FERC Certificate authorizes and obligates Tennessee to construct, install, operate, and maintain the Tewksbury-Andover Lateral Project, as described above. A copy of the planned route of the Tewksbury-Andover Lateral Project, as approved by the FERC, is attached to the Verified Amended Complaint as Exhibit B. (Verified Amended Complaint, ¶ 10).

14. In certifying the Tewksbury-Andover Lateral Project, the FERC stated:

> 33. Based on the discussion above, we find that Tennessee's proposal for the Tewksbury-Andover Lateral is consistent with the criteria set forth in the Certificate Policy Statement. Existing customers will not subsidize the project since it is fully subscribed and incremental rates will be charged. The project will not result in a degradation of service for existing customers and will have no adverse effect on the captive customers of other pipelines, none of whom protested the project. Finally, by routing most of the pipeline over existing right-of-way, Tennessee has minimized any adverse economic effects on landowners.

34. In addition, Bay State, as a local distribution company, provides natural gas services to residential, community, and industrial customers. The additional gas supplies it will receive from Tennessee's project will help Bay State meet the need for a second and incremental gate station off of Tennessee's pipeline to serve Bay State's Lawrence Division. Tennessee states that this additional delivery point will improve operating pressures in Bay State's Lawrence service area and help Bay State to better distribute gas supplies to heating and non-heating end-use customers. Higher operating pressures will also improve reliability on Bay State's system. Further, providing service to private companies like Wyeth is in the public interest because such entities provide jobs and generate tax income for local communities.

35. For all of these reasons, we find that construction of Tennessee's proposed Tewksbury-Andover Lateral, as modified and conditioned herein, is required by the public convenience and necessity.

(Verified Complaint, Exhibit A at 12).

**Need and Authorization for Taking By Eminent Domain**

15. The 5.31 mile route of the Tewksbury-Andover Lateral Project certified by the FERC runs through or adjacent to Massachusetts land owned by the defendants and the potentially interested parties (the "Properties") as described in Count I thru Count XVI and attached exhibits. (Verified Amended Complaint, ¶¶ 13 – 139. Exhibits C thru R).

16. Consequently, to complete the Tewksbury-Andover Lateral Project, as approved and directed by the FERC, Tennessee needs permanent and temporary easements over the Properties. (Morgan Aff., ¶ 6). These requested easements are described in more detail on plans attached to the Verified Amended Complaint as Exhibits C thru R.

17. Tennessee has written to, met with and had multiple telephone calls and conferences with the defendants or their agents in an effort to negotiate terms for the granting of the necessary easements to Tennessee. (Morgan Aff., ¶ 10).

18. Tennessee and the defendants have been unable to reach agreement. (Morgan Aff., ¶ 10).

19.     Tennessee, at its own expense, had a Certified General Real Estate Appraiser appraise, individually or in conjunction with affiliated properties, the temporary and permanent easements. (Morgan Aff., ¶ 11).

20.     Tennessee offered to pay the defendants the full amount of the appraised value of the easements or more. (Morgan Aff., ¶ 11).

21.     The defendants, however, rejected Tennessee's offers of compensation. (Morgan Aff., ¶ 11).

22.     Tennessee has been unable to reach a final agreement with the defendants as to either the form of the easements or the amount of compensation and damages to be paid to them.[1] (Morgan Aff., ¶ 12).

23.     The Tewksbury-Andover Lateral Project cannot be constructed, as approved by the FERC, unless Tennessee acquires permanent and temporary easements over the Properties described in the Verified Amended Complaint. These easements are necessary for constructing, maintaining, operating, altering, testing, replacing, repairing, abandoning and removing the FERC-certified Tewksbury-Andover Lateral Project. A temporary easement is requested as of the date of the authorized entry onto the properties and continuing until twelve months after completion of construction or until all work, including restoration is complete. (Verified Amended Complaint, ¶ 11).

24.     January 24, 2006 is Tennessee's deadline for placing the Tewksbury-Andover Lateral Project in service. (Verified Amended Complaint, ¶ 12, Morgan Aff., ¶ 15, Affidavit of Matt Griswold, hereinafter "Griswold Aff.," ¶ 3).

