UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. 05-10284-MEL

TENNESSEE GAS PIPELINE COMPANY, )
                                      Plaintiff )
Vs. )
 )
NEW ENGLAND POWER COMPANY et al )
     Defendants and Potentially )
     Interested Parties )

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR ENTRY AND POSSESSION

The Defendant, Elizabeth A. Kelly, submits this Memorandum in Opposition to the Plaintiff's, Tennessee Gas Pipeline Company, Motion for Partial Summary Judgment and Plaintiff's Motion For Entry and Possession.

### INTRODUCTION

This is an eminent domain action brought by a natural gas pipeline company, Tennessee Gas Pipeline Company. The pipeline company seeks immediate entry onto the Kelly's property for the purpose of constructing a natural gas pipeline. Although the pipeline company has obtained a certificate from the Federal Energy Regulatory Commission, the pipeline company has not made any efforts to insure that construction of the pipeline across the Kelly's property will be done in a professional and diligent manner. Additionally, the pipeline company has not engaged in a good faith effort to purchase the easement rights prior to using this Court to enhance

effort to purchase the easement rights prior to using this Court to enhance its bargaining power.

## ARGUMENT

A. <u>Entry onto the Kelly property</u>

Before this Court allows the pipeline company to steamroll onto the Kelly property, the Court should insure that the pipeline company will restore the right-of-way in a professional manner. To date there are no safeguards in place for the defendant to resolve any questions or concerns relative to the construction of the project and its aftermath. This Court should insure that the entry onto the Defendant's property occur, if at all, with as many reasonable safeguards that will protect the integrity of the Defendants' property.

More specifically, the Court should order that Tennessee Gas be required to limit its hours of operation from Monday through Friday from 8:00 a.m. to 3:00 p.m.; establish a twenty-four hour complaint hot line to allow land owners to conveniently make contact regarding any construction related issues; provide two weeks notification prior to the start of construction; provide twenty-four hour notification prior to any nearby blasting; provide adequate portable restroom facilities for construction workers; provide adequate waste receptacles for the contractors and employees of Tennessee Gas; install or erect appropriate fencing and warning signs and other appropriate barriers around the construction site; and such other measures that this Court finds reasonable and just.

B.     <u>Deposit with the court.</u>

To date, Tennessee Gas has not made a deposit into the Court consistent with the Federal Rules of Procedure 71 (a), Section J which provides that "the Plaintiff shall deposit with the Court any money required by law as a condition for the exercise of the power of eminent domain."  The Court should note that Section 7(h) of the Natural Gas Act, (NGA), 15 U. S. C. Section 17F (h) provides that "the practice or procedure for that purpose in the District Court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the state where the property is situated."  Thus, the practice and procedure of the state courts in the Commonwealth of Massachusetts is controlled by Massachusetts General Law Chapter 79.  With regard to the practice and procedure for making provisional payments, Massachusetts General Law Chapter 79, Section 8A requires that a taking authority provide a pro tanto payment to the land owner. Specifically, Massachusetts General Law Chapter 79, Section 8A states "the Board of Offices who have made a taking under this chapter <u>shall</u>, offer in writing to every person entitled to damages on account of such taking a reasonable amount which said Board is willing to pay, either in settlement under Section 39 of all damages for such taking with interest thereon with taxable costs, if any, or as a payment pro tanto".  No such payment has been made to the Powers. Therefore, the Plaintiff has not yet complied with the Federal Rules

Of Civil Procedure. Additionally, Federal law requires a deposit to be made to the court. See generally 40 USC, Section 258(a).

Under these circumstances, the land owners whose rights are being infringed upon should be paid immediately. Even with a final right of adjudication, Elizabeth A. Kelly still is unduly prejudiced by not obtaining a provisional payment. One purpose of a provisional payment is to provide ready capital for them to retain the experts necessary to pursue a fair and final resolution.

### C. Negotiations

To date, the negotiations surrounding the value of the easement rights sought by Tennessee Gas have not been completed. Although the Plaintiff asserts that they have contacted Elizabeth A. Kelly on many occasions, the Plaintiff has never offered Elizabeth A. Kelly a fair and reasonable amount of compensation for the easement rights. The Court should not allow Tennessee Gas to gain entry until those discussions are finally complete. If there can be no resolution short of the Court adjudicating the issue of the compensation, then the Court can conduct such a hearing at any time. Conversely, if the parties are able to agree to an amount of compensation, then there is no time like the present.

### CONCLUSION

For all the foregoing reasons, Elizabeth A. Kelly respectfully requests that the Court deny the Plaintiff's Motion for Partial Summary Judgment and

5

Plaintiff's Motion for Entry and Possession.

        ELIZABETH A. KELLY

        By: */s/ John R. Maciolek*
        John R. Maciolek/BBO #556668
        Berg and Laipson
        34 Mechanic Street
        Worcester, MA. 01608
        Tel. No. (508) 754-6888

## CERTIFICATE OF SERVICE

  I, John R. Maciolek, hereby certify that a copy of the within was mailed, postage prepaid, on April 22, 2005, to Harold W. Potter, Jr. and Dianne R. Phillips of Holland & Knight L. L. P., 10 St. James Avenue, Boston, Massachusetts 02116.

            */s/ John R. Maciolek*
            John R. Maciolek