UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Tennessee Gas Pipeline Company )<br>)<br>Plaintiff, )<br>v. )<br>)<br>New England Power Company and )<br>Approximately 3.45 Acres of Permanent )<br>Easement, 2.79 Acres of Temporary Work )<br>Space, and 0.32 Acres of Additional )<br>Temporary Work Space; and potentially )<br>interested parties, Colonial Beacon Oil )<br>Company, and New England Power )<br>Company successor to New England Power )<br>Engineering & Service Corporation; et. al. )<br>)<br>Defendants ) | No.: 05-CV-10284-MEL |

**OPPOSITION OF DEFENDANTS ARMINDO G. DIAS AND SARA LOU DIAS TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND FOR ENTRY AND POSSESSION[1]**

**Statement of Material Facts In Controversy Pursuant to L.R. 56.1**

Defendants do not dispute paragraphs 1 through 18 of the Plaintiff's Statement of Facts filed in Support of its Motion For Partial Summary Judgment.

1. Defendants dispute the assertion that the appraisal performed by the Plaintiff's appraisers should automatically be regarded as fair and/or addresses the factors included in computing the full extent of damages suffered by the Defendants as a result of having their land encumbered by the pipeline.[2] (See ¶ 19 through 22 of the Plaintiff's Statement of Facts).

2. The amount of damages, including the determination of the value of the Defendant's real estate, for the purpose of awarding just compensation for this taking is a question of fact. Further, Defendants dispute the allegations of the Plaintiff that their computations encompass the full extent of damages owed the Defendants. (See ¶ 19 through 22 of the Plaintiff's Statement of Facts).

---

[1] Defendants' (ASSENTED) Motion For Leave to File this Opposition Late is attached hereto.

[2] Defendants' counsel have contacted an expert, Peter Stanhope of the Stanhope Group in Portsmouth, New Hampshire regarding this issue. However, given the early stage of this litigation and the filing of this Motion For Partial Summary Judgment, the Defendants are unable to present an Affidavit from said expert for this Opposition. (See Affidavit of Attorney Lora McSherry attached hereto)

3.      Whether the Plaintiff negotiated, in good faith, an adequate and fair amount of compensation is a question of fact. (See ¶ 19 through 22 of the Plaintiff's Statement of Facts).

## ARGUMENT

### A. The Amount of the Escrow and Bond Proposed by the Plaintiff is Insufficient to Justify The Allowance of The Motion For Entry and Possession

The Plaintiff has requested that this Court allow it the immediate right of entry and possession of the Defendants' land. They have offered as a condition to post a bond or establish an account with the Court in the "full amount of the appraised value of the easement". (See Plaintiff's Statement of Undisputed Facts, Page 5 footnote 1). Plaintiff asserts that value to be $3800.00. (Offer from Harold Potter, counsel for the Plaintiff to the Defendants, dated January 28, 2005)

This amount is clearly insufficient as it fails to encompass the full extent of potential damages. This Court found in the recent case of <u>Portland Natural Gas Transmission System v. 19.2 Acres of Land, More or Less, In Haverhill, MA, et al.</u>, 318 F3d 279 (2003), that landowners are entitled to recover for all incidental effects of the pipeline that impair the value of their land. This includes not only the lost value of the encumbered land, but any damages to the remainder that are to be reasonably anticipated from use of the property for the purpose for which the condemnation is made. <u>Id</u> at 283. Thus, the owners of the land in the industrial park, which was primarily vacant, were awarded compensation in the amount of $152,677.00 for the damages to encumbered land, the remaining land and the land temporarily taken.

In the case at bar, Defendants assert that the potential damages they will suffer will most likely exceed those suffered even by the landowner in <u>Portland Natural Gas Transmission System v. 19.2 Acres of Land, More or Less, In Haverhill, MA, et al.</u>. Defendants allege that the potential diminution in value in a residential neighborhood is greater than that of an industrial park. Further, the amount offered by the Plaintiffs, as compensation to the Defendants' is wholly inadequate as it

fails to address and encompass the other factors set out by this Court. As such, it is insufficient to justify the allowance of it s motion before the Court.

### B. Defendants Request That This Court Order the Plaintiff to Abide by Certain Conditions During and After Construction

Assuming <u>arguendo</u>, that this Court grants the Plaintiff s Motion For Partial Summary Judgment, the Defendants request that the Order include conditions to be followed by the Plaintiff during and after construction. Specifically, Defendants request:

1. That the land be returned to the state that it was prior to construction, including the removal of all debris and materials caused by the construction and reimbursement for any landscaping which becomes necessary.

2. That the Defendants be given notice at least 48 hours in advance of any work being performed on their property.

3. And such other conditions as this Court deems fair and reasonable after this hearing.

### CONCLUSION

Based on the foregoing, Defendants request that this Court deny the Motion For Summary Judgment.

                                        Respectfully Submitted
                                        **Armindo G. Dias and Sara Lou Dias**
                                        By Their Attorney

Dated: April 28, 2005           s/Lora M. McSherry
                                          Lora M. McSherry, Esq.
                                          BBO #551695
                                          Phillips, Gerstein, Holber & Channen, LLP
                                          25 Kenoza Avenue
                                          Haverhill, MA 10835
                                          (978) 374-1131

## CERTIFICATE OF SERVICE

Now comes the undersigned and certifies that on April 25ᵗʰ, 2005 she served the within documents to all counsel and pro se defendants set forth on the attached Service List via First-Class Mail and to Plaintiff's counsel via Fax.

