UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY,<br><br>                              Plaintiff,<br><br>vs.<br><br>NEW ENGLAND POWER COMPANY et al.<br><br>           Defendants and Potentially<br>             Interested Parties. | C.A. 05-10284-MEL |

## MOTION FOR LEAVE TO FILE REPLY MEMORANDUM
## AND REPLY MEMORANDUM

Now comes Plaintiff Tennessee Gas Pipeline Company ("Tennessee") and hereby moves

for leave to file the within Reply Memorandum to respond to requests by various landowners for

the imposition of conditions in any order issued by the Court. Specifically, as described during

oral argument on April 26, 2005, Tennessee believes that all of the issues raised by Defendant

landowners were fully and finally resolved by the Federal Energy Regulatory Commission

("FERC") when it issued the FERC Certificate in this case. Therefore, Tennessee respectfully

suggests this Court, like the courts in <u>Tennessee Gas Pipeline Company v. Massachusetts Bay</u>

<u>Transportation Authority</u>[1] and <u>Guardian Pipeline, L.L.C. v. 529.42 Acres of Land</u>[2] should refuse

to impose any conditions in granting Tennessee's motion for partial summary judgment and

immediate entry and possession, other than the requirement that Tennessee comply with the

conditions imposed by the FERC Certificate and related permits.

With the exception of New England Power Company and Massachusetts Electric

Company, all of the remaining Defendants ask this Court to impose specific conditions on

Tennessee's proposed construction. Specifically, Armindo and Sara Lou Dias asked the Court to

---

[1] 2 F. Supp. 2d 106 (D. Mass. 1998) (hereinafter "Tennessee I").
[2] 210 F. Supp. 2d 971 (N.D. Ill. 2002) (hereinafter "Guardian Pipeline").

order Tennessee to return their property "to the state that it was prior to construction, including the removal of all debris and materials caused by the construction and reimbursement for any landscaping which comes necessary" and provide "notice at least 48 hours in advance of any work being performed on their property." The remaining landowners argued "the Court should ensure that the pipeline company will restore the right-of-way in a professional manner" and specifically requested the following conditions:

- Limit Tennessee's hours of operations from Monday through Friday from 8:00 a.m. to 3:00 p.m.

- Establish a 24-hour complaint hotline.

- Provide two weeks notice prior to the start of construction.

- Provide 24-hour notice prior to any nearby blasting.

- Provide adequate portable restrooms facilities.

- Provide adequate waste receptacles.

- Install appropriate fencing and warning signs.

Lastly, defendant J.W. South Street Realty Trust further requested this Court order a route change from the route certificated by the FERC. None of the defendants cite any legal authority for their requests.

None of these conditions are necessary or permissible. As this Court previously recognized:

> The District Court's sole charge and authority is to evaluate the scope of the FERC Certificate, and order condemnation of property in accordance with that scope. ... This Court has simply no power to impose conditions concerning safety or potential for interference with others' property rights on a pipeline company's exercise of the authority granted by FERC.[3]

---

[3] Tennessee I, 2 F. Supp. 2d at 110 (Lasker, J.); see also Guardian Pipeline, 210 F. Supp. 2d at 974 ("The validity and conditions of the FERC Certificate cannot be collaterally attacked in district court. ... This court's role is mere enforcement.").

These principles were followed in the Guardian Pipeline case where that Court found that the "FERC Certificate is the conclusive answer to most of these objections and defenses"[4] finding FERC had determined the route, depth of cover, topsoil segregation procedures, and a host of other matters. Moreover, "FERC ha[d] made it clear that it will monitor the construction and will enforce the requirements. Landowners who believe that plaintiff is not in compliance with any requirement may complain directly to FERC." Id.

The same is true here. The FERC Certificate, Exh. A to the Verified Complaint in Condemnation, contains twelve (12) conditions, including the requirement that Tennessee follow the construction procedures and mitigation measures described in its application and supplements, totaling hundreds of pages available in the FERC electronic docket, CP04-60-000, and as identified in the Environmental Assessment ("EA"), a portion of which was attached to the Affidavit of Dal Beck previously filed. Each and every concern raised by landowners herein was addressed in the FERC proceeding in some fashion.

Specifically, FERC Condition #7 requires Tennessee develop and implement an environmental complaint procedure, which it has done. Signage and fencing of the work area must be in place before work can begin under both the terms of the FERC Certificate and the Tewksbury Order of Conditions issued for this project. Unless specifically permitted by the Town, the Town of Tewksbury ordinance section 8.12.060 sets construction work hours at 7 am to 7 pm, Monday through Saturday, which was adopted by FERC (described as "daylight hours" in the EA, p. 27-28, attached to the Affidavit of Dal Beck as Exh. B). Moreover, shortening the working hours would only serve to increase the numbers of days work would be conducted on any given property. Debris removal and blasting are covered by the FERC required and standardized "Upland Erosion Control, Revegetation, and Maintenance Plan" incorporated by

---

[4] Guardian Pipeline, 210 F. Supp. 2d at 974.

reference into the FERC Certificate.  Restoration of the right-of-way is fully described in

Tennessee's application and supplements and must be "proceeding satisfactorily" before

Tennessee will be authorized to commence service under FERC Condition #10.  Lastly, pursuant

to FERC Condition #4, "Tennessee's exercise of eminent domain authority … must be consistent

with [the] authorized facilities and locations" which include the specified route across the JW

South Street property.

        As described in the proposed Orders, attached hereto as Exhibit A, this Court should

require that Tennessee comply with the terms and conditions of the FERC Certificate and related

permits as the appropriate exercise of its role "of mere enforcement."[5]

                            Respectfully submitted,

                            TENNESSEE GAS PIPELINE COMPANY

                            By its Attorneys,

                            HOLLAND & KNIGHT LLP

                            Harold W. Potter, Jr. (BBO # 404240)
                            Dianne R. Phillips (BBO # 552982)
                            Jennifer L. Antoniazzi (BBO #654653)
                            10 St. James Avenue
                            Boston, MA  02116
                            (617) 523-2700


                    CERTIFICATE OF SERVICE

        I, Dianne R. Phillips hereby certify that on  5/19 , 2005, I have served the within

document by mailing postage prepaid via first class mail to the parties listed on the attached

Service List.

---

[5] Tennessee I, 2 F. Supp. 2d at 110.

## SERVICE LIST

| | |
|---|---|
| Vincent F. O'Rourke, Esq.<br>Bowditch & Dewey<br>311 Main Street<br>Worcester, MA 01615<br><br>Counsel for:<br>New England Power Company and<br>Massachusetts Electric Company | John R. Maciolek, Esq.<br>Berg & Laipson<br>34 Mechanic Street<br>Worcester, MA 01608<br><br>Counsel for:<br>Ellen A. Sexton, Donald C. Power and Donna J. Power, Thomas J. Kachoris and Elizabeth M. Kachoris, Said Abuzahra, Trustee of Two S Realty Trust, John J. McDevitt, Jr., Kevin P. McDevitt, Brian G. McDevitt, Dennis C. McDevitt and Michael W. McDevitt, Judith Wein and Paul Woods, Trustees of JW South Street Realty Trust, Brian and Allyson Gangemi, Richard D. Bramante, Elizabeth A. Kelly, James Andella, Trustee of J.D.B. Trust, Holly C. Sughrue, Richard J. Sughrue, III, and Eustachio P. Simeone |
| Michael A. Gerstein, Esq.<br>Lora M. McSherry, Esq.<br>Phillips, Gerstein, Holber & Channen LLP<br>25 Kenoza Avenue<br>Haverill, MA 01830<br><br><br>Counsel for:<br>Armindo G. Dias and Sara Lou Dias | Richard P. Owens, Esq.<br>Verizon<br>185 Franklin Street, 13th Floor<br>Boston, MA 02110-1585<br><br><br>Counsel for:<br>Verizon New England, Inc. |
| Gregory T. Arnold, Esq.<br>Brown Rudnick Berlack Israels LLP<br>One Financial Center<br>Boston, MA 02111<br><br><br>Counsel for:<br>USAA Federal Savings Bank | |

# EXHIBIT A
# PROPOSED ORDERS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY, <br><br>                             Plaintiff, <br><br>     vs. <br><br> NEW ENGLAND POWER COMPANY and APPROXIMATELY 3.45 ACRES of PERMANENT EASEMENT, 2.79 ACRES of TEMPORARY WORK SPACE, and 0.32 ACRES of ADDITIONAL TEMPORARY WORK SPACE; and potentially interested parties, COLONIAL BEACON OIL COMPANY, and NEW ENGLAND POWER COMPANY successor to New England Power Engineering & Service Corporation; <br><br>              Defendants and Potentially <br>                  Interested Parties. | C.A. 05-10284-MEL |

## <u>ORDER ISSUING JUDGMENT OF TAKING BY EMINENT DOMAIN</u>

Upon Plaintiff's Motions for Partial Summary Judgment and For Entry and Possession, with supporting legal memorandum and affidavits, and after a hearing and the opportunity to submit briefs, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.       Plaintiff Tennessee Gas Pipeline Company's ("Tennessee") motions for partial summary judgment and for entry and possession are hereby GRANTED;

2.       Tennessee shall comply with all conditions imposed by the Federal Energy Regulatory Commission in the Order Issuing Certificate in Docket No. CP04-60-000 dated January 24, 2005, and related permits;

