**E N D O R S E M E N T**

TENNESSEE GAS PIPELINE COMPANY v. NEW ENGLAND POWER COMPANY et al.
05-CV-10284-MEL

LASKER, D.J.

      Tennessee Gas Pipeline Company ("Tennessee Gas") moves for partial summary judgment and for entry and possession of easements across properties owned by the defendants, under the power of eminent domain authorized by Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h).

      Tennessee Gas is a natural gas transmission company within the meaning of Section 2(a) of the Natural Gas Act, qualified to construct, own, operate, and maintain pipelines for the transmission of natural gas in interstate commerce under the jurisdiction of the Federal Energy Regulatory Commission ("FERC"). (Verified Amended Complaint, ¶¶ 4-5.) Tennessee Gas applied for and received a Certificate of Public Convenience and Necessity issued by FERC on January 24, 2005 ("FERC certificate"), which authorizes and obligates Tennessee Gas to construct and operate the Tewksbury-Andover Lateral Project. (Verified Amended Complaint, ¶ 9, Exhibit A.) This project consists of approximately 5.31 miles of 8-inch diameter high-pressure natural gas pipeline and appurtenant facilities which will provide a new source of natural gas for the Wyeth-Genetic facility in Andover, Massachusetts.

      Under Section 7(h) of the Natural Gas Act, Tennessee Gas is authorized to take by eminent domain easements necessary to complete FERC-certified projects such as the Tewksbury-Andover Lateral Project:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way...it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.

15 U.S.C. § 717f(h).  There is no dispute that these requirements are satisfied in the instant case.  Tennessee Gas has a valid and binding FERC certificate which approves the route for construction and finds that route to be required by public convenience and necessity.  The issuance of the FERC certificate and the findings of FERC expressed therein cannot be challenged collaterally in this action.  See Kansas Pipeline Co. v. A 200 Foot by 250 Foot Piece of Land Located in Section 6, Southwest Quarter, Township 32 South, Range 10 West, County of Barber, State of Kansas, 210 F.Supp.2d 1253, 1255-56 (D. Kan. 2002); Guardian Pipeline, LLC v. 529.42 Acres of Land, 210 F.Supp.2d 971, 974 (N.D. Ill. 2002).

     The defendants request that certain conditions of construction be imposed on Tennessee Gas in the event that entry and possession is granted.  However, as this Court has previously recognized:

> The District Couurt's sole charge and authority is to evaluate the scope of the FERC certificate, and order condemnation of property in accordance with that scope....This Court has simply no power to impose conditions concerning safety or potential for interference with the others' property rights on a pipeline company's exercise of the authority granted by FERC.

Tennessee Gas Pipeline Co. v. Massachusetts Bay Transportation Authority, 2 F.Supp.2d 106, 110 (1998).  Moreover, the terms of the FERC certificate offer substantial protections which address the defendants' concerns.  Twelve conditions contained in the FERC certificate include requirements that Tennessee Gas: (a) follow specified construction procedures and mitigation measures, including those contained in the "Environmental Assessment"; (b) develop and implement an environmental complaint procedure; (c) post signs and erect fencing in the work area before construction begins; (d) limit work hours to 7am to 7pm, Monday through Saturday; (e) remove debris and limit blasting as outlined in the standardized "Upland Erosion Control, Revegetation, and Maintenance Plan"; and (f) satisfactorily begin rehabilitatating and restoring the right of way prior to commencement of pipeline service.  (Verified Amended Complaint, Exhibit A.)

     Defendant J.W. South Street Realty Trust is understandably concerned that the FERC-certified route for the pipeline bisects its property and may limit or destroy its ability to develop and use that land as envisioned.  However, as noted above, this Court's role is one of mere enforcement and the

Court cannot alter the FERC-approved route. Any damages caused by the pipeline's bisection of the J.W. South Street property must be addressed through monetary compensation at the liability phase.

Accordingly, Tennessee Gas' motion for partial summary judgment and for entry and possession is GRANTED.

It is so ordered.


Dated:   May 27, 2005
         Boston, Massachusetts     /s/ Morris E. Lasker
                                        U.S.D.J.