## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

TENNESSEE GAS PIPELINE COMPANY,

Plaintiff,

vs.

HOLLY C. SUGHRUE and RICHARD J.
SUGHRUE III and APPROXIMATELY 0.33
ACRES of PERMANENT EASEMENT and 0.04
ACRES of TEMPORARY WORK SPACE
Defendants and Potentially
Interested Parties.

C.A. 05-10284-MEL

## ORDER ISSUING JUDGMENT OF TAKING BY EMINENT DOMAIN

Upon Plaintiff's Motions for Partial Summary Judgment and For Entry and Possession,

with supporting legal memorandum and affidavits, and after a hearing and the opportunity to

submit briefs, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Plaintiff Tennessee Gas Pipeline Company's ("Tennessee") motions for partial

summary judgment and for entry and possession are hereby GRANTED;

2. Tennessee shall comply with all conditions imposed by the Federal Energy

Regulatory Commission in the Order Issuing Certificate in Docket No. CP04-60-000 dated

January 24, 2005, and related permits;

3. Pursuant to § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), judgment of

taking by eminent domain is hereby granted to Tennessee, its successors and assigns, for the

permanent and perpetual right-of-way and easement for the purpose of constructing, maintaining

(including but not limited to the right from time to time to cut and remove all trees, including

trees considered as a growing crop, all undergrowth and any other obstructions or structures that

may injure, endanger or interfere with the construction and use of said pipeline and fittings and

appliances appurtenant to any of said lines), operating, testing, replacing, repairing, abandoning

# 2812250_v1

and/or removing an 8-inch natural gas pipeline and all related equipment and appurtenances thereto (including but not limited to meters, fittings, tie-overs, valves, and cathodic protection equipment) pursuant to a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission ("FERC") on January 24, 2005 in docket number CP04-60-000 (the "FERC Certificate), including the right to all subsurface lateral support on other adjoining lands which are necessary to maintain the pipeline, access thereto on, over, under and/or through the property, along with a temporary construction easement until all work, including restoration and revegetation, is complete, as shown on a plan attached hereto entitled Proposed 8" Tewksbury/Andover Lateral, Holly C. & Richard J. Sughrue  Property, Middlesex County, Massachusetts, TB-K12-270B-600-67 & 68,which property is owned by Holly C. Sughrue and Richard J. Sughrue III by virtue of a deed dated June 25, 1997 recorded with the is Middlesex North District Registry of Deeds ("Registry") in Book 8633, Page 147, said permanent and perpetual right-of-way and easement shall run with the land and shall be binding upon, inure to the benefit of, and be enforceable by Tennessee and its successors and assigns without regard to non-use or limited use of the rights granted in this document unless said rights are abandoned by Tennessee through the use of a written statement indicating Tennessee's clear intention to abandon certain rights and only such rights clearly indicated as being abandoned in such written statement shall be abandoned, with all other rights granted herein reserved to Tennessee, its successors and assigns;

4.    No trees, including trees considered as a growing crop, may be planted on the permanent right-of-way and easement. No excavation, change of grade, nor water impoundment and no structure shall be allowed, erected or placed on the permanent right-of-way and easement granted herein without the prior written consent of Tennessee.

# 2812250_v1                                                       2

5.      Tennessee may record a certified copy of this Order and the plan referred to above with the applicable Registry of Deeds and/or Registry District of the Land Court;

6.      Tennessee's title to the permanent and perpetual right-of-way and easement described above shall vest fully and immediately upon entry of this Order, and shall not be subject to any restrictions, limitations or conditions.

SO ORDERED THIS ___ DAY OF MAY, 2005.

Morris E. Lasker
United States District Judge

# 2812250_v1                                    3