UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY,<br><br>                    Plaintiff,<br>vs.<br><br>RICHARD D. BRAMANTE and APPROXIMATELY 0.02 ACRES of PERMANENT EASEMENT, 0.03 ACRES of TEMPORARY WORK SPACE and 0.07 ACRES of ADDITIONAL TEMPORARY WORK SPACE; and potentially interested parties, WASHINGTON MUTUAL BANK, FA, NEW ENGLAND POWER COMPANY, and MASSACHUSETTS ELECTRIC COMPANY<br><br>        Defendants and Potentially<br>        Interested Parties. | C.A. 05-10284-MEL |

## ORDER ISSUING JUDGMENT OF TAKING BY EMINENT DOMAIN

Upon Plaintiff's Motions for Partial Summary Judgment and For Entry and Possession, with supporting legal memorandum and affidavits, and after a hearing and the opportunity to submit briefs, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     Plaintiff Tennessee Gas Pipeline Company's ("Tennessee") motions for partial summary judgment and for entry and possession are hereby GRANTED;

2.     Tennessee shall comply with all conditions imposed by the Federal Energy Regulatory Commission in the Order Issuing Certificate in Docket No. CP04-60-000 dated January 24, 2005, and related permits;

3.     Pursuant to § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), judgment of taking by eminent domain is hereby granted to Tennessee, its successors and assigns, for the permanent and perpetual right-of-way and easement for the purpose of constructing, maintaining (including but not limited to the right from time to time to cut and remove all trees, including trees considered as a growing crop, all undergrowth and any other obstructions or structures that

# 2812112_v1

may injure, endanger or interfere with the construction and use of said pipeline and fittings and appliances appurtenant to any of said lines), operating, testing, replacing, repairing, abandoning and/or removing an 8-inch natural gas pipeline and all related equipment and appurtenances thereto (including but not limited to meters, fittings, tie-overs, valves, and cathodic protection equipment) pursuant to a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission ("FERC") on January 24, 2005 in docket number CP04-60-000 (the "FERC Certificate), including the right to all subsurface lateral support on other adjoining lands which are necessary to maintain the pipeline, access thereto on, over, under and/or through the property, along with a temporary construction easement until all work, including restoration and revegetation, is complete, as shown on a plan attached hereto entitled Proposed 8" Tewksbury/Andover Lateral, Richard D. Bramante Property, Middlesex County, Massachusetts, TB-K12-270B-600-61,which property is owned by Richard D. Bramante by virtue of a deed dated March 31, 1971 recorded with the is Middlesex North District Registry of Deeds ("Registry") in Book 1954, Page 54, said permanent and perpetual right-of-way and easement shall run with the land and shall be binding upon, inure to the benefit of, and be enforceable by Tennessee and its successors and assigns without regard to non-use or limited use of the rights granted in this document unless said rights are abandoned by Tennessee through the use of a written statement indicating Tennessee's clear intention to abandon certain rights and only such rights clearly indicated as being abandoned in such written statement shall be abandoned, with all other rights granted herein reserved to Tennessee, its successors and assigns;

    4.    No trees, including trees considered as a growing crop, may be planted on the permanent right-of-way and easement. No excavation, change of grade, nor water impoundment

and no structure shall be allowed, erected or placed on the permanent right-of-way and easement granted herein without the prior written consent of Tennessee.

5. Tennessee may record a certified copy of this Order and the plan referred to above with the applicable Registry of Deeds and/or Registry District of the Land Court;

6. Tennessee's title to the permanent and perpetual right-of-way and easement described above shall vest fully and immediately upon entry of this Order, and shall not be subject to any restrictions, limitations or conditions, including, without limitation, the property rights of the following: (a) Washington Mutual Bank, FA, of 2210 Enterprise Drive, MSKSCE 440, Florence, SC 29501-1109 as assignee by instrument dated June 22, 2004 recorded in the Registry in Book 17508, Page 166 of a mortgage dated June 22, 2004 recorded in the Registry in Book 17508, Page 149; (b) New England Power Company, as assignee by instrument dated October 28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry at Book 800, Page 594; and (c) Massachusetts Electric Company, easement holder by two instruments dated March 16, 1970 recorded in the Registry in Book 1919, Page 567 and dated May 20, 1970 recorded in the Registry in Book 1924, Page 266.

SO ORDERED THIS __7__ DAY OF May, 2005.

_____
Morris E. Lasker
United States District Judge