UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY,<br><br>                              Plaintiff,<br>         vs.<br><br>JOHN J. McDEVITT, JR., KEVIN P. McDEVITT,<br>BRIAN G. McDEVITT, DENNIS C. McDEVITT,<br>and MICHAEL W. McDEVITT and APPROXIMATELY<br>0.17 ACRES of PERMANENT EASEMENT;<br>and potentially interested parties, FLEET NATIONAL<br>BANK, NEW ENGLAND POWER COMPANY, NEW ENGLAND<br>TELEPHONE and TELEGRAPH<br>COMPANY, and MASSACHUSETTS ELECTRIC<br>COMPANY<br>         Defendants and Potentially<br>               Interested Parties. | C.A. 05-10284-MEL |

## ORDER ISSUING JUDGMENT OF TAKING BY EMINENT DOMAIN

Upon Plaintiff's Motions for Partial Summary Judgment and For Entry and Possession, with supporting legal memorandum and affidavits, and after a hearing and the opportunity to submit briefs, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    Plaintiff Tennessee Gas Pipeline Company's ("Tennessee") motions for partial summary judgment and for entry and possession are hereby GRANTED;

2.    Tennessee shall comply with all conditions imposed by the Federal Energy Regulatory Commission in the Order Issuing Certificate in Docket No. CP04-60-000 dated January 24, 2005, and related permits;

3.    Pursuant to § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), judgment of taking by eminent domain is hereby granted to Tennessee, its successors and assigns, for the permanent and perpetual right-of-way and easement for the purpose of constructing, maintaining (including but not limited to the right from time to time to cut and remove all trees, including trees considered as a growing crop, all undergrowth and any other obstructions or structures that

# 2812003_v1

may injure, endanger or interfere with the construction and use of said pipeline and fittings and appliances appurtenant to any of said lines), operating, testing, replacing, repairing, abandoning and/or removing an 8-inch natural gas pipeline and all related equipment and appurtenances thereto (including but not limited to meters, fittings, tie-overs, valves, and cathodic protection equipment) pursuant to a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission ("FERC") on January 24, 2005 in docket number CP04-60-000 (the "FERC Certificate), including the right to all subsurface lateral support on other adjoining lands which are necessary to maintain the pipeline, access thereto on, over, under and/or through the property, along with a temporary construction easement until all work, including restoration and revegetation, is complete, as shown on a plan attached hereto entitled Proposed 8" Tewksbury/Andover Lateral, John J. McDevitt Jr., et al Property, Middlesex County, Massachusetts, TB-K12-270B-600-40, which property is owned by John J. McDevitt, Jr., Kevin P. McDevitt, Brian G. McDevitt, Dennis C. McDevitt, and Michael W. McDevitt by virtue of two deeds dated December 6, 1993 recorded with the Middlesex North District Registry of Deeds ("Registry") in Book 6874, Page 54 and dated June 26, 1997 recorded with the Registry in Book 8641, Page 80, said permanent and perpetual right-of-way and easement shall run with the land and shall be binding upon, inure to the benefit of, and be enforceable by Tennessee and its successors and assigns without regard to non-use or limited use of the rights granted in this document unless said rights are abandoned by Tennessee through the use of a written statement indicating Tennessee's clear intention to abandon certain rights and only such rights clearly indicated as being abandoned in such written statement shall be abandoned, with all other rights granted herein reserved to Tennessee, its successors and assigns;

4. No trees, including trees considered as a growing crop, may be planted on the permanent right-of-way and easement. No excavation, change of grade, nor water impoundment and no structure shall be allowed, erected or placed on the permanent right-of-way and easement granted herein without the prior written consent of Tennessee.

5. Tennessee may record a certified copy of this Order and the plan referred to above with the applicable Registry of Deeds and/or Registry District of the Land Court;

6. Tennessee's title to the permanent and perpetual right-of-way and easement described above shall vest fully and immediately upon entry of this Order, and shall not be subject to any restrictions, limitations or conditions, including, without limitation, the property rights of the following: (a) Bank of America f/k/a Fleet National Bank of 1155 Elm Street, Manchester, NH 03101, mortgagee under an instrument recorded in the Registry in Book 6874, Page 57, as amended by instrument dated October 2, 2003 recorded in the Registry in Book 16428, Page 177; (b) New England Power Company, as assignee by instrument dated October 28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry at Book 805, Page 427; (c) New England Power Company, easement holder by instrument dated July 14, 1958 recorded in the Registry in Book 1407, Page; and (d) New England Telephone and Telegraph Company and Massachusetts Electric Company, easement holders by instrument dated August 3, 1989 recorded in the Registry in Book 4986, Page 299.

SO ORDERED THIS __7__ DAY OF MAY, 2005.

_____
Morris E. Lasker
United States District Judge