

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ELIZABETH A. KELLY and APPROXIMATELY 0.08 ACRES of PERMANENT EASEMENT, 0.08 ACRES of TEMPORARY WORK SPACE; and 0.07 ACRES OF ADDITIONAL TEMPORARY WORKSPACE; and potentially interested parties, MORTGAGE MASTER, INC., BANKNORTH N.A., NEW ENGLAND POWER COMPANY, NEW ENGLAND TELEPHONE and TELEGRAPH COMPANY, MASSACHUSETTS ELECTRIC COMPANY, and the TOWN OF TEWKSBURY<br><br>　　　　Defendants and Potentially<br>　　　　　　Interested Parties. | C.A. 05-10284-MEL |

## ORDER ISSUING JUDGMENT OF TAKING BY EMINENT DOMAIN

Upon Plaintiff's Motions for Partial Summary Judgment and For Entry and Possession, with supporting legal memorandum and affidavits, and after a hearing and the opportunity to submit briefs, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.　　Plaintiff Tennessee Gas Pipeline Company's ("Tennessee") motions for partial summary judgment and for entry and possession are hereby GRANTED;

2.　　Tennessee shall comply with all conditions imposed by the Federal Energy Regulatory Commission in the Order Issuing Certificate in Docket No. CP04-60-000 dated January 24, 2005, and related permits;

3.　　Pursuant to § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), judgment of taking by eminent domain is hereby granted to Tennessee, its successors and assigns, for the permanent and perpetual right-of-way and easement for the purpose of constructing, maintaining (including but not limited to the right from time to time to cut and remove all trees, including

# 2811869_v1

trees considered as a growing crop, all undergrowth and any other obstructions or structures that may injure, endanger or interfere with the construction and use of said pipeline and fittings and appliances appurtenant to any of said lines), operating, testing, replacing, repairing, abandoning and/or removing an 8-inch natural gas pipeline and all related equipment and appurtenances thereto (including but not limited to meters, fittings, tie-overs, valves, and cathodic protection equipment) pursuant to a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission ("FERC") on January 24, 2005 in docket number CP04-60-000 (the "FERC Certificate), including the right to all subsurface lateral support on other adjoining lands which are necessary to maintain the pipeline, access thereto on, over, under and/or through the property, along with a temporary construction easement until all work, including restoration and revegetation, is complete, as shown on a plan attached hereto entitled Proposed 8" Tewksbury/Andover Lateral, Elizabeth A. Kelly Property, Middlesex County, Massachusetts, TB-K12-270B-600-25, which property is owned by Elizabeth A. Kelly by virtue of a deed dated July 5, 1988 recorded with the Middlesex North District Registry of Deeds ("Registry") in Book 4657, Page 80, said permanent and perpetual right-of-way and easement shall run with the land and shall be binding upon, inure to the benefit of, and be enforceable by Tennessee and its successors and assigns without regard to non-use or limited use of the rights granted in this document unless said rights are abandoned by Tennessee through the use of a written statement indicating Tennessee's clear intention to abandon certain rights and only such rights clearly indicated as being abandoned in such written statement shall be abandoned, with all other rights granted herein reserved to Tennessee, its successors and assigns;

4. No trees, including trees considered as a growing crop, may be planted on the permanent right-of-way and easement. No excavation, change of grade, nor water impoundment

and no structure shall be allowed, erected or placed on the permanent right-of-way and easement granted herein without the prior written consent of Tennessee.

5. Tennessee may record a certified copy of this Order and the plan referred to above with the applicable Registry of Deeds and/or Registry District of the Land Court;

6. Tennessee's title to the permanent and perpetual right-of-way and easement described above shall vest fully and immediately upon entry of this Order, and shall not be subject to any restrictions, limitations or conditions, including, without limitation, the property rights of the following: (a) Mortgage Master, Inc. of 100 Elm Street, Walpole, MA 02081, mortgagee under instrument dated August 24, 2003 recorded in the registry in Book 16074, Page 102; (b) Banknorth, N.A., of 995 Main Street, Tewksbury, MA 01876, home equity mortgagee by instrument dated February 27, 2003 recorded in the Registry in Book 14804, Page 130; (c) New England Power Company, as assignee by instrument dated October 28, 1936 recorded in the Registry in Book 891, Page 16, of an easement recorded in the Registry at Book 801, Page 284; (d) New England Telephone and Telegraph Company and Massachusetts Electric Company, easement holders by instrument dated June 4, 1982 recorded in the Registry in Book 2539, Page 366; (e) New England Telephone and Telegraph Company and Massachusetts Electric Company, easement holders by instrument dated June 22, 1977 recorded in the Registry in Book 2252, Page 249; and (f) The Town of Tewksbury, by instrument dated July 23, 1976 recorded in the Registry in Book 2204, Page 399.

SO ORDERED THIS _7_ DAY OF June, 2005.

_____
Morris E. Lasker
United States District Judge