

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| TENNESSEE GAS PIPELINE COMPANY, | |
|---|---|
| Plaintiff, | |
| vs. | |
| NEW ENGLAND POWER COMPANY and APPROXIMATELY 3.45 ACRES of PERMANENT EASEMENT, 2.79 ACRES of TEMPORARY WORK SPACE, and 0.32 ACRES of ADDITIONAL TEMPORARY WORK SPACE; and potentially interested parties, COLONIAL BEACON OIL COMPANY, and NEW ENGLAND POWER COMPANY successor to New England Power Engineering & Service Corporation; | C.A. 05-10284-MEL |
| Defendants and Potentially Interested Parties. | |

## ORDER ISSUING JUDGMENT OF TAKING BY EMINENT DOMAIN

Upon Plaintiff's Motions for Partial Summary Judgment and For Entry and Possession,

with supporting legal memorandum and affidavits, and after a hearing and the opportunity to

submit briefs, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Plaintiff Tennessee Gas Pipeline Company's ("Tennessee") motions for partial

summary judgment and for entry and possession are hereby GRANTED;

2. Tennessee shall comply with all conditions imposed by the Federal Energy

Regulatory Commission in the Order Issuing Certificate in Docket No. CP04-60-000 dated

January 24, 2005, and related permits;

3. Pursuant to § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), judgment of

taking by eminent domain is hereby granted to Tennessee, its successors and assigns, for the

permanent and perpetual rights-of-way and easements for the purpose of constructing,

maintaining (including but not limited to the right from time to time to cut and remove all trees,

# 2804849_v2

including trees considered as a growing crop, all undergrowth and any other obstructions or

structures that may injure, endanger or interfere with the construction and use of said pipeline

and fittings and appliances appurtenant to any of said lines), operating, testing, replacing,

repairing, abandoning and/or removing an 8-inch natural gas pipeline and all related equipment

and appurtenances thereto (including but not limited to meters, fittings, tie-overs, valves, and

cathodic protection equipment) pursuant to a Certificate of Public Convenience and Necessity

issued by the Federal Energy Regulatory Commission ("FERC") on January 24, 2005 in docket

number CP04-60-000 (the "FERC Certificate), including the right to all subsurface lateral

support on other adjoining lands which are necessary to maintain the pipeline, access thereto on,

over, under and/or through the property, along with a temporary construction easement until all

work, including restoration and revegetation, is complete, as shown on plans attached hereto

entitled (i) Proposed 8" Tewksbury/Andover Lateral, New England Power Company Property,

Middlesex County, Massachusetts, TB-K12-270B-600-2, (ii) Proposed 8" Tewksbury/Andover

Lateral, New England Power Company Property, Middlesex County, Massachusetts, TB-K12-

270B-600-3, (iii) Proposed 8" Tewksbury/Andover Lateral, New England Power Company

Property, Middlesex County, Massachusetts, TB-K12-270B-600-26 & 28, (iv) Proposed 8"

Tewksbury/Andover Lateral, New England Power Company Property, Middlesex County,

Massachusetts, TB-K12-270B-600-34 & 35, and (v) Proposed 8" Tewksbury/Andover Lateral,

New England Power Company Property, Middlesex County, Massachusetts, TB-K12-270B-600-

38 & 38.01, which property is owned by New England Power Company ("NEP") by virtue of the

following deeds:  (i) Deed from Odina Martel and Agnes Martel to NEP dated September 27,

1956, and recorded with the Middlesex North District Registry of Deeds ("Registry") in Book

1352, Page 515; and (ii) deed from New England Power Engineering & Service Corporation to

NEP dated October 28, 1936, and recorded with the Registry in Book 891, Page 18; and (iii) deed from New England Power Service Company to NEP dated October 28, 1936, and recorded with the Registry in Book 891, Page 15; and (iv) deed from New England Power Construction Company to NEP dated May 17, 1932, and recorded with the Registry in Book 814, Page 288; and (v) deed from Harry Schlesinger to NEP dated September 16, 1957, and recorded with the Registry in Book 1384, Page 538, said permanent and perpetual right-of-way and easement shall run with the land and shall be binding upon, inure to the benefit of, and be enforceable by Tennessee and its successors and assigns without regard to non-use or limited use of the rights granted in this document unless said rights are abandoned by Tennessee through the use of a written statement indicating Tennessee's clear intention to abandon certain rights and only such rights clearly indicated as being abandoned in such written statement shall be abandoned, with all other rights granted herein reserved to Tennessee, its successors and assigns;

4.    No trees, including trees considered as a growing crop, may be planted on the permanent right-of-way and easement.  No excavation, change of grade, nor water impoundment and no structure shall be allowed, erected or placed on the permanent right-of-way and easement granted herein without the prior written consent of Tennessee.

5.    Tennessee may record a certified copy of this Order and the plans referred to above with the applicable Registry of Deeds and/or Registry District of the Land Court;

6.    Tennessee's title to the permanent and perpetual right-of-way and easement described above shall vest fully and immediately upon entry of this Order, and shall not be subject to any restrictions, limitations or conditions, including, without limitation, the property rights of the following:  (a) NEP Order of Taking dated March 27, 1930 recorded in the Registry in Book 788, Page 174; (b) NEP easement dated April 28, 1930 recorded in the Registry in Book

789, Page 104; (c) NEP easement dated July 16, 1928 recorded in the Registry in Book 911,

Page 52; (d) NEP easement by virtue of an assignment dated October 28, 1936 recorded in the

Registry in Book 891, Page 16 of easements recorded in the Registry at Book 800, Page 302,

Book 799, Page 577, Book 800, Page 596, Book 800, Page 190, Book 801, Page 284, Book 801,

Page 249, Book 800, Page 192, Book 801, Page 248, Book 805, Page 427, Book 800, Page 593,

Book 800, Page 595, Book 800, Page 597, Book 800, Page 594, Book 802, Page 216, Book 800,

Page 598, Book 801, Page 284, Book 800, Page 189, Book 800, Page 193; (e) NEP easement by

virtue of an instrument dated May 5, 1937 recorded in Book 899, Page 228; (f) NEP easement by

virtue of an instrument dated November 25, 1974 recorded in Book 2134, Page 18; (g) NEP

easement by virtue of an instrument dated June 30, 1970 filed with the Registered Land Section

of the Registry as document no. 54737 and noted on Transfer Certificate of Title no. 22255 filed

in Book 114, Page 109; (h) Colonial Beacon Oil Company, easement holder by two instruments

dated March 17, 1947 recorded in the Registry in Book 1063, Page 163 and Book 1063, Page

177; (i) New England Power Company, as assignee of an easement granted to New England

Power Engineering & Service Corporation by instrument dated October 28, 1936 recorded in the

registry in Book 891, Page 16; (j) NEP easement by virtue of an instrument dated August 31,

1942 recorded in the Registry in Book 983, Page 86; (k) NEP easement by virtue of an

instrument dated August 14, 1958 recorded in the Registry in Book 1413, Page 205; (l) NEP

easement by virtue of an instrument dated July 14, 1958 recorded in the Registry in Book 1407,

Page 477; and (m) NEP easement by virtue of an instrument dated April 5, 1944 recorded in the

Registry in Book 1006, Page 78.

SO ORDERED THIS __1__ DAY OF MAY, 2005.

Morris E. Lasker
United States District Judge