UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY,<br><br>       Plaintiff,<br><br>vs.<br><br>MASSACHUSETTS ELECTRIC COMPANY and APPROXIMATELY 0.20 ACRES of PERMANENT EASEMENT and 0.10 ACRES of TEMPORARY WORK SPACE; and potentially interested party, NEW ENGLAND POWER COMPANY;<br><br>    Defendants and Potentially<br>    Interested Parties. | C.A. 05-10284-MEL |

### ORDER ISSUING JUDGMENT OF TAKING BY EMINENT DOMAIN

Upon Plaintiff's Motions for Partial Summary Judgment and For Entry and Possession, with supporting legal memorandum and affidavits, and after a hearing and the opportunity to submit briefs, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

  1.  Plaintiff Tennessee Gas Pipeline Company's ("Tennessee") motions for partial summary judgment and for entry and possession are hereby GRANTED;

  2.  Tennessee shall comply with all conditions imposed by the Federal Energy Regulatory Commission in the Order Issuing Certificate in Docket No. CP04-60-000 dated January 24, 2005, and related permits;

  3.  Pursuant to § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), judgment of taking by eminent domain is hereby granted to Tennessee, its successors and assigns, for the permanent and perpetual right-of-way and easement for the purpose of constructing, maintaining (including but not limited to the right from time to time to cut and remove all trees, including trees considered as a growing crop, all undergrowth and any other obstructions or structures that may injure, endanger or interfere with the construction and use of said pipeline and fittings and

# 2806803_v2

appliances appurtenant to any of said lines), operating, testing, replacing, repairing, abandoning and/or removing an 8-inch natural gas pipeline and all related equipment and appurtenances thereto (including but not limited to meters, fittings, tie-overs, valves, and cathodic protection equipment) pursuant to a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission ("FERC") on January 24, 2005 in docket number CP04-60-000 (the "FERC Certificate), including the right to all subsurface lateral support on other adjoining lands which are necessary to maintain the pipeline, access thereto on, over, under and/or through the property, along with a temporary construction easement until all work, including restoration and revegetation, is complete, as shown on a plan attached hereto entitled Proposed 8" Tewksbury/Andover Lateral, Massachusetts Electric Company Property, Middlesex County, Massachusetts, TB-K12-270B-600-30, which property is owned by Massachusetts Electric Company ("MEC") by virtue of the following: (a) deed from Edgar G. Paine to Lawrence Gas and Electric Company, predecessor in interest to MEC, dated August 31, 1942, and recorded with the Middlesex North District Registry of Deeds ("Registry") in Book 983, Page 87 and (b) Confirmatory Instrument dated September 5, 1962, and recorded with the Registry in Book 1571, Page 1, said permanent and perpetual right-of-way and easement shall run with the land and shall be binding upon, inure to the benefit of, and be enforceable by Tennessee and its successors and assigns without regard to non-use or limited use of the rights granted in this document unless said rights are abandoned by Tennessee through the use of a written statement indicating Tennessee's clear intention to abandon certain rights and only such rights clearly indicated as being abandoned in such written statement shall be abandoned, with all other rights granted herein reserved to Tennessee, its successors and assigns;

4. No trees, including trees considered as a growing crop, may be planted on the permanent right-of-way and easement. No excavation, change of grade, nor water impoundment and no structure shall be allowed, erected or placed on the permanent right-of-way and easement granted herein without the prior written consent of Tennessee.

5. Tennessee may record a certified copy of this Order and the plan referred to above with the applicable Registry of Deeds and/or Registry District of the Land Court;

6. Tennessee's title to the permanent and perpetual right-of-way and easement described above shall vest fully and immediately upon entry of this Order, and shall not be subject to any restrictions, limitations or conditions, including, without limitation, the property rights of the following: (a) MEC easement by virtue of an instrument dated November 27, 1991 recorded in the Registry in Book 5782, Page 333 and an instrument dated August 12, 1991 recorded in the Registry in Book 5636, Page 259; (b) MEC easement by virtue of an instrument dated November 6, 1985 recorded in the Registry at Book 3241, Page 185; (c) MEC easement by virtue of an instrument dated June 4, 1982 recorded in the Registry in Book 2539, Page 366; (d) MEC easement by virtue of an instrument dated June 22, 1977 recorded in Book 2252, Page 249; (e) MEC easement by virtue of an instrument dated February 25, 1994 recorded in the Registry in Book 6905, Page 123 and as successor-in-interest to Lawrence Gas and Electric Company by virtue of an instrument dated March 29, 1944 recorded in the Registry in Book 1004, Page 489; (f) MEC easement by virtue of an instrument dated June 4, 1993 recorded in the Registry in Book 6523, Page 295; (g) MEC easement by virtue of an instrument dated March 11, 1970 filed with the Registered Land Section of the Registry as document no. 54166 and/or document no. 54165; (h) MEC easement by virtue of an instrument dated May 20, 1970 filed with the Registered Land Section of the Registry as document no. 54654; (i) MEC easement by virtue of

an instrument dated March 16, 1970 recorded in the Registry in Book 1919, Page 567; (j) MEC easement by virtue of an instrument dated May 20, 1970 recorded in the Registry in Book 1924, Page 266; (k) New England Power Company, easement holder by instrument dated August 31, 1942 recorded in the Registry at Book 983, Page 86; and (l) MEC easement by virtue of an instrument dated August 3, 1989 recorded in the Registry in Book 4986, Page 299.

SO ORDERED THIS 7 DAY OF June, 2005.

_____
Morris E. Lasker
United States District Judge