---

[1]     Tennessee is willing to place a sum of money representing the appraised value of the land into a court account or post a bond as a condition of the requested relief. (Morgan Aff., ¶ 13).

25.    To meet this deadline, Tennessee must begin constructing this project during the summer of 2005. (Verified Amended Complaint, ¶ 12, Morgan Aff., ¶ 15, Griswold Aff., ¶¶ 4, 8).

26.    Before construction begins, Tennessee must special order materials, schedule and mobilize labor, and otherwise take costly and time consuming steps to keep a multi-million dollar construction project on schedule. (Griswold Aff., ¶¶ 5-14).

27.    Failure to complete construction in a timely manner will have adverse consequences for Wyeth and Tennessee. (Morgan Aff., ¶¶ 14-15; Griswold Aff., ¶¶ 3-10).

28.    Any delay in the completion of the Tewksbury-Andover Lateral Project will likely disrupt construction deadlines, budgets and service agreements already in place. (Griswold Aff., ¶¶ 5-14).

29.    Timely completion of the Tewksbury-Andover Lateral Project will help ensure that New England customers, including specifically Wyeth, will have an additional supply of natural gas. (Morgan Aff., ¶ 14).

Respectfully submitted,

TENNESSEE GAS PIPELINE COMPANY

By its Attorneys,

HOLLAND & KNIGHT LLP

___/s/ Harold W. Potter, Jr._____
Harold W. Potter, Jr. (BBO # 404240)
Dianne R. Phillips (BBO # 552982)
Jennifer L. Antoniazzi (BBO #654653)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

CERTIFICATE OF SERVICE

I, Harold W. Potter, Jr., hereby certify that on April 4, 2005, I have served the within document by mailing postage prepaid via first class mail to the parties listed on the attached Service List.

                                              /s/ Harold W. Potter, Jr.
                                              Harold W. Potter, Jr.

Dated: April 4, 2005

# 2741164_v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>NEW ENGLAND POWER COMPANY et al.<br><br>Defendants and Potentially<br>Interested Parties. | C.A. 05-10284-MEL |

## SERVICE LIST

| | |
|---|---|
| Celia B. O'Brien, Esq.,<br>National Grid, U.S.A., Legal Department<br>25 Research Drive<br>Westborough, MA  01582<br><br>Counsel for:<br>New England Power Company and<br>Massachusetts Electric Company<br><br>And<br><br>Vincent F. O'Rourke, Esq.<br>Bowditch & Dewey<br>311 Main Street<br>Worcester, MA  01615 | John R. Maciolek, Esq.<br>Berg & Laipson<br>34 Mechanic Street<br>Worcester, MA  01608<br><br>Counsel for:<br>Ellen A. Sexton, Donald C. Power and Donna J. Power, Thomas J. Kachoris and Elizabeth M. Kachoris, Said Abuzahra, Trustee of Two S Realty Trust, John J. McDevitt, Jr., Kevin P. McDevitt, Brian G. McDevitt, Dennis C. McDevitt and Michael W. McDevitt, Judith Wein and Paul Woods, Trustees of JW South Street Realty Trust, Brian and Allyson Gangemi, Richard D. Bramante, Elizabeth A. Kelly, James Andella, Trustee of J.D.B. Trust, Holly C. Sughrue and Richard J. Sughrue, III |
| Eustachio P. Simone<br>Pro Se<br>245 Lancaster Drive<br>Tewksbury, MA  01876 | Michael A. Gerstein, Esq.<br>Lora M. McSherry, Esq.<br>Phillips, Gerstein, Holber & Channen LLP<br>25 Kenoza Avenue<br>Haverill, MA  01830<br><br><br>Counsel for:<br>Armindo G. Dias and Sara Lou Dias |

| | |
|---|---|
| Robert B. Cullerford, Esq.<br>Iron Horse Park<br>High Street<br>North Billerica, MA 01862<br><br>Counsel for:<br>Boston & Maine Corporation | Richard P. Owens, Esq.<br>Verizon<br>185 Franklin Street, 13th Floor<br>Boston, MA 02110-1585<br><br>Counsel for:<br>Verizon New England, Inc |