                                                            s/Lora M. McSherry
                                                       Lora M. McSherry, Esq.

## SERVICE LIST

| | |
|---|---|
| Harold W. Potter, Esq.<br>Dianne R. Phillips, Esq.<br>10 James Street<br>Boston, MA 02116<br><br>Counsel for:<br>Tennessee Gal Pipeline Company | Eustachio P. Simone<br>Pro Se<br>245 Lancaster Drive<br>Tewksbury, MA 01876 |
| Celia B. O'Brien, Esq.<br>National Grid, U.S.A., Legal Department<br>25 Research Drive<br>Westborough, MA 01582<br><br>Counsel for:<br>New England Power Company and Massachusetts Electric Company<br><br>And<br><br>Vincent F. O'Rourke, Esq.<br>Bodwitch & Dewey<br>311 Main Street<br>Worcester, MA 01615 | John R. Maciolek, Esq.<br>Berg & Laipson<br>34 Mechanic Street<br>Worcester, MA 01608<br><br>Counsel for:<br>Ellen A. Sexton, Donald C. Power and Donna J. Power, Thomas J. Kachoris and Elizabeth M. Kachoris, Said Abuzahra, Trustee of Two S Realty Trust, John J. McDevitt, Jr., Kevin P. McDevitt, brian G. McDevitt, Dennis C. McDevitt and Michael W. McDevitt, Judith Wein and Paul Woods, Trustees of JW South Street Realty Trust, Brian and Allyson Gangemi, Richard D. Bramantem Elizabeth A. Kelly, James Andella, Trustee of J.D.B. Trust, Holly C. Shugrue and Richard J. Shugrue III |

| | |
|---|---|
| Robert B. Cullerford, Esq.<br>Iron Horse Park<br>High Street<br>North Billerica, MA 01862<br><br>Counsel for:<br>Boston & Maine Corporation | Richard P. Owens, Esq.<br>Verizon<br>185 Franklin Street, 13th Floor<br>Boston, MA 02110-1585<br><br>Counsel for:<br>Verizon New England, Inc. |

G:\LORA\Dias\Opposition to Summary Judgment with attachments.wpd

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Tennessee Gas Pipeline Company | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| New England Power Company and | ) | |
| Approximately 3.45 Acres of Permanent | ) | |
| Easement, 2.79 Acres of Temporary Work | ) | No.: 05-CV-10284-MEL |
| Space, and 0.32 Acres of Additional | ) | |
| Temporary Work Space; and potentially | ) | |
| interested parties, Colonial Beacon Oil | ) | |
| Company, and New England Power | ) | |
| Company successor to New England Power | ) | |
| Engineering & Service Corporation; et. al. | ) | |
| | ) | |
| Defendants | ) | |

**MOTION FOR LEAVE TO FILE OPPOSITION TO PARTIAL
SUMMARY JUDGMENT LATE
(ASSENTED TO BY PLAINTIFF S COUNSEL)**

    Now come the Defendants, Armindo G. Dias and Sara Lou Dias, and request this Court allow them to file their Opposition to Partial Summary Judgment late. As a basis, Plaintiff s Counsel has assented to this Motion.

                                              Respectfully Submitted
                                              **Armindo G. Dias and Sara Lou Dias**
                                              By Their Attorney

Dated: April 28, 2005                s/Lora M. McSherry
                                       Lora M. McSherry
                                       B.B.O. #551695
                                     **Phillips, Gerstein, Holber & Channen LLP**
                                       25 Kenoza Avenue
                                       Haverhill, MA 01830
                                       (978) 374-1131

Assented to:
 s/
Harold W. Potter, Counsel for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Tennessee Gas Pipeline Company | ) |
| | ) |
|       Plaintiff, | ) |
| v. | ) |
| | ) |
| New England Power Company and | ) |
| Approximately 3.45 Acres of Permanent | ) |
| Easement, 2.79 Acres of Temporary Work | )   No.: 05-CV-10284-MEL |
| Space, and 0.32 Acres of Additional | ) |
| Temporary Work Space; and potentially | ) |
| interested parties, Colonial Beacon Oil | ) |
| Company, and New England Power | ) |
| Company successor to New England Power | ) |
| Engineering & Service Corporation; et. al. | ) |
| | ) |
|       Defendants | ) |

## AFFIDAVIT OF LORA M. McSHERRY, COUNSEL FOR DEFENDANTS ARMINDO G. DIAS AND SARA LOU DIAS

I, Lora M. McSherry, hereby depose and say:

1. I am an attorney in the Commonwealth of Massachusetts.

2. I represent the Defendants, Armindo G. Dias and Sara Lou Dias, in the above-captioned matter.

3. Both my clients and myself have consulted with Peter Stanhope of The Stanhope Group to act as an expert appraiser in this matter.

4. These discussions are currently proceeding and Mr. Stanhope is reviewing this matter on behalf of the Defendants.

Signed under the pains and penalties of perjury this 28th day of April, 2005.


Dated: April 28, 2005              s/Lora M. McSherry
                                            Lora M. McSherry
                                            B.B.O. #551695
                                            **Phillips, Gerstein, Holber & Channen LLP**
                                            25 Kenoza Avenue
                                            Haverhill, MA  01830
                                            (978) 374-1131

G:\LORA\Dias\Opposition to Summary Judgment with attachments.wpd