3.       Pursuant to § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), judgment of taking by eminent domain is hereby granted to Tennessee, its successors and assigns, for the permanent and perpetual rights-of-way and easements for the purpose of constructing, maintaining (including but not limited to the right from time to time to cut and remove all trees,

including trees considered as a growing crop, all undergrowth and any other obstructions or

structures that may injure, endanger or interfere with the construction and use of said pipeline

and fittings and appliances appurtenant to any of said lines), operating, testing, replacing,

repairing, abandoning and/or removing an 8-inch natural gas pipeline and all related equipment

and appurtenances thereto (including but not limited to meters, fittings, tie-overs, valves, and

cathodic protection equipment) pursuant to a Certificate of Public Convenience and Necessity

issued by the Federal Energy Regulatory Commission ("FERC") on January 24, 2005 in docket

number CP04-60-000 (the "FERC Certificate), including the right to all subsurface lateral

support on other adjoining lands which are necessary to maintain the pipeline, access thereto on,

over, under and/or through the property, along with a temporary construction easement until all

work, including restoration and revegetation, is complete, as shown on plans attached hereto

entitled (i) Proposed 8" Tewksbury/Andover Lateral, New England Power Company Property,

Middlesex County, Massachusetts, TB-K12-270B-600-2, (ii) Proposed 8" Tewksbury/Andover

Lateral, New England Power Company Property, Middlesex County, Massachusetts, TB-K12-

270B-600-3, (iii) Proposed 8" Tewksbury/Andover Lateral, New England Power Company

Property, Middlesex County, Massachusetts, TB-K12-270B-600-26 & 28, (iv) Proposed 8"

Tewksbury/Andover Lateral, New England Power Company Property, Middlesex County,

Massachusetts, TB-K12-270B-600-34 & 35, and (v) Proposed 8" Tewksbury/Andover Lateral,

New England Power Company Property, Middlesex County, Massachusetts, TB-K12-270B-600-

38 & 38.01, which property is owned by New England Power Company ("NEP") by virtue of the

following deeds:  (i) Deed from Odina Martel and Agnes Martel to NEP dated September 27,

1956, and recorded with the Middlesex North District Registry of Deeds ("Registry") in Book

1352, Page 515; and (ii) deed from New England Power Engineering & Service Corporation to

2

NEP dated October 28, 1936, and recorded with the Registry in Book 891, Page 18; and (iii) deed from New England Power Service Company to NEP dated October 28, 1936, and recorded with the Registry in Book 891, Page 15; and (iv) deed from New England Power Construction Company to NEP dated May 17, 1932, and recorded with the Registry in Book 814, Page 288; and (v) deed from Harry Schlesinger to NEP dated September 16, 1957, and recorded with the Registry in Book 1384, Page 538, said permanent and perpetual right-of-way and easement shall run with the land and shall be binding upon, inure to the benefit of, and be enforceable by Tennessee and its successors and assigns without regard to non-use or limited use of the rights granted in this document unless said rights are abandoned by Tennessee through the use of a written statement indicating Tennessee's clear intention to abandon certain rights and only such rights clearly indicated as being abandoned in such written statement shall be abandoned, with all other rights granted herein reserved to Tennessee, its successors and assigns;

4.     No trees, including trees considered as a growing crop, may be planted on the permanent right-of-way and easement. No excavation, change of grade, nor water impoundment and no structure shall be allowed, erected or placed on the permanent right-of-way and easement granted herein without the prior written consent of Tennessee.

5.     Tennessee may record a certified copy of this Order and the plans referred to above with the applicable Registry of Deeds and/or Registry District of the Land Court;

6.     Tennessee's title to the permanent and perpetual right-of-way and easement described above shall vest fully and immediately upon entry of this Order, and shall not be subject to any restrictions, limitations or conditions, including, without limitation, the property rights of the following: (a) NEP Order of Taking dated March 27, 1930 recorded in the Registry in Book 788, Page 174; (b) NEP easement dated April 28, 1930 recorded in the Registry in Book

789, Page 104; (c) NEP easement dated July 16, 1928 recorded in the Registry in Book 911, Page 52; (d) NEP easement by virtue of an assignment dated October 28, 1936 recorded in the Registry in Book 891, Page 16 of easements recorded in the Registry at Book 800, Page 302, Book 799, Page 577, Book 800, Page 596, Book 800, Page 190, Book 801, Page 284, Book 801, Page 249, Book 800, Page 192, Book 801, Page 248, Book 805, Page 427, Book 800, Page 593, Book 800, Page 595, Book 800, Page 597, Book 800, Page 594, Book 802, Page 216, Book 800, Page 598, Book 801, Page 284, Book 800, Page 189, Book 800, Page 193; (e) NEP easement by virtue of an instrument dated May 5, 1937 recorded in Book 899, Page 228; (f) NEP easement by virtue of an instrument dated November 25, 1974 recorded in Book 2134, Page 18; (g) NEP easement by virtue of an instrument dated June 30, 1970 filed with the Registered Land Section of the Registry as document no. 54737 and noted on Transfer Certificate of Title no. 22255 filed in Book 114, Page 109; (h) Colonial Beacon Oil Company, easement holder by two instruments dated March 17, 1947 recorded in the Registry in Book 1063, Page 163 and Book 1063, Page 177; (i) New England Power Company, as assignee of an easement granted to New England Power Engineering & Service Corporation by instrument dated October 28, 1936 recorded in the registry in Book 891, Page 16; (j) NEP easement by virtue of an instrument dated August 31, 1942 recorded in the Registry in Book 983, Page 86; (k) NEP easement by virtue of an instrument dated August 14, 1958 recorded in the Registry in Book 1413, Page 205; (l) NEP easement by virtue of an instrument dated July 14, 1958 recorded in the Registry in Book 1407, Page 477; and (m) NEP easement by virtue of an instrument dated April 5, 1944 recorded in the Registry in Book 1006, Page 78.

SO ORDERED THIS _____ DAY OF MAY, 2005.


_____
Morris E. Lasker
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY,<br><br><center>Plaintiff,</center><br>vs.<br><br>MASSACHUSETTS ELECTRIC COMPANY and APPROXIMATELY 0.20 ACRES of PERMANENT EASEMENT and 0.10 ACRES of TEMPORARY WORK SPACE; and potentially interested party, NEW ENGLAND POWER COMPANY;<br><br><center>Defendants and Potentially Interested Parties.</center> | C.A. 05-10284-MEL |

## ORDER ISSUING JUDGMENT OF TAKING BY EMINENT DOMAIN

Upon Plaintiff's Motions for Partial Summary Judgment and For Entry and Possession, with supporting legal memorandum and affidavits, and after a hearing and the opportunity to submit briefs, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    Plaintiff Tennessee Gas Pipeline Company's ("Tennessee") motions for partial summary judgment and for entry and possession are hereby GRANTED;

2.    Tennessee shall comply with all conditions imposed by the Federal Energy Regulatory Commission in the Order Issuing Certificate in Docket No. CP04-60-000 dated January 24, 2005, and related permits;

3.    Pursuant to § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), judgment of taking by eminent domain is hereby granted to Tennessee, its successors and assigns, for the permanent and perpetual right-of-way and easement for the purpose of constructing, maintaining (including but not limited to the right from time to time to cut and remove all trees, including trees considered as a growing crop, all undergrowth and any other obstructions or structures that may injure, endanger or interfere with the construction and use of said pipeline and fittings and

appliances appurtenant to any of said lines), operating, testing, replacing, repairing, abandoning

and/or removing an 8-inch natural gas pipeline and all related equipment and appurtenances

thereto (including but not limited to meters, fittings, tie-overs, valves, and cathodic protection

equipment) pursuant to a Certificate of Public Convenience and Necessity issued by the Federal

Energy Regulatory Commission ("FERC") on January 24, 2005 in docket number CP04-60-000

(the "FERC Certificate), including the right to all subsurface lateral support on other adjoining

lands which are necessary to maintain the pipeline, access thereto on, over, under and/or through

the property, along with a temporary construction easement until all work, including restoration

and revegetation, is complete, as  shown on a plan attached hereto entitled Proposed 8"

Tewksbury/Andover Lateral, Massachusetts Electric Company Property, Middlesex County,

Massachusetts, TB-K12-270B-600-30, which property is owned by Massachusetts Electric

Company ("MEC") by virtue of the following: (a) deed from Edgar G. Paine to Lawrence Gas

and Electric Company, predecessor in interest to MEC, dated August 31, 1942, and recorded

with the Middlesex North District Registry of Deeds ("Registry") in Book 983, Page 87 and (b)

Confirmatory Instrument dated September 5, 1962, and recorded with the Registry in Book 1571,

Page 1, said permanent and perpetual right-of-way and easement shall run with the land and shall

be binding upon, inure to the benefit of, and be enforceable by Tennessee and its successors and

assigns without regard to non-use or limited use of the rights granted in this document unless

said rights are abandoned by Tennessee through the use of a written statement indicating

Tennessee's clear intention to abandon certain rights and only such rights clearly indicated as

being abandoned in such written statement shall be abandoned, with all other rights granted

herein reserved to Tennessee, its successors and assigns;

4.      No trees, including trees considered as a growing crop, may be planted on the permanent right-of-way and easement.  No excavation, change of grade, nor water impoundment and no structure shall be allowed, erected or placed on the permanent right-of-way and easement granted herein without the prior written consent of Tennessee.

5.      Tennessee may record a certified copy of this Order and the plan referred to above with the applicable Registry of Deeds and/or Registry District of the Land Court;

6.      Tennessee's title to the permanent and perpetual right-of-way and easement described above shall vest fully and immediately upon entry of this Order, and shall not be subject to any restrictions, limitations or conditions, including, without limitation, the property rights of the following:  (a) MEC easement by virtue of an instrument dated November 27, 1991 recorded in the Registry in Book 5782, Page 333 and an instrument dated August 12, 1991 recorded in the Registry in Book 5636, Page 259; (b) MEC easement by virtue of an instrument dated November 6, 1985 recorded in the Registry at Book 3241, Page 185; (c) MEC easement by virtue of an instrument dated June 4, 1982 recorded in the Registry in Book 2539, Page 366; (d) MEC easement by virtue of an instrument dated June 22, 1977 recorded in Book 2252, Page 249; (e) MEC easement by virtue of an instrument dated February 25, 1994 recorded in the Registry in Book 6905, Page 123 and as successor-in-interest to Lawrence Gas and Electric Company by virtue of an instrument dated March 29, 1944 recorded in the Registry in Book 1004, Page 489; (f) MEC easement by virtue of an instrument dated June 4, 1993 recorded in the Registry in Book 6523, Page 295; (g) MEC easement by virtue of an instrument dated March 11, 1970 filed with the Registered Land Section of the Registry as document no. 54166 and/or document no. 54165; (h) MEC easement by virtue of an instrument dated May 20, 1970 filed with the Registered Land Section of the Registry as document no. 54654; (i) MEC easement by virtue of

an instrument dated March 16, 1970 recorded in the Registry in Book 1919, Page 567; (j) MEC

easement by virtue of an instrument dated May 20, 1970 recorded in the Registry in Book 1924,

Page 266; (k) New England Power Company, easement holder by instrument dated August 31,

1942 recorded in the Registry at Book 983, Page 86; and (l) MEC easement by virtue of an

instrument dated August 3, 1989 recorded in the Registry in Book 4986, Page 299.

SO ORDERED THIS ____ DAY OF MAY, 2005.


_____
Morris E. Lasker
United States District Judge

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY,<br><br>                            Plaintiff,<br><br>        vs.<br><br>ELLEN A. SEXTON and APPROXIMATELY 0.20<br>ACRES of PERMANENT EASEMENT and 0.23<br>ACRES of TEMPORARY WORK SPACE; and potentially<br>interested parties, NEW ENGLAND POWER<br>COMPANY, NEW ENGLAND TELEPHONE and<br>TELEGRAPH COMPANY, MASSACHUSETTS<br>ELECTRIC COMPANY, and the TOWN OF<br>TEWKSBURY;<br>                    Defendants and Potentially<br>                    Interested Parties. | C.A. 05-10284-MEL |

## ORDER ISSUING JUDGMENT OF TAKING BY EMINENT DOMAIN

Upon Plaintiff's Motions for Partial Summary Judgment and For Entry and Possession,

with supporting legal memorandum and affidavits, and after a hearing and the opportunity to

submit briefs, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      Plaintiff Tennessee Gas Pipeline Company's ("Tennessee") motions for partial

summary judgment and for entry and possession are hereby GRANTED;

2.      Tennessee shall comply with all conditions imposed by the Federal Energy

Regulatory Commission in the Order Issuing Certificate in Docket No. CP04-60-000 dated

January 24, 2005, and related permits;

3.      Pursuant to § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), judgment of

taking by eminent domain is hereby granted to Tennessee, its successors and assigns, for the

permanent and perpetual right-of-way and easement for the purpose of constructing, maintaining

(including but not limited to the right from time to time to cut and remove all trees, including

trees considered as a growing crop, all undergrowth and any other obstructions or structures that

may injure, endanger or interfere with the construction and use of said pipeline and fittings and appliances appurtenant to any of said lines), operating, testing, replacing, repairing, abandoning and/or removing an 8-inch natural gas pipeline and all related equipment and appurtenances thereto (including but not limited to meters, fittings, tie-overs, valves, and cathodic protection equipment) pursuant to a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission ("FERC") on January 24, 2005 in docket number CP04-60-000 (the "FERC Certificate), including the right to all subsurface lateral support on other adjoining lands which are necessary to maintain the pipeline, access thereto on, over, under and/or through the property, along with a temporary construction easement until all work, including restoration and revegetation, is complete, as  shown on a plan attached hereto entitled Proposed 8" Tewksbury/Andover Lateral, Ellen A. Sexton Property, Middlesex County, Massachusetts, TB-K12-270B-600-14, which property is owned by Ellen A. Sexton by virtue of a deed dated June 22, 2004 recorded with the Middlesex North District Registry of Deeds ("Registry") in Book 17500, Page 257, said permanent and perpetual right-of-way and easement shall run with the land and shall be binding upon, inure to the benefit of, and be enforceable by Tennessee and its successors and assigns without regard to non-use or limited use of the rights granted in this document unless said rights are abandoned by Tennessee through the use of a written statement indicating Tennessee's clear intention to abandon certain rights and only such rights clearly indicated as being abandoned in such written statement shall be abandoned, with all other rights granted herein reserved to Tennessee, its successors and assigns;

4.      No trees, including trees considered as a growing crop, may be planted on the permanent right-of-way and easement.  No excavation, change of grade, nor water impoundment

and no structure shall be allowed, erected or placed on the permanent right-of-way and easement granted herein without the prior written consent of Tennessee.

     5.    Tennessee may record a certified copy of this Order and the plan referred to above with the applicable Registry of Deeds and/or Registry District of the Land Court;

     6.    Tennessee's title to the permanent and perpetual right-of-way and easement described above shall vest fully and immediately upon entry of this Order, and shall not be subject to any restrictions, limitations or conditions, including, without limitation, the property rights of the following: (a) New England Power Company, as assignee by instrument dated October 28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry at Book 801, Page 284; (b) New England Telephone and Telegraph Company and Massachusetts Electric Company, easement holders by instrument dated June 4, 1982 recorded in the Registry in Book 2539, Page 366; (c) The Town of Tewksbury, by instrument dated July 23, 1976 recorded in the Registry in Book 2204, Page 399.

     SO ORDERED THIS ____ DAY OF MAY, 2005.


                                               _____
                                             Morris E. Lasker
                                           United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY,<br><br>                              Plaintiff,<br><br>        vs.<br><br>DONALD C. and DONNA J. POWER and APPROXIMATELY 0.09 ACRES of PERMANENT EASEMENT and 0.08 ACRES of TEMPORARY WORK SPACE; and potentially interested parties, USAA FEDERAL SAVINGS BANK, NEW ENGLAND POWER COMPANY, NEW ENGLAND TELEPHONE and TELEGRAPH COMPANY, MASSACHUSETTS ELECTRIC COMPANY, and the TOWN OF TEWKSBURY;<br>                    Defendants and Potentially<br>                    Interested Parties. | C.A. 05-10284-MEL |

## ORDER ISSUING JUDGMENT OF TAKING BY EMINENT DOMAIN

Upon Plaintiff's Motions for Partial Summary Judgment and For Entry and Possession, with supporting legal memorandum and affidavits, and after a hearing and the opportunity to submit briefs, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      Plaintiff Tennessee Gas Pipeline Company's ("Tennessee") motions for partial summary judgment and for entry and possession are hereby GRANTED;

2.      Tennessee shall comply with all conditions imposed by the Federal Energy Regulatory Commission in the Order Issuing Certificate in Docket No. CP04-60-000 dated January 24, 2005, and related permits;

3.      Pursuant to § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), judgment of taking by eminent domain is hereby granted to Tennessee, its successors and assigns, for the permanent and perpetual right-of-way and easement for the purpose of constructing, maintaining (including but not limited to the right from time to time to cut and remove all trees, including trees considered as a growing crop, all undergrowth and any other obstructions or structures that may injure, endanger or interfere with the construction and use of said pipeline and fittings and

appliances appurtenant to any of said lines), operating, testing, replacing, repairing, abandoning

and/or removing an 8-inch natural gas pipeline and all related equipment and appurtenances

thereto (including but not limited to meters, fittings, tie-overs, valves, and cathodic protection

equipment) pursuant to a Certificate of Public Convenience and Necessity issued by the Federal

Energy Regulatory Commission ("FERC") on January 24, 2005 in docket number CP04-60-000

(the "FERC Certificate), including the right to all subsurface lateral support on other adjoining

lands which are necessary to maintain the pipeline, access thereto on, over, under and/or through

the property, along with a temporary construction easement until all work, including restoration

and revegetation, is complete, as  shown on a plan attached hereto entitled Proposed 8"

Tewksbury/Andover Lateral,  Donald C. & Donna J. Power Property, Middlesex County,

Massachusetts, TB-K12-270B-600-15, which property is owned by Donald C. and Donna J.

Power by virtue of a deed dated September 20, 1984 recorded with the Middlesex North District

Registry of Deeds ("Registry") in Book 2851, Page 232, said permanent and perpetual right-of-

way and easement shall run with the land and shall be binding upon, inure to the benefit of, and

be enforceable by Tennessee and its successors and assigns without regard to non-use or limited

use of the rights granted in this document unless said rights are abandoned by Tennessee through

the use of a written statement indicating Tennessee's clear intention to abandon certain rights and

only such rights clearly indicated as being abandoned in such written statement shall be

abandoned, with all other rights granted herein reserved to Tennessee, its successors and assigns;

    4.     No trees, including trees considered as a growing crop, may be planted on the

permanent right-of-way and easement.  No excavation, change of grade, nor water impoundment

and no structure shall be allowed, erected or placed on the permanent right-of-way and easement

granted herein without the prior written consent of Tennessee.

2

5.     Tennessee may record a certified copy of this Order and the plan referred to above with the applicable Registry of Deeds and/or Registry District of the Land Court;

6.     Tennessee's title to the permanent and perpetual right-of-way and easement described above shall vest fully and immediately upon entry of this Order, and shall not be subject to any restrictions, limitations or conditions, including, without limitation, the property rights of the following:  (a) USAA Federal Savings Bank, of 10750 McDermott Freeway, San Antonio, TX 78286-0558, mortgagee by instrument dated July 23, 2003 recorded in the Registry at Book 15916, Page 230; (b) New England Power Company, as assignee by instrument dated October 28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry at Book 801, Page 284; (c) New England Telephone and Telegraph Company and Massachusetts Electric Company, easement holders by instrument dated June 4, 1982 recorded in the Registry in Book 2539, Page 366; and (d) The Town of Tewksbury, by instrument dated July 23, 1976 recorded in the Registry in Book 2204, Page 399.

SO ORDERED THIS ____ DAY OF MAY, 2005.


_____
Morris E. Lasker
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS J. and ELIZABETH M. KACHORIS and APPROXIMATELY 0.07 ACRES of PERMANENT EASEMENT and 0.09 ACRES of TEMPORARY WORK SPACE; and potentially interested parties, BANK of AMERICA, successor to BayBank, N.A., NEW ENGLAND POWER COMPANY, NEW ENGLAND TELEPHONE and TELEGRAPH COMPANY, MASSACHUSETTS ELECTRIC COMPANY, and the TOWN OF TEWKSBURY<br><br>Defendants and Potentially Interested Parties. | C.A. 05-10284-MEL |

## ORDER ISSUING JUDGMENT OF TAKING BY EMINENT DOMAIN

Upon Plaintiff's Motions for Partial Summary Judgment and For Entry and Possession, with supporting legal memorandum and affidavits, and after a hearing and the opportunity to submit briefs, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    Plaintiff Tennessee Gas Pipeline Company's ("Tennessee") motions for partial summary judgment and for entry and possession are hereby GRANTED;

2.    Tennessee shall comply with all conditions imposed by the Federal Energy Regulatory Commission in the Order Issuing Certificate in Docket No. CP04-60-000 dated January 24, 2005, and related permits;

3.    Pursuant to § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), judgment of taking by eminent domain is hereby granted to Tennessee, its successors and assigns, for the permanent and perpetual right-of-way and easement for the purpose of constructing, maintaining (including but not limited to the right from time to time to cut and remove all trees, including trees considered as a growing crop, all undergrowth and any other obstructions or structures that

# 2811665_v1

may injure, endanger or interfere with the construction and use of said pipeline and fittings and

appliances appurtenant to any of said lines), operating, testing, replacing, repairing, abandoning

and/or removing an 8-inch natural gas pipeline and all related equipment and appurtenances

thereto (including but not limited to meters, fittings, tie-overs, valves, and cathodic protection

equipment) pursuant to a Certificate of Public Convenience and Necessity issued by the Federal

Energy Regulatory Commission ("FERC") on January 24, 2005 in docket number CP04-60-000

(the "FERC Certificate), including the right to all subsurface lateral support on other adjoining

lands which are necessary to maintain the pipeline, access thereto on, over, under and/or through

the property, along with a temporary construction easement until all work, including restoration

and revegetation, is complete, as  shown on a plan attached hereto entitled Proposed 8"

Tewksbury/Andover Lateral,  Thomas J. & Elizabeth Kachoris Property, Middlesex County,

Massachusetts, TB-K12-270B-600-16, which property is owned by Thomas J. and Elizabeth M.

Kachoris by virtue of a deed dated January 30, 1997 recorded with the Middlesex North District

Registry of Deeds ("Registry") in Book 8420, Page 61, said permanent and perpetual right-of-

way and easement shall run with the land and shall be binding upon, inure to the benefit of, and

be enforceable by Tennessee and its successors and assigns without regard to non-use or limited

use of the rights granted in this document unless said rights are abandoned by Tennessee through

the use of a written statement indicating Tennessee's clear intention to abandon certain rights and

only such rights clearly indicated as being abandoned in such written statement shall be

abandoned, with all other rights granted herein reserved to Tennessee, its successors and assigns;

4.    No trees, including trees considered as a growing crop, may be planted on the

permanent right-of-way and easement.  No excavation, change of grade, nor water impoundment

and no structure shall be allowed, erected or placed on the permanent right-of-way and easement granted herein without the prior written consent of Tennessee.

5.     Tennessee may record a certified copy of this Order and the plan referred to above with the applicable Registry of Deeds and/or Registry District of the Land Court;

6.     Tennessee's title to the permanent and perpetual right-of-way and easement described above shall vest fully and immediately upon entry of this Order, and shall not be subject to any restrictions, limitations or conditions, including, without limitation, the property rights of the following:  (a) Bank of America as successor to BayBank, N.A., the holder of an Open-End Mortgage dated January 30, 1997 recorded in the Registry in book 8420, Page 63; (b) New England Power Company, as assignee by instrument dated October 28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry at Book 801, Page 284; (c) New England Telephone and Telegraph Company and Massachusetts Electric Company, easement holders by instrument dated June 4, 1982 recorded in the Registry in Book 2539, Page 366; and (d) The Town of Tewksbury, by instrument dated July 23, 1976 recorded in the Registry in Book 2204, Page 399.

SO ORDERED THIS ____ DAY OF MAY, 2005.


_____
Morris E. Lasker
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY,<br><br>                              Plaintiff,<br><br>        vs.<br><br>EUSTACHIO P. SIMEONE and APPROXIMATELY<br>0.05 ACRES of PERMANENT EASEMENT and 0.06<br>ACRES of TEMPORARY WORK SPACE; and<br>potentially interested parties, GMAC MORTGAGE CORPORATION,<br>NEW ENGLAND POWER COMPANY, NEW ENGLAND<br>TELEPHONE and TELEGRAPH COMPANY, MASSACHUSETTS<br>ELECTRIC COMPANY, and the TOWN OF TEWKSBURY<br><br>        Defendants and Potentially<br>              Interested Parties. | C.A. 05-10284-MEL |

## ORDER ISSUING JUDGMENT OF TAKING BY EMINENT DOMAIN

Upon Plaintiff's Motions for Partial Summary Judgment and For Entry and Possession,

with supporting legal memorandum and affidavits, and after a hearing and the opportunity to

submit briefs, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      Plaintiff Tennessee Gas Pipeline Company's ("Tennessee") motions for partial

summary judgment and for entry and possession are hereby GRANTED;

2.      Tennessee shall comply with all conditions imposed by the Federal Energy

Regulatory Commission in the Order Issuing Certificate in Docket No. CP04-60-000 dated

January 24, 2005, and related permits;

3.      Pursuant to § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), judgment of

taking by eminent domain is hereby granted to Tennessee, its successors and assigns, for the

permanent and perpetual right-of-way and easement for the purpose of constructing, maintaining

(including but not limited to the right from time to time to cut and remove all trees, including

trees considered as a growing crop, all undergrowth and any other obstructions or structures that

# 2811706_v1

may injure, endanger or interfere with the construction and use of said pipeline and fittings and

appliances appurtenant to any of said lines), operating, testing, replacing, repairing, abandoning

and/or removing an 8-inch natural gas pipeline and all related equipment and appurtenances

thereto (including but not limited to meters, fittings, tie-overs, valves, and cathodic protection

equipment) pursuant to a Certificate of Public Convenience and Necessity issued by the Federal

Energy Regulatory Commission ("FERC") on January 24, 2005 in docket number CP04-60-000

(the "FERC Certificate), including the right to all subsurface lateral support on other adjoining

lands which are necessary to maintain the pipeline, access thereto on, over, under and/or through

the property, along with a temporary construction easement until all work, including restoration

and revegetation, is complete, as  shown on a plan attached hereto entitled Proposed 8"

Tewksbury/Andover Lateral,  Eustachio P. Simeone Property, Middlesex County, Massachusetts,

TB-K12-270B-600-20, which property is owned by Eustachio P. Simeone by virtue of a deed

dated February 5, 1996 recorded with the Middlesex North District Registry of Deeds

("Registry") in Book 7390, Page 128, said permanent and perpetual right-of-way and easement

shall run with the land and shall be binding upon, inure to the benefit of, and be enforceable by

Tennessee and its successors and assigns without regard to non-use or limited use of the rights

granted in this document unless said rights are abandoned by Tennessee through the use of a

written statement indicating Tennessee's clear intention to abandon certain rights and only such

rights clearly indicated as being abandoned in such written statement shall be abandoned, with

all other rights granted herein reserved to Tennessee, its successors and assigns;

       4.      No trees, including trees considered as a growing crop, may be planted on the

permanent right-of-way and easement.  No excavation, change of grade, nor water impoundment

and no structure shall be allowed, erected or placed on the permanent right-of-way and easement granted herein without the prior written consent of Tennessee.

5.    Tennessee may record a certified copy of this Order and the plan referred to above with the applicable Registry of Deeds and/or Registry District of the Land Court;

6.    Tennessee's title to the permanent and perpetual right-of-way and easement described above shall vest fully and immediately upon entry of this Order, and shall not be subject to any restrictions, limitations or conditions, including, without limitation, the property rights of the following:  (a) GMAC Mortgage Corporation of 3451 Hammond Avenue, Waterloo, IA 50702, as assignee by instrument dated August 1, 2000 recorded in the Registry in Book 11452, Page 318, of a mortgage recorded in the Registry at Book 5723, Page306; (b) New England Power Company, as assignee by instrument dated October 28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry at Book 801, Page 284; (c) New England Telephone and Telegraph Company and Massachusetts Electric Company, easement holders by instrument dated June 4, 1982 recorded in the Registry in Book 2539, Page 366; (d) New England Telephone and Telegraph Company and Massachusetts Electric Company, easement holders by instrument dated June 22, 1977 recorded in the Registry in Book 2252, Page 249; and (e) The Town of Tewksbury, by instrument dated July 23, 1976 recorded in the Registry in Book 2204, Page 399.

SO ORDERED THIS ____ DAY OF MAY, 2005.

_____
Morris E. Lasker
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY,<br><br>                              Plaintiff,<br><br>        vs.<br><br>BRIAN and ALLYSON GANGEMI and APPROXIMATELY 0.03 ACRES of PERMANENT EASEMENT and 0.04 ACRES of TEMPORARY WORK SPACE; and potentially interested parties, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. on behalf of Drew Mortgage Associates, Inc. and/or Ohio Savings Bank, NEW ENGLAND POWER COMPANY, NEW ENGLAND TELEPHONE and TELEGRAPH COMPANY, MASSACHUSETTS ELECTRIC COMPANY, and the TOWN OF TEWKSBURY<br><br>                    Defendants and Potentially<br>                         Interested Parties. | C.A. 05-10284-MEL |

## ORDER ISSUING JUDGMENT OF TAKING BY EMINENT DOMAIN

Upon Plaintiff's Motions for Partial Summary Judgment and For Entry and Possession, with supporting legal memorandum and affidavits, and after a hearing and the opportunity to submit briefs, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.       Plaintiff Tennessee Gas Pipeline Company's ("Tennessee") motions for partial summary judgment and for entry and possession are hereby GRANTED;

2.       Tennessee shall comply with all conditions imposed by the Federal Energy Regulatory Commission in the Order Issuing Certificate in Docket No. CP04-60-000 dated January 24, 2005, and related permits;

3.       Pursuant to § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), judgment of taking by eminent domain is hereby granted to Tennessee, its successors and assigns, for the permanent and perpetual right-of-way and easement for the purpose of constructing, maintaining (including but not limited to the right from time to time to cut and remove all trees, including

# 2811758_v1

trees considered as a growing crop, all undergrowth and any other obstructions or structures that may injure, endanger or interfere with the construction and use of said pipeline and fittings and appliances appurtenant to any of said lines), operating, testing, replacing, repairing, abandoning and/or removing an 8-inch natural gas pipeline and all related equipment and appurtenances thereto (including but not limited to meters, fittings, tie-overs, valves, and cathodic protection equipment) pursuant to a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission ("FERC") on January 24, 2005 in docket number CP04-60-000 (the "FERC Certificate), including the right to all subsurface lateral support on other adjoining lands which are necessary to maintain the pipeline, access thereto on, over, under and/or through the property, along with a temporary construction easement until all work, including restoration and revegetation, is complete, as  shown on a plan attached hereto entitled Proposed 8" Tewksbury/Andover Lateral,  Brian & Allyson Gangemi Property, Middlesex County, Massachusetts, TB-K12-270B-600-21, which property is owned by Brian and Allyson Gangemi by virtue of a deed dated August 27, 2003 recorded with the Middlesex North District Registry of Deeds ("Registry") in Book 16085, Page 121, said permanent and perpetual right-of-way and easement shall run with the land and shall be binding upon, inure to the benefit of, and be enforceable by Tennessee and its successors and assigns without regard to non-use or limited use of the rights granted in this document unless said rights are abandoned by Tennessee through the use of a written statement indicating Tennessee's clear intention to abandon certain rights and only such rights clearly indicated as being abandoned in such written statement shall be abandoned, with all other rights granted herein reserved to Tennessee, its successors and assigns;

      4.      No trees, including trees considered as a growing crop, may be planted on the permanent right-of-way and easement.  No excavation, change of grade, nor water impoundment

2

and no structure shall be allowed, erected or placed on the permanent right-of-way and easement granted herein without the prior written consent of Tennessee.

5.     Tennessee may record a certified copy of this Order and the plan referred to above with the applicable Registry of Deeds and/or Registry District of the Land Court;

6.     Tennessee's title to the permanent and perpetual right-of-way and easement described above shall vest fully and immediately upon entry of this Order, and shall not be subject to any restrictions, limitations or conditions, including, without limitation, the property rights of the following:  (a) Mortgage Electronic Registration Systems, Inc. of P.O. Box 2026, Flint, MI 48501-2026, mortgagee on behalf of Drew Mortgage Associates, Inc. of 196 Boston Turnpike, Shrewsbury, MA 01545 and/or Ohio Savings Bank, of 1111 Chester Avenue, Cleveland, OH 44114 with respect to Loan Nos. 6448119 and 6448160 under two instruments dated August 27, 2003 recorded in the Registry in Book 16085, Page 122 and Book 16085, Page 137; (b) New England Power Company, as assignee by instrument dated October 28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry at Book 801, Page 284; (c) New England Telephone and Telegraph Company and Massachusetts Electric Company, easement holders by instrument dated June 4, 1982 recorded in the Registry in Book 2539, Page 366; (d) New England Telephone and Telegraph Company and Massachusetts Electric Company, easement holders by instrument dated June 22, 1977 recorded in the Registry in Book 2252, Page 249; and (e) The Town of Tewksbury, by instrument dated July 23, 1976 recorded in the Registry in Book 2204, Page 399.

SO ORDERED THIS ____ DAY OF MAY, 2005.

_____
Morris E. Lasker
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY,<br><br>                              Plaintiff,<br><br>    vs.<br><br>ELIZABETH A. KELLY and APPROXIMATELY<br>0.08 ACRES of PERMANENT EASEMENT, 0.08<br>ACRES of TEMPORARY WORK SPACE; and 0.07<br>ACRES OF ADDITIONAL TEMPORARY<br>WORKSPACE; and potentially interested parties,<br>MORTGAGE MASTER, INC., BANKNORTH<br>N.A., NEW ENGLAND POWER COMPANY,<br>NEW ENGLAND TELEPHONE and TELEGRAPH<br>COMPANY, MASSACHUSETTS ELECTRIC<br>COMPANY, and the TOWN OF TEWKSBURY<br><br>              Defendants and Potentially<br>              Interested Parties. | C.A. 05-10284-MEL |

## ORDER ISSUING JUDGMENT OF TAKING BY EMINENT DOMAIN

Upon Plaintiff's Motions for Partial Summary Judgment and For Entry and Possession, with supporting legal memorandum and affidavits, and after a hearing and the opportunity to submit briefs, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    Plaintiff Tennessee Gas Pipeline Company's ("Tennessee") motions for partial summary judgment and for entry and possession are hereby GRANTED;

2.    Tennessee shall comply with all conditions imposed by the Federal Energy Regulatory Commission in the Order Issuing Certificate in Docket No. CP04-60-000 dated January 24, 2005, and related permits;

3.    Pursuant to § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), judgment of taking by eminent domain is hereby granted to Tennessee, its successors and assigns, for the permanent and perpetual right-of-way and easement for the purpose of constructing, maintaining (including but not limited to the right from time to time to cut and remove all trees, including

# 2811869_v1

trees considered as a growing crop, all undergrowth and any other obstructions or structures that may injure, endanger or interfere with the construction and use of said pipeline and fittings and appliances appurtenant to any of said lines), operating, testing, replacing, repairing, abandoning and/or removing an 8-inch natural gas pipeline and all related equipment and appurtenances thereto (including but not limited to meters, fittings, tie-overs, valves, and cathodic protection equipment) pursuant to a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission ("FERC") on January 24, 2005 in docket number CP04-60-000 (the "FERC Certificate), including the right to all subsurface lateral support on other adjoining lands which are necessary to maintain the pipeline, access thereto on, over, under and/or through the property, along with a temporary construction easement until all work, including restoration and revegetation, is complete, as shown on a plan attached hereto entitled Proposed 8" Tewksbury/Andover Lateral, Elizabeth A. Kelly Property, Middlesex County, Massachusetts, TB-K12-270B-600-25, which property is owned by Elizabeth A. Kelly by virtue of a deed dated July 5, 1988 recorded with the Middlesex North District Registry of Deeds ("Registry") in Book 4657, Page 80, said permanent and perpetual right-of-way and easement shall run with the land and shall be binding upon, inure to the benefit of, and be enforceable by Tennessee and its successors and assigns without regard to non-use or limited use of the rights granted in this document unless said rights are abandoned by Tennessee through the use of a written statement indicating Tennessee's clear intention to abandon certain rights and only such rights clearly indicated as being abandoned in such written statement shall be abandoned, with all other rights granted herein reserved to Tennessee, its successors and assigns;

     4.     No trees, including trees considered as a growing crop, may be planted on the permanent right-of-way and easement. No excavation, change of grade, nor water impoundment

and no structure shall be allowed, erected or placed on the permanent right-of-way and easement granted herein without the prior written consent of Tennessee.

5.    Tennessee may record a certified copy of this Order and the plan referred to above with the applicable Registry of Deeds and/or Registry District of the Land Court;

6.    Tennessee's title to the permanent and perpetual right-of-way and easement described above shall vest fully and immediately upon entry of this Order, and shall not be subject to any restrictions, limitations or conditions, including, without limitation, the property rights of the following:  (a) Mortgage Master, Inc. of 100 Elm Street, Walpole, MA 02081, mortgagee under instrument dated August 24, 2003 recorded in the registry in Book 16074, Page 102; (b) Banknorth, N.A., of 995 Main Street, Tewksbury, MA 01876, home equity mortgagee by instrument dated February 27, 2003 recorded in the Registry in Book 14804, Page 130; (c) New England Power Company, as assignee by instrument dated October 28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry at Book 801, Page 284; (d) New England Telephone and Telegraph Company and Massachusetts Electric Company, easement holders by instrument dated June 4, 1982 recorded in the Registry in Book 2539, Page 366; (e) New England Telephone and Telegraph Company and Massachusetts Electric Company, easement holders by instrument dated June 22, 1977 recorded in the Registry in Book 2252, Page 249; and (f) The Town of Tewksbury, by instrument dated July 23, 1976 recorded in the Registry in Book 2204, Page 399.

SO ORDERED THIS ____ DAY OF MAY, 2005.


_____
Morris E. Lasker
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY,<br><br>        Plaintiff,<br><br>  vs.<br><br>ARMINDO G. and SARA LOU DIAS and APPROXIMATELY 0.16 ACRES of PERMANENT EASEMENT and 0.06 ACRES of TEMPORARY WORK SPACE; and potentially interested party, NEW ENGLAND POWER COMPANY<br><br>    Defendants and Potentially<br>    Interested Parties. | C.A. 05-10284-MEL |

## ORDER ISSUING JUDGMENT OF TAKING BY EMINENT DOMAIN

Upon Plaintiff's Motions for Partial Summary Judgment and For Entry and Possession, with supporting legal memorandum and affidavits, and after a hearing and the opportunity to submit briefs, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.  Plaintiff Tennessee Gas Pipeline Company's ("Tennessee") motions for partial summary judgment and for entry and possession are hereby GRANTED;

2.  Tennessee shall comply with all conditions imposed by the Federal Energy Regulatory Commission in the Order Issuing Certificate in Docket No. CP04-60-000 dated January 24, 2005, and related permits;

3.  Pursuant to § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), judgment of taking by eminent domain is hereby granted to Tennessee, its successors and assigns, for the permanent and perpetual right-of-way and easement for the purpose of constructing, maintaining (including but not limited to the right from time to time to cut and remove all trees, including trees considered as a growing crop, all undergrowth and any other obstructions or structures that may injure, endanger or interfere with the construction and use of said pipeline and fittings and appliances appurtenant to any of said lines), operating, testing, replacing, repairing, abandoning

# 2811900_v1

and/or removing an 8-inch natural gas pipeline and all related equipment and appurtenances thereto (including but not limited to meters, fittings, tie-overs, valves, and cathodic protection equipment) pursuant to a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission ("FERC") on January 24, 2005 in docket number CP04-60-000 (the "FERC Certificate), including the right to all subsurface lateral support on other adjoining lands which are necessary to maintain the pipeline, access thereto on, over, under and/or through the property, along with a temporary construction easement until all work, including restoration and revegetation, is complete, as  shown on a plan attached hereto entitled Proposed 8" Tewksbury/Andover Lateral, Armindo G. Dias, et ux Property, Middlesex County, Massachusetts, TB-K12-270B-600-32, which property is owned by Armindo G. and Sara Lou Dias by virtue of a deed dated September 7, 1976 recorded with the Middlesex North District Registry of Deeds ("Registry") in Book 2211, Page 215, said permanent and perpetual right-of-way and easement shall run with the land and shall be binding upon, inure to the benefit of, and be enforceable by Tennessee and its successors and assigns without regard to non-use or limited use of the rights granted in this document unless said rights are abandoned by Tennessee through the use of a written statement indicating Tennessee's clear intention to abandon certain rights and only such rights clearly indicated as being abandoned in such written statement shall be abandoned, with all other rights granted herein reserved to Tennessee, its successors and assigns;

     4.     No trees, including trees considered as a growing crop, may be planted on the permanent right-of-way and easement.  No excavation, change of grade, nor water impoundment and no structure shall be allowed, erected or placed on the permanent right-of-way and easement granted herein without the prior written consent of Tennessee.

5.    Tennessee may record a certified copy of this Order and the plan referred to above with the applicable Registry of Deeds and/or Registry District of the Land Court;

6.    Tennessee's title to the permanent and perpetual right-of-way and easement described above shall vest fully and immediately upon entry of this Order, and shall not be subject to any restrictions, limitations or conditions, including, without limitation, the property rights of the following:  New England Power Company, as assignee by instrument dated October 28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry at Book 800, Page 189.

SO ORDERED THIS ____ DAY OF MAY, 2005.


_____
Morris E. Lasker
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY,<br><br>                          Plaintiff,<br><br>   vs.<br><br>SAID ABUZAHRA, trustee of the TWO S REALTY TRUST and APPROXIMATELY 0.73 ACRES of PERMANENT EASEMENT, 0.47 ACRES of TEMPORARY WORK SPACE; and 0.20 ACRES OF ADDITIONAL TEMPORARY WORK SPACE; and potentially interested parties, NEW ENGLAND POWER COMPANY and LOWELL ELECTRIC LIGHT CORPORATION<br><br>             Defendants and Potentially<br>               Interested Parties. | C.A. 05-10284-MEL |

## ORDER ISSUING JUDGMENT OF TAKING BY EMINENT DOMAIN

Upon Plaintiff's Motions for Partial Summary Judgment and For Entry and Possession, with supporting legal memorandum and affidavits, and after a hearing and the opportunity to submit briefs, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     Plaintiff Tennessee Gas Pipeline Company's ("Tennessee") motions for partial summary judgment and for entry and possession are hereby GRANTED;

2.     Tennessee shall comply with all conditions imposed by the Federal Energy Regulatory Commission in the Order Issuing Certificate in Docket No. CP04-60-000 dated January 24, 2005, and related permits;

3.     Pursuant to § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), judgment of taking by eminent domain is hereby granted to Tennessee, its successors and assigns, for the permanent and perpetual right-of-way and easement for the purpose of constructing, maintaining (including but not limited to the right from time to time to cut and remove all trees, including trees considered as a growing crop, all undergrowth and any other obstructions or structures that

# 2811943_v1

may injure, endanger or interfere with the construction and use of said pipeline and fittings and appliances appurtenant to any of said lines), operating, testing, replacing, repairing, abandoning and/or removing an 8-inch natural gas pipeline and all related equipment and appurtenances thereto (including but not limited to meters, fittings, tie-overs, valves, and cathodic protection equipment) pursuant to a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission ("FERC") on January 24, 2005 in docket number CP04-60-000 (the "FERC Certificate), including the right to all subsurface lateral support on other adjoining lands which are necessary to maintain the pipeline, access thereto on, over, under and/or through the property, along with a temporary construction easement until all work, including restoration and revegetation, is complete, as  shown on a plan attached hereto entitled Proposed 8" Tewksbury/Andover Lateral, Two S. Realty Trust Property, Middlesex County, Massachusetts, TB-K12-270B-600-36, which property is owned by Said Abuzahra, Trustee of the Two S Realty Trust u/d/t dated December 12, 1991 recorded in the Middlesex North District Registry of Deeds ("Registry") at Book 5736, Page 203 by virtue of a deed dated December 5, 1991 recorded with the Registry in Book 5736, Page 208, said permanent and perpetual right-of-way and easement shall run with the land and shall be binding upon, inure to the benefit of, and be enforceable by Tennessee and its successors and assigns without regard to non-use or limited use of the rights granted in this document unless said rights are abandoned by Tennessee through the use of a written statement indicating Tennessee's clear intention to abandon certain rights and only such rights clearly indicated as being abandoned in such written statement shall be abandoned, with all other rights granted herein reserved to Tennessee, its successors and assigns;

4.    No trees, including trees considered as a growing crop, may be planted on the permanent right-of-way and easement.  No excavation, change of grade, nor water impoundment

and no structure shall be allowed, erected or placed on the permanent right-of-way and easement granted herein without the prior written consent of Tennessee.

5.     Tennessee may record a certified copy of this Order and the plan referred to above with the applicable Registry of Deeds and/or Registry District of the Land Court;

6.     Tennessee's title to the permanent and perpetual right-of-way and easement described above shall vest fully and immediately upon entry of this Order, and shall not be subject to any restrictions, limitations or conditions, including, without limitation, the property rights of the following:  (a) New England Power Company, as assignee by instrument dated October 28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry at Book 800, Page 193; (b) Lowell Electric Light Corporation, easement holder by instrument dated February 15, 1952 recorded in the Registry in Book 1190, Page 130; and (c) New England Power Company, easement holder by instrument dated August 14, 1958 recorded in the Registry in Book 1413, Page 205.

SO ORDERED THIS ____ DAY OF MAY, 2005.


_____
Morris E. Lasker
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TENNESSEE GAS PIPELINE COMPANY,

Plaintiff,

vs.

JOHN J. McDEVITT, JR., KEVIN P. McDEVITT,
BRIAN G. McDEVITT, DENNIS C. McDEVITT,
and MICHAEL W. McDEVITT and APPROXIMATELY
0.17 ACRES of PERMANENT EASEMENT;
and potentially interested parties, FLEET NATIONAL
BANK, NEW ENGLAND POWER COMPANY, NEW ENGLAND
TELEPHONE and TELEGRAPH
COMPANY, and MASSACHUSETTS ELECTRIC
COMPANY

Defendants and Potentially
Interested Parties.

C.A. 05-10284-MEL

## ORDER ISSUING JUDGMENT OF TAKING BY EMINENT DOMAIN

Upon Plaintiff's Motions for Partial Summary Judgment and For Entry and Possession,

with supporting legal memorandum and affidavits, and after a hearing and the opportunity to

submit briefs, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      Plaintiff Tennessee Gas Pipeline Company's ("Tennessee") motions for partial

summary judgment and for entry and possession are hereby GRANTED;

2.      Tennessee shall comply with all conditions imposed by the Federal Energy

Regulatory Commission in the Order Issuing Certificate in Docket No. CP04-60-000 dated

January 24, 2005, and related permits;

3.      Pursuant to § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), judgment of

taking by eminent domain is hereby granted to Tennessee, its successors and assigns, for the

permanent and perpetual right-of-way and easement for the purpose of constructing, maintaining

(including but not limited to the right from time to time to cut and remove all trees, including

trees considered as a growing crop, all undergrowth and any other obstructions or structures that

# 2812003_v1

may injure, endanger or interfere with the construction and use of said pipeline and fittings and appliances appurtenant to any of said lines), operating, testing, replacing, repairing, abandoning and/or removing an 8-inch natural gas pipeline and all related equipment and appurtenances thereto (including but not limited to meters, fittings, tie-overs, valves, and cathodic protection equipment) pursuant to a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission ("FERC") on January 24, 2005 in docket number CP04-60-000 (the "FERC Certificate), including the right to all subsurface lateral support on other adjoining lands which are necessary to maintain the pipeline, access thereto on, over, under and/or through the property, along with a temporary construction easement until all work, including restoration and revegetation, is complete, as shown on a plan attached hereto entitled Proposed 8" Tewksbury/Andover Lateral, John J. McDevitt Jr., et al Property, Middlesex County, Massachusetts, TB-K12-270B-600-40, which property is owned by John J. McDevitt, Jr., Kevin P. McDevitt, Brian G. McDevitt, Dennis C. McDevitt, and Michael W. McDevitt by virtue of two deeds dated December 6, 1993 recorded with the Middlesex North District Registry of Deeds ("Registry") in Book 6874, Page 54 and dated June 26, 1997 recorded with the Registry in Book 8641, Page 80, said permanent and perpetual right-of-way and easement shall run with the land and shall be binding upon, inure to the benefit of, and be enforceable by Tennessee and its successors and assigns without regard to non-use or limited use of the rights granted in this document unless said rights are abandoned by Tennessee through the use of a written statement indicating Tennessee's clear intention to abandon certain rights and only such rights clearly indicated as being abandoned in such written statement shall be abandoned, with all other rights granted herein reserved to Tennessee, its successors and assigns;

4.      No trees, including trees considered as a growing crop, may be planted on the permanent right-of-way and easement.  No excavation, change of grade, nor water impoundment and no structure shall be allowed, erected or placed on the permanent right-of-way and easement granted herein without the prior written consent of Tennessee.

5.      Tennessee may record a certified copy of this Order and the plan referred to above with the applicable Registry of Deeds and/or Registry District of the Land Court;

6.      Tennessee's title to the permanent and perpetual right-of-way and easement described above shall vest fully and immediately upon entry of this Order, and shall not be subject to any restrictions, limitations or conditions, including, without limitation, the property rights of the following:  (a) Bank of America f/k/a Fleet National Bank of 1155 Elm Street, Manchester, NH 03101, mortgagee under an instrument recorded in the Registry in Book 6874, Page 57, as amended by instrument dated October 2, 2003 recorded in the Registry in Book 16428, Page 177; (b)  New England Power Company, as assignee by instrument dated October 28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry at Book 805, Page 427; (c) New England Power Company, easement holder by instrument dated July 14, 1958 recorded in the Registry in Book 1407, Page; and (d) New England Telephone and Telegraph Company and Massachusetts Electric Company, easement holders by instrument dated August 3, 1989 recorded in the Registry in Book 4986, Page 299.

SO ORDERED THIS ____ DAY OF MAY, 2005.

_____
Morris E. Lasker
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY,<br><br>                              Plaintiff,<br><br>     vs.<br><br>JAMES ANDELLA, trustee of J.D.B. REALTY<br>TRUST and APPROXIMATELY<br>0.28 ACRES of PERMANENT EASEMENT and<br>0.25 ACRES of TEMPORARY WORK SPACE;<br>and potentially interested parties, NEW ENGLAND<br>POWER COMPANY and NEW ENGLAND<br>TELEPHONE and TELEGRAPH COMPANY<br><br>                    Defendants and Potentially<br>                    Interested Parties. | C.A. 05-10284-MEL |

## ORDER ISSUING JUDGMENT OF TAKING BY EMINENT DOMAIN

Upon Plaintiff's Motions for Partial Summary Judgment and For Entry and Possession, with supporting legal memorandum and affidavits, and after a hearing and the opportunity to submit briefs, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.       Plaintiff Tennessee Gas Pipeline Company's ("Tennessee") motions for partial summary judgment and for entry and possession are hereby GRANTED;

2.       Tennessee shall comply with all conditions imposed by the Federal Energy Regulatory Commission in the Order Issuing Certificate in Docket No. CP04-60-000 dated January 24, 2005, and related permits;

3.       Pursuant to § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), judgment of taking by eminent domain is hereby granted to Tennessee, its successors and assigns, for the permanent and perpetual right-of-way and easement for the purpose of constructing, maintaining (including but not limited to the right from time to time to cut and remove all trees, including trees considered as a growing crop, all undergrowth and any other obstructions or structures that

may injure, endanger or interfere with the construction and use of said pipeline and fittings and appliances appurtenant to any of said lines), operating, testing, replacing, repairing, abandoning and/or removing an 8-inch natural gas pipeline and all related equipment and appurtenances thereto (including but not limited to meters, fittings, tie-overs, valves, and cathodic protection equipment) pursuant to a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission ("FERC") on January 24, 2005 in docket number CP04-60-000 (the "FERC Certificate), including the right to all subsurface lateral support on other adjoining lands which are necessary to maintain the pipeline, access thereto on, over, under and/or through the property, along with a temporary construction easement until all work, including restoration and revegetation, is complete, as shown on a plan attached hereto entitled Proposed 8" Tewksbury/Andover Lateral, J.D.B. Realty Trust  Property, Middlesex County, Massachusetts, TB-K12-270B-600-47, which property is owned by James Andella, Trustee of J.D.B. Realty Trust u/d/t dated March 18, 1994 recorded in the Middlesex North District Registry of Deeds ("Registry") in Book 6996, Page 127 by virtue of a deed dated December 22, 1995 recorded with the Registry in Book 7806, Page 134, said permanent and perpetual right-of-way and easement shall run with the land and shall be binding upon, inure to the benefit of, and be enforceable by Tennessee and its successors and assigns without regard to non-use or limited use of the rights granted in this document unless said rights are abandoned by Tennessee through the use of a written statement indicating Tennessee's clear intention to abandon certain rights and only such rights clearly indicated as being abandoned in such written statement shall be abandoned, with all other rights granted herein reserved to Tennessee, its successors and assigns;

      4.       No trees, including trees considered as a growing crop, may be planted on the permanent right-of-way and easement.  No excavation, change of grade, nor water impoundment

and no structure shall be allowed, erected or placed on the permanent right-of-way and easement granted herein without the prior written consent of Tennessee.

5.    Tennessee may record a certified copy of this Order and the plan referred to above with the applicable Registry of Deeds and/or Registry District of the Land Court;

6.    Tennessee's title to the permanent and perpetual right-of-way and easement described above shall vest fully and immediately upon entry of this Order, and shall not be subject to any restrictions, limitations or conditions, including, without limitation, the property rights of the following:  (a)  New England Power Company, as assignee by instrument dated October 28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry at Book 800, Page 595;  and (b) New England Telephone and Telegraph Company, easement holder by instrument dated September 25, 1996 recorded in the Registry in Book 8230, Page 205.

SO ORDERED THIS ____ DAY OF MAY, 2005.


_____
Morris E. Lasker
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY,<br><br>                              Plaintiff,<br><br>    vs.<br><br>RICHARD D. BRAMANTE and APPROXIMATELY 0.02<br>ACRES of PERMANENT EASEMENT, 0.03 ACRES of<br>TEMPORARY WORK SPACE and 0.07 ACRES of<br>ADDITIONAL TEMPORARY WORK SPACE; and<br>potentially interested parties, WASHINGTON MUTUAL<br>BANK, FA, NEW ENGLAND POWER COMPANY, and<br>MASSACHUSETTS ELECTRIC<br>COMPANY<br><br>            Defendants and Potentially<br>            Interested Parties. | C.A. 05-10284-MEL |

## ORDER ISSUING JUDGMENT OF TAKING BY EMINENT DOMAIN

Upon Plaintiff's Motions for Partial Summary Judgment and For Entry and Possession,

with supporting legal memorandum and affidavits, and after a hearing and the opportunity to

submit briefs, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      Plaintiff Tennessee Gas Pipeline Company's ("Tennessee") motions for partial

summary judgment and for entry and possession are hereby GRANTED;

2.      Tennessee shall comply with all conditions imposed by the Federal Energy

Regulatory Commission in the Order Issuing Certificate in Docket No. CP04-60-000 dated

January 24, 2005, and related permits;

3.      Pursuant to § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), judgment of

taking by eminent domain is hereby granted to Tennessee, its successors and assigns, for the

permanent and perpetual right-of-way and easement for the purpose of constructing, maintaining

(including but not limited to the right from time to time to cut and remove all trees, including

trees considered as a growing crop, all undergrowth and any other obstructions or structures that

may injure, endanger or interfere with the construction and use of said pipeline and fittings and appliances appurtenant to any of said lines), operating, testing, replacing, repairing, abandoning and/or removing an 8-inch natural gas pipeline and all related equipment and appurtenances thereto (including but not limited to meters, fittings, tie-overs, valves, and cathodic protection equipment) pursuant to a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission ("FERC") on January 24, 2005 in docket number CP04-60-000 (the "FERC Certificate), including the right to all subsurface lateral support on other adjoining lands which are necessary to maintain the pipeline, access thereto on, over, under and/or through the property, along with a temporary construction easement until all work, including restoration and revegetation, is complete, as shown on a plan attached hereto entitled Proposed 8" Tewksbury/Andover Lateral, Richard D. Bramante  Property, Middlesex County, Massachusetts, TB-K12-270B-600-61,which property is owned by Richard D. Bramante by virtue of a deed dated March 31, 1971 recorded with the is Middlesex North District Registry of Deeds ("Registry") in Book 1954, Page 54, said permanent and perpetual right-of-way and easement shall run with the land and shall be binding upon, inure to the benefit of, and be enforceable by Tennessee and its successors and assigns without regard to non-use or limited use of the rights granted in this document unless said rights are abandoned by Tennessee through the use of a written statement indicating Tennessee's clear intention to abandon certain rights and only such rights clearly indicated as being abandoned in such written statement shall be abandoned, with all other rights granted herein reserved to Tennessee, its successors and assigns;

4.     No trees, including trees considered as a growing crop, may be planted on the permanent right-of-way and easement.  No excavation, change of grade, nor water impoundment

and no structure shall be allowed, erected or placed on the permanent right-of-way and easement granted herein without the prior written consent of Tennessee.

5.      Tennessee may record a certified copy of this Order and the plan referred to above with the applicable Registry of Deeds and/or Registry District of the Land Court;

6.      Tennessee's title to the permanent and perpetual right-of-way and easement described above shall vest fully and immediately upon entry of this Order, and shall not be subject to any restrictions, limitations or conditions, including, without limitation, the property rights of the following:  (a) Washington Mutual Bank, FA, of 2210 Enterprise Drive, MSKSCE 440, Florence, SC  29501-1109 as assignee by instrument dated June 22, 2004 recorded in the Registry in Book 17508, Page 166 of a mortgage dated June 22, 2004 recorded in the Registry in Book 17508, Page 149; (b) New England Power Company, as assignee by instrument dated October 28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry at Book 800, Page 594;  and (c) Massachusetts Electric Company, easement holder by two instruments dated March 16, 1970 recorded in the Registry in Book 1919, Page 567 and dated May 20, 1970 recorded in the Registry in Book 1924, Page 266.

SO ORDERED THIS ____ DAY OF MAY, 2005.


_____
Morris E. Lasker
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY, | |
| Plaintiff, | |
| vs. | |
| HOLLY C. SUGHRUE and RICHARD J. SUGHRUE III and APPROXIMATELY 0.33 ACRES of PERMANENT EASEMENT and 0.04 ACRES of TEMPORARY WORK SPACE | C.A. 05-10284-MEL |
| Defendants and Potentially Interested Parties. | |

## ORDER ISSUING JUDGMENT OF TAKING BY EMINENT DOMAIN

Upon Plaintiff's Motions for Partial Summary Judgment and For Entry and Possession, with supporting legal memorandum and affidavits, and after a hearing and the opportunity to submit briefs, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      Plaintiff Tennessee Gas Pipeline Company's ("Tennessee") motions for partial summary judgment and for entry and possession are hereby GRANTED;

2.      Tennessee shall comply with all conditions imposed by the Federal Energy Regulatory Commission in the Order Issuing Certificate in Docket No. CP04-60-000 dated January 24, 2005, and related permits;

3.      Pursuant to § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), judgment of taking by eminent domain is hereby granted to Tennessee, its successors and assigns, for the permanent and perpetual right-of-way and easement for the purpose of constructing, maintaining (including but not limited to the right from time to time to cut and remove all trees, including trees considered as a growing crop, all undergrowth and any other obstructions or structures that may injure, endanger or interfere with the construction and use of said pipeline and fittings and appliances appurtenant to any of said lines), operating, testing, replacing, repairing, abandoning

and/or removing an 8-inch natural gas pipeline and all related equipment and appurtenances thereto (including but not limited to meters, fittings, tie-overs, valves, and cathodic protection equipment) pursuant to a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission ("FERC") on January 24, 2005 in docket number CP04-60-000 (the "FERC Certificate), including the right to all subsurface lateral support on other adjoining lands which are necessary to maintain the pipeline, access thereto on, over, under and/or through the property, along with a temporary construction easement until all work, including restoration and revegetation, is complete, as shown on a plan attached hereto entitled Proposed 8" Tewksbury/Andover Lateral, Holly C. & Richard J. Sughrue Property, Middlesex County, Massachusetts, TB-K12-270B-600-67 & 68,which property is owned by Holly C. Sughrue and Richard J. Sughrue III by virtue of a deed dated June 25, 1997 recorded with the is Middlesex North District Registry of Deeds ("Registry") in Book 8633, Page 147, said permanent and perpetual right-of-way and easement shall run with the land and shall be binding upon, inure to the benefit of, and be enforceable by Tennessee and its successors and assigns without regard to non-use or limited use of the rights granted in this document unless said rights are abandoned by Tennessee through the use of a written statement indicating Tennessee's clear intention to abandon certain rights and only such rights clearly indicated as being abandoned in such written statement shall be abandoned, with all other rights granted herein reserved to Tennessee, its successors and assigns;

4.     No trees, including trees considered as a growing crop, may be planted on the permanent right-of-way and easement.  No excavation, change of grade, nor water impoundment and no structure shall be allowed, erected or placed on the permanent right-of-way and easement granted herein without the prior written consent of Tennessee.

5.      Tennessee may record a certified copy of this Order and the plan referred to above with the applicable Registry of Deeds and/or Registry District of the Land Court;

6.      Tennessee's title to the permanent and perpetual right-of-way and easement described above shall vest fully and immediately upon entry of this Order, and shall not be subject to any restrictions, limitations or conditions.

SO ORDERED THIS ____ DAY OF MAY, 2005.


_____
Morris E. Lasker
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY,<br><br>                   Plaintiff,<br><br>    vs.<br><br>JUDITH WIEN and PAUL WOODS, trustees of<br>JW SOUTH STREET REALTY TRUST and<br>APPROXIMATELY 0.38 ACRES of PERMANENT<br>EASEMENT; and potentially interested parties,<br>HINGHAM INSTITUTION FOR SAVINGS, and<br>FRANKLIN S. RILEY JR. and DIANNE E.<br>RILEY-KLAVINS<br>              Defendants and Potentially<br>              Interested Parties. | C.A. 05-10284-MEL |

## ORDER ISSUING JUDGMENT OF TAKING BY EMINENT DOMAIN

Upon Plaintiff's Motions for Partial Summary Judgment and For Entry and Possession, with supporting legal memorandum and affidavits, and after a hearing and the opportunity to submit briefs, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     Plaintiff Tennessee Gas Pipeline Company's ("Tennessee") motions for partial summary judgment and for entry and possession are hereby GRANTED;

2.     Tennessee shall comply with all conditions imposed by the Federal Energy Regulatory Commission in the Order Issuing Certificate in Docket No. CP04-60-000 dated January 24, 2005, and related permits;

3.     Pursuant to § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), judgment of taking by eminent domain is hereby granted to Tennessee, its successors and assigns, for the permanent and perpetual right-of-way and easement for the purpose of constructing, maintaining (including but not limited to the right from time to time to cut and remove all trees, including trees considered as a growing crop, all undergrowth and any other obstructions or structures that may injure, endanger or interfere with the construction and use of said pipeline and fittings and

# 2812285_v1

appliances appurtenant to any of said lines), operating, testing, replacing, repairing, abandoning and/or removing an 8-inch natural gas pipeline and all related equipment and appurtenances thereto (including but not limited to meters, fittings, tie-overs, valves, and cathodic protection equipment) pursuant to a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission ("FERC") on January 24, 2005 in docket number CP04-60-000 (the "FERC Certificate), including the right to all subsurface lateral support on other adjoining lands which are necessary to maintain the pipeline, access thereto on, over, under and/or through the property, along with a temporary construction easement until all work, including restoration and revegetation, is complete, as shown on a plan attached hereto entitled Proposed 8" Tewksbury/Andover Lateral, JW South Street RT Property, Essex County, Massachusetts, TB-K12-270B-600-70 & 71,which property is owned by Judith Wien and Paul Woods, trustees of JW South Street Realty Trust u/d/t dated May 30, 2001 recorded in the Essex North District Registry of Deeds in Book 6179, Page 68 by virtue of a deed dated May 30, 2001 recorded with the Essex North District Registry of Deeds in Book 6179, Page 76, said permanent and perpetual right-of-way and easement shall run with the land and shall be binding upon, inure to the benefit of, and be enforceable by Tennessee and its successors and assigns without regard to non-use or limited use of the rights granted in this document unless said rights are abandoned by Tennessee through the use of a written statement indicating Tennessee's clear intention to abandon certain rights and only such rights clearly indicated as being abandoned in such written statement shall be abandoned, with all other rights granted herein reserved to Tennessee, its successors and assigns;

4.     No trees, including trees considered as a growing crop, may be planted on the permanent right-of-way and easement. No excavation, change of grade, nor water impoundment

and no structure shall be allowed, erected or placed on the permanent right-of-way and easement granted herein without the prior written consent of Tennessee.

     5.     Tennessee may record a certified copy of this Order and the plan referred to above with the applicable Registry of Deeds and/or Registry District of the Land Court;

     6.     Tennessee's title to the permanent and perpetual right-of-way and easement described above shall vest fully and immediately upon entry of this Order, and shall not be subject to any restrictions, limitations or conditions, including, without limitation, the property rights of the following:  (a) Hingham Institution for Savings of 55 Main Street, Hingham, MA , mortgagee under instrument dated May 30, 2001 recorded in the Essex North Registry of Deeds at Book 6179, Page 92; and (b) Franklin S. Riley Jr. and Dianne E. Riley-Klavins (aka Diane E. Riley-Klavins) of 38 Green Street, Wakefield, MA 01880, mortgagees under an instrument dated May 30, 2001 recorded in the Essex North Registry of Deeds  at Book 6179, Page 97, extended by instrument dated May 14, 2003 recorded in the Essex North Registry of Deeds  at Book 8097, Page 354.

     SO ORDERED THIS ____ DAY OF MAY, 2005.


                                           _____
                                           Morris E. Lasker
                                           United States District